Jeffrey L. Fazio (146043)
jlf@fazmiclaw.com
Dina E. Micheletti (184141)
dem@fazmiclaw.com
**FAZIO | MICHELETTI LLP**
2410 Camino Ramon, Suite 315
San Ramon, CA  94583
T:   925-543-2555
F:   925-369-0344

Kimberly A. Kralowec (163158)
kkralowec@kraloweclaw.com
Elizabeth I. Newman (257329)
enewman@kraloweclaw.com
**THE KRALOWEC LAW GROUP**
188 The Embarcadero, Suite 800
San Francisco, CA 94105
T:  415-546-6800
F:  415-546-6801

Earl L. Bohachek (55476)
**LAW OFFICES OF EARL L. BOHACHEK**
One Maritime Plaza
San Francisco, CA  94111
T:  415-434-8100
F:  415-781-1034

*Attorneys for Plaintiff, Charlene Gallion,
on behalf of herself and all others
similarly situated*

Rose F. Luzon (221544)
James C. Shah (260435)
**SHEPHERD, FINKELMAN,
  MILLER & SHAH, LLP**
401 West A Street
Suite 2350
San Diego, CA 92101
Telephone:  (619) 235-2416

Steven A. Schwartz (*pro hac vice*)
SAS@chimicles.com
Timothy N. Mathews (*pro hac vice*)
TNM@chimicles.com
**CHIMICLES & TIKELLIS LLP**
361 W. Lancaster Avenue
Haverford, PA  19041
Telephone:  (610) 642-8500

*Attorneys for Plaintiff Christopher Corsi
on behalf of himself and all others
similarly situated*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE GALLION, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> APPLE, INC., a California corporation, and DOES 1-100, inclusive, <br><br> Defendants. | No.  CV 10-01610-RS <br><br> **STIPULATED PROTECTIVE ORDER** |
| CHRISTOPHER CORSI, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> APPLE, INC. <br><br> Defendant. | No.  CV 10-03316-RS <br><br> **STIPULATED PROTECTIVE ORDER** |

1  The undersigned parties to this litigation hereby agree to the terms of this Stipulated
2  Protective Order (hereafter, "Protective Order"), as set forth below, and to submit it to the Court
3  for adoption as an Order upon full execution by counsel on behalf of their respective clients:

**I.  DEFINITIONS**

    **A.  Material Subject To This Protective Order**

        1.  This Stipulation and Protective Order ("Protective Order") shall govern all "Discovery Materials" produced or disclosed during this litigation by the parties to this action. The term "Discovery Materials" shall mean and include Documents, expert reports, briefs, memoranda, any other writings submitted to or otherwise supplied to the Court; and such other materials and information as may be produced or disclosed during the course of discovery in this litigation. The term "Document" has the broadest possible meaning permissible, and includes, without limitation, electronically stored information, and any compilations of data from which information can be obtained and/or translated through detection or recovery devices into a reasonably usable form, if necessary, by the responding party or person upon whom the request or subpoena is served. A draft or non-identical copy is a separate Document within the meaning of that term.

    **B.  Designating Party**

        2.  "Designating Party" means a party to this action or his, her, or its Representatives that designates Discovery Material as Confidential Information.

    **C.  Receiving Party**

        3.  "Receiving Party" means a party to this action or his, her or its Representatives that receives Discovery Material from a Designating Party.

    **D.  Confidential Information**

        4.  "Confidential Information" means information that a Designating Party reasonably believes in good faith would, but for the terms of this Protective Order, be entitled to protection from disclosure due to its confidential, sensitive, or proprietary commercial content under applicable law. "Confidential Information" does not include information that is publicly available at the time of its production, regardless of whether it was once confidential. A

1  Designating Party must take reasonable care to designate for protection only those parts of the
2  Discovery Materials that the party reasonably believes to qualify for protection so that other
3  portions of the Discovery Materials for which protection is not warranted are not unjustifiably
4  designated.

   **E.   Protected Material**

6      5.   "Protected Material" means any Document(s) or portion(s) thereof that is
7  designated as "Confidential Information" in accordance with Section II, below, to which an
8  objection (a) has not been made, (b) has been withdrawn, or (c) has been overruled by the Court.

   **F.   Counsel**

10     6.   "Counsel" means the counsel of record for the parties to this action, their
11 respective regularly-employed personnel, and those outside vendors (*e.g.*, persons who provide
12 copy or electronic-data imaging services, trial-preparation or trial-presentation services, jury
13 consultant services) whose services are employed for the purpose of this litigation.

   **G.   Independent Expert**

15     7.   "Independent Expert" means an expert and/or independent consultant
16 retained or employed to advise or assist Counsel in prosecuting or defending claims between the
17 parties, and who is not a past or a current employee of a Party or of a competitor of a Party and
18 who, at the time of retention, is not anticipated to become an employee of a Party or a competitor
19 of a Party.  Independent Expert includes a professional jury or trial consultant retained in
20 connection with this litigation.  Independent Expert, however, is not intended to and does not
21 include any attorneys who are not employed by Counsel.  A list of Apple's restricted competitors
22 is contained in Appendix B, an exhibit to be provided to Plaintiffs by Apple.  Rules concerning
23 Independent Experts are further stated below.

   **H.   Related Case**

25     8.   "Related Case" means any action, whether filed in state or federal court,
26 that is based on the same operative facts and similar legal theories as those that appear in the
27 complaints that are now on file in (a) *Gallion v. Apple, Inc.*, N.D. Cal. case no. CV10-01610.; (b)
28 *Pennington v. Apple, Inc.*, Santa Clara County Superior Court case no. 1-10-CV-162659; (c)

*Corsi v. Apple, Inc.*, U.S. Dist. Ct., N.D. Cal. case no. CV10-03316; and/or (d) *Calix v. Apple, Inc.*, U.S. Dist. Ct., M.D. La. case no. 10-cv-676.  "Related Case" also includes the *Gallion*, *Pennington*, *Corsi* and *Calix* actions themselves.

## II. DESIGNATION OF PROTECTED MATERIAL

### A. Designation of Confidential Information

9. Discovery Materials that a Designating Party deems to be Confidential Information must be designated on such by stamping the legend "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL" in a conspicuous location on each page of each Document that contains Confidential Information.

10. In the case of multi-page Documents, only those pages containing Confidential Information shall be marked CONFIDENTIAL.  Any page not so marked or identified shall not be subject to the terms of this Protective Order that apply to such material.

11. A party may, on the record of a deposition, or by written notice to opposing counsel not later than thirty (30) days after receipt of a deposition transcript, designate portions of deposition testimony or Documents marked as exhibits to that deposition as Confidential Information, based on a good-faith determination that the portions of testimony or Documents so designated contain Confidential Information.  To the extent reasonably possible, any portions so designated shall be transcribed separately and marked by the court reporter as "CONFIDENTIAL."

12. If a Receiving Party wishes to show non-Confidential portions of a Document or a transcript containing Confidential Information to a third party who is not otherwise entitled to see such information under the terms of this Protective Order, the Receiving Party shall first redact all pages marked as containing Confidential Information before disclosing the Document(s) in question to the third party.

13. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A designating party must take reasonable care to designate for protection only those parts of material, documents, items, or oral or written communications that

the party reasonably believes to qualify for protection – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the designating party to sanctions. If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

### B.   Challenges to Designations of Confidential Information

14.   If a Receiving Party disagrees with the designation of any Document or any portion of a Document as Confidential Information, the party shall provide Counsel for the Designating Party with written notice of that objection. If the designation of Confidential Information is made during a deposition, by providing Counsel with notice of the objection orally on the record or within thirty (30) days after receipt of the deposition transcript.

15.   The objection to the designation need not be any more specific than the designation itself; that is, if the Designating Party designates a Document or other material as Confidential Information without explaining the factual or legal basis for that designation, the Receiving Party's objection need not provide the factual or legal basis for the objection. Conversely, if the Designating Party provides a specific legal and/or factual basis for the designation of a particular Document or set of Documents as Confidential Information, the Receiving Party shall provide a specific legal and/or factual basis for the objection(s) as well.

16.   The burden of establishing that a Document or other material is entitled to protection as Confidential Information under applicable law shall remain with the Designating Party, and, until the Designating Party carries that burden, it shall not be incumbent upon the Receiving Party to establish the validity of its objection(s) to the designation as Confidential Information.

17. In the event the Receiving Party objects to the designation of a Document(s) or any portion(s) thereof as Confidential Information, the parties shall attempt to resolve the dispute in good faith on an expedited and informal basis. If those efforts do not result in the resolution of the dispute within ten (10) days of the objection, the Designating Party may move the Court for an order upholding its designations of Confidential Information. If the Designating Party does not file such a motion within ten (10) business days after the 10-day informal resolution period has expired, the Document(s) or portions of a Document(s) that are the subject of the dispute will not be entitled to treatment as Confidential Information. If the Designating Party files the motion within ten (10) business days after the 10-day informal resolution period has expired, the parties will continue to treat the challenged Document(s) as "Confidential" until the matter is resolved by the Court.

18. To maintain a designation of Confidential Information, the Designating Party bears the burden of proving that the designated information satisfies the definition of Confidential Information set forth above. Nothing in this Protective Order, or the fact that the parties have entered into this Protective Order, is intended to diminish the Designating Party's burden of proving that a Document contains Confidential Information. Similarly, nothing in this Protective Order, nor the fact that the parties have entered into it, is intended to diminish or in any way alter the showing that must be made under applicable law to establish that a Document(s) or any portion thereof that is designated as Confidential Information is actually entitled to the protection such materials are provided under the terms of this Protective Order and under applicable law.

19. A Receiving Party shall not be obligated to object to or otherwise challenge the propriety of the designation of a Document(s) or any portion thereof as Confidential Information at the time of production, and in no event shall not doing so preclude or in any way inhibit a subsequent objection or other challenge to the designation(s). Similarly, the absence of an objection or other challenge to the designation of a Document or any portion thereof as Confidential Information shall not be deemed or construed as a concession by the

Receiving Party that the material is entitled to protection from public distribution or disclosure under the terms of this Protective Order and/or applicable law.

### III.     ACCESS TO AND USE OF PROTECTED MATERIAL

   A.     <u>Access to Protected Material</u>

   20.     In the absence of written permission from the Designating Party, or an order of the Court, Protected Material shall not be disclosed to or discussed with any person other than:

   a.     Counsel;

   b.     The parties to this litigation;

   c.     Current officers, directors, and employees of the Defendant;

   d.     The Court, court personnel, court reporters, deposition officers, and videographers;

   e.     Any non-party who authored the Protected Material or is shown to have previously received the Protected Material;

   f.     Subject to paragraph 25, below, the parties in *Gallion v. Apple, Inc.*, N.D. Cal. case no. CV10-01610, *Pennington v. Apple, Inc.*, Santa Clara County Superior Court case no. 1-10-CV-162659, *Corsi v. Apple, Inc.*, U.S. Dist. Ct., N.D. Cal. case no. CV10-03316, *Calix v. Apple, Inc.*, U.S. Dist. Ct., M.D. La. case no. 10-cv-676, and any other Related Case;

   g.     Subject to paragraph 25, below, counsel for the plaintiffs in *Gallion v. Apple, Inc.*, N.D. Cal. case no. CV10-01610, *Pennington v. Apple, Inc.*, Santa Clara County Superior Court case no. 1-10-CV-162659, *Corsi v. Apple, Inc.*, U.S. Dist. Ct., N.D. Cal. case no. CV10-03316, *Calix v. Apple, Inc.*, U.S. Dist. Ct., M.D. La. case no. 10-cv-676, and any other Related Case;

   h.     The following additional persons, if they have read this Protective Order and agree in writing to be bound by its terms by executing an acknowledgment substantially in the form attached hereto as Appendix A:

          (i)      Independent Experts to whom it is reasonably necessary to disclose Protected Material for purposes of this litigation;

          (ii)     Persons retained to assist Counsel (e.g., contract attorneys); and

          (iii)    During their depositions, witnesses in the action to whom it is reasonably necessary to disclose Protected Material for purposes of this litigation.

21. The parties have agreed to table, for future negotiation and agreement, the question of whether Protected Material may be disclosed to former officers, directors, and employees of the Defendant.

22. Counsel disclosing Protected Material to persons pursuant to paragraph 20(g), above, must maintain the executed original of all such Certifications in their files until the conclusion of this action by final order, settlement, or appeal.

23. In no event shall this Protective Order be read or construed to require that the parties reveal the identities of their Independent Experts before such Independent Experts are required to be disclosed (if at all) under Federal Rule of Civil Procedure 26(a)(2).

**B.** **Use of "Confidential Information"**

24. All "Confidential Information" produced or exchanged in the course of this case shall be used by the Receiving Party solely for the purpose of this case.

25. "Confidential Information" produced or exchanged in the course of this case may also be used in all Related Cases, including but not limited to *Gallion v. Apple, Inc*., N.D. Cal. case no. CV10-01610, *Pennington v. Apple, Inc.*, Santa Clara County Superior Court case no. 1-10-CV-162659, *Corsi v. Apple, Inc.*, U.S. Dist. Ct., N.D. Cal. case no. CV10-03316, and *Calix v. Apple, Inc.*, U.S. Dist. Ct., M.D. La. case no. 10-cv-676, provided that the parties to those actions agree that "Confidential Information" produced or exchanged in the course of those actions may also be used in this action and disclosed to the parties and counsel in this action.

**C.** **Procedure for Disclosure of "Confidential Information" or Items to Independent Experts**

26. Before any "Confidential Information", or substance or summary thereof, shall be disclosed to an Independent Expert, the Independent Expert shall sign and abide by the terms of the "Declaration Regarding Compliance With Protective Order" attached as Appendix A, confirming that he or she is not presently employed by, or providing any form of consulting services to, any of the entities identified on Appendix B, and that he or she will not accept employment with, consult with, or provide services to, any of the entities identified on Appendix B during the pendency of these proceedings. An Independent Expert may make an application to the Court with advance notice and based upon a showing of good cause for modification of or relief from the obligations of the Declaration Regarding Compliance With Protective Order (Appendix A) prior to the review of any "Confidential Information." Nothing in this Stipulated Protective Order, however, shall be construed to require the disclosure of the identity of an Independent Expert before such disclosure is required by Federal Rule of Civil Procedure 26(a)(2).

**D.    Use By Producing Party of its Own Protected Material**

27. Nothing contained in this Protective Order shall affect the parties' right to disclose to anyone its own Protected Material. However, in the event a Designating Party treats its own Protected Material in a manner that is inconsistent with its status as such (*e.g.,* disclosing Protected Material to the public), the content of the Document(s) in question shall lose its status as Protected Material.

**E.    Filing Protected Material with the Court**

28. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal

pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

### F. Inadvertent Disclosure of Protected Material

29. If a party to this litigation, through inadvertence, fails to designate any Document as Confidential Information in accordance with the provisions of this Protective Order ("Incorrectly-Labeled Document"), the Designating Party may give written notice to the other parties that the Incorrectly-Labeled Document(s) should have been designated as Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. The parties to this litigation must treat Incorrectly-Labeled Document(s) as Confidential Information from the date such notice is received.

30. Within a reasonable time after receipt of written notice from the Designating Party as described in this paragraph, the Receiving Party shall make a good-faith effort to provide any third parties to whom the Incorrectly-Labeled Document(s) were disclosed with written notice that identifies the Incorrectly-Labeled Document(s); states that the Designating Party has asserted that they contain Confidential Information; and requests that the Incorrectly-Labeled Document(s) be returned and that they not be further distributed or disclosed to the public. This requirement shall not apply to third parties identified in paragraphs 20(a)-20(e), above.

31. In no event shall the Receiving Party be under any obligation to ensure that third parties comply with the Designating Party's request.

### G. Evidentiary Hearings and Trial

32. This Protective Order is not intended to govern the use of Protected Material at evidentiary hearings or at the trial of this action. Procedures governing the use of Protected Material at evidentiary hearings and at trial, if necessary, will be established by separate order.

**H.     Right to Further Relief**

33.     Nothing in this Protective Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Protective Order.

**IV.     APPICABILITY TO THIRD-PARTY PRODUCTION**

34.     Non-parties to this action shall be entitled to the protections afforded in this Protective Order if they sign a copy of it and serve the signed copy on all counsel of record. Thereafter, such non-party may designate Protected Material to be produced by it in the action as Confidential Information pursuant to the procedures set forth herein, and all provisions of this Protective Order shall apply.

**V.     AMENDMENT**

35.     This Protective Order may not be amended without agreement of Counsel for all parties in the form of a written stipulation filed with the Court or by an order of the Court after a duly noticed motion.

**VI.     RIGHT TO ASSERT OTHER OBJECTIONS**

36.     This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, over breadth, burdensomeness or other grounds for not producing requested Discovery Material.

**VII.     TERMINATION AND SURVIVAL OF OBLIGATIONS**

37.     No restriction imposed by this Protective Order may be terminated, except by a written stipulation executed by counsel of record for all parties, or by an order of this Court for good cause shown.   The termination of this action shall not terminate the obligations specified in this Protective Order.

Dated:  October 28, 2010                    **FAZIO | MICHELETTI LLP**


                                            by     */s/ Jeffrey L. Fazio*
                                                   Jeffrey L. Fazio

                                            Attorneys for Plaintiff, Charlene Gallion,
                                            on behalf of herself and the proposed class

| | | |
|---|---|---|
| 1 | Dated:  October 28, 2010 | **CHIMICLES & TIKELLIS LLP** |
| 2 | | |
| 3 | | by    */s/ Steven A. Schwartz* |
| | | Steven A. Schwartz |
| 4 | | |
| 5 | | Attorneys for Plaintiff, Christopher Corsi, on behalf of himself and the proposed class |
| 6 | Dated:  October 28, 2010 | **MORRISON | FOERSTER LLP** |
| 7 | | |
| 8 | | by    */s/ Andrew D. Muhlbach* |
| | | Andrew D. Muhlbach |
| 9 | | Attorneys for Defendant, Apple, Inc. |

### ATTESTATION OF FILER

I, Andrew D. Muhlbach, hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.   *See* N.D. Cal. Gen. Order No. 45, para. X(B).

Dated: October 28, 2010        By:    */s/ Andrew D. Muhlbach*
                                              Andrew D. Muhlbach
                                              MORRISON & FOERSTER LLP

**ORDER**

IT IS SO ORDERED.

Dated: _____

_____
Judge of the District Court

Appendix A

<u>DECLARATION REGARDING COMPLIANCE WITH PROTECTIVE ORDER</u>

I, _____, declare as follows:

1. I have read the Stipulated Protective Order ("Protective Order") filed in this litigation.

2. _____, an attorney with the firm of _____, explained to me the meaning and effect of this undertaking and of the Protective Order, and I agree to abide by and be bound by both.

3. I agree to treat all materials designated as "CONFIDENTIAL" and all copies, notes or other records containing or referring to such materials, and the substance or contents of such materials in accordance with the terms of the Protective Order.

4. I agree to be subject to the jurisdiction of the United States District Court for the Northern District of California, for purposes of enforcing the terms of this Protective Order.

5. By signing below, I hereby confirm that I am not presently employed by, or providing any form of consulting services to, any of the entities identified on Appendix B, an exhibit to be provided to Plaintiffs by Apple, and further agree that: (1) during the pendency of these proceedings I shall not accept employment with, consult with, or provide services to any of the entities listed on Appendix B; and (2) that I shall not at any time, either during the pendency of these proceedings or after conclusion of these proceedings, use or divulge any of the Confidential Information made available to me pursuant to the Order.

6. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____

Place Signed: _____

Signed: _____

Printed Name: _____