*E-Filed 8/19/11*

Jeffrey L. Fazio (146043)
jlf@fazmiclaw.com
Dina E. Micheletti (184141)
dem@fazmiclaw.com
**FAZIO | MICHELETTI LLP**
2410 Camino Ramon, Suite 315
San Ramon, CA 94583
T:  925-543-2555
F:  925-369-0344

Steven A. Schwartz (*pro hoc vice*)
SAS@chimicles.com
Timothy N. Mathews (*pro hoc vice*)
TNM@chimicles.com
**CHIMICLES & TIKELLIS LLP**
361 W. Lancaster Avenue
Haverford, PA 19041
Telephone:  (610) 642-8500

*Interim Co-Lead Class Counsel*

| | |
|---|---|
| IN RE APPLE IPHONE/IPOD WARRANTY LITIGATION<br><br>This Document Relates To: | **No. CV 10-01610-RS**<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING PRODUCTION BY NON-PARTY AT&T MOBILITY LLC** |

The undersigned parties to this litigation hereby agree to the terms of this Stipulated Protective Order Governing Production by Non-Party AT&T Mobility LLC ("ATTM") (hereafter, "Protective Order"), as set forth below, and to submit it to the Court for adoption as an Order upon full execution by counsel on behalf of their respective clients:

I.     **DEFINITIONS**

    A.     <u>**Material Subject To This Protective Order**</u>

        1.     This Protective Order shall govern all "Discovery Materials" produced or disclosed during this litigation by ATTM.  The term "Discovery Materials" shall mean and include Documents, expert reports, briefs, memoranda, any other writings submitted to or otherwise supplied to the Court; and such other materials and information

1  as may be produced or disclosed during the course of discovery in this litigation.  The

2  term "Document" has the broadest possible meaning permissible, and includes, without

3  limitation, electronically stored information, and any compilations of data from which

4  information can be obtained and/or translated through detection or recovery devices into

5  a reasonably usable form, if necessary, by the responding party or person upon whom the

6  request or subpoena is served.  A draft or non-identical copy is a separate Document

7  within the meaning of that term.

8  **B.**     **Party or Parties**

9          2.      "Party" or "Parties" means any party to this action or his, her, or its

10  Representatives.

11  **C.**     **Designating Party**

12          3.      "Designating Party" means ATTM, if it designates any Discovery

13  Material as Confidential Information or Highly Confidential—Attorneys' Eyes Only

14  Information.

15  **D.**     **Receiving Party**

16          4.      "Receiving Party" means a Party or his, her or its Representatives

17  that receives Discovery Material from the Designating Party.

18  **E.**     **Confidential Information**

19          5.      "Confidential Information" means information that the Designating

20  Party reasonably believes in good faith would, but for the terms of this Protective Order,

21  be entitled to protection from disclosure due to its confidential, sensitive, or proprietary

22  commercial content under applicable law.  "Confidential Information" does not include

23  information that is publicly available at the time of its production, regardless of whether

24  it was once confidential.  The Designating Party must take reasonable care to designate

25  for protection only those parts of the Discovery Materials that the party reasonably

believes to qualify for protection so that other portions of the Discovery Materials for which protection is not warranted are not unjustifiably designated.

**F.     Highly Confidential—Attorneys' Eyes Only Information**

6.     "Highly Confidential—Attorneys' Eyes Only Information" means Confidential Information as that term is defined herein that ATTM reasonably believes would, if disclosed to Apple's in-house counsel, officers, directors, or employees or to another competitor of ATTM, cause ATTM to suffer serious economic harm or competitive disadvantage vis-a-vis Apple or another competitor of ATTM, or would otherwise jeopardize its business interests in connection with its relationship with Apple or another competitor of ATTM.  "Highly Confidential—Attorneys' Eyes Only Information" does not include information that is publicly available at the time of its production, regardless of whether it was once confidential.  The Designating Party must take reasonable care to designate for protection only those parts of the Discovery Materials that it reasonably believes to qualify for protection so that other portions of the Discovery Materials for which protection is not warranted are not unjustifiably designated.

**G.     Protected Material**

7.     "Protected Material" means any Document(s) or portion(s) thereof that is designated as "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information" in accordance with Section II, below, to which an objection (a) has not been made, (b) has been withdrawn, or (c) has been overruled by the Court.

**H.     Outside Counsel**

8.     "Outside Counsel" means the counsel of record for the parties to this action who are not employees of a Party, their respective regularly-employed personnel, and those outside vendors (*e.g.*, persons who provide copy or electronic-data

imaging services, trial-preparation or trial-presentation services, jury consultant services) whose services are employed for the purpose of this litigation.

## I.     **In-House Counsel**

9.     "In-House Counsel" means attorneys who are employees of a Party and their support staff.

## J.     **Independent Expert**

10.     "Independent Expert" means an expert and/or independent consultant retained or employed to advise or assist counsel in prosecuting or defending claims between the Parties, and who (a) is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Designating Party; (b) is not a past or current employee of a Designating Party or a competitor of a Designating Party. Independent Expert includes a professional jury or trial consultant retained in connection with this litigation. Independent Expert, however, is not intended to and does not include any attorneys who are not employed by counsel. A list of ATTM's restricted competitors is contained in Appendix B, an exhibit to be provided to Plaintiffs by ATTM. Rules concerning Independent Experts are further stated below.

## K.     **Related Case**

11.     "Related Case" means any action, whether filed in state or federal court, that is based on the same operative facts and similar legal theories as those that appear in the complaints that are now on file in (a) *Gallion v. Apple, Inc.*, N.D. Cal. case no. CV 10-01610; (b) *Pennington v. Apple, Inc.*, Santa Clara County Superior Court case no. 1-10-CV-162659; (c) *Corsi v. Apple, Inc.*, U.S. Dist. Ct., N.D. Cal. case no. CV10-03316; and/or (d) *Calix v. Apple, Inc.*, U.S. Dist. Ct., N.D. Cal. case no. CV10-05895. "Related Case" also includes the *Gallion, Pennington, Corsi* and *Calix* actions themselves.

## II.   DESIGNATION OF PROTECTED MATERIAL

### A.   Designation of Confidential Information and Highly Confidential—Attorneys' Eyes Only Information

12.   Discovery Materials that the Designating Party deems to be Confidential Information or Highly Confidential—Attorneys' Eyes Only Information must be designated on such by stamping the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in a conspicuous location on each page of each Document that contains Confidential Information or Highly Confidential—Attorneys' Eyes Only Information.

13.   In the case of multi-page Documents, only those pages containing Confidential Information or Highly Confidential—Attorneys' Eyes Only Information shall be marked CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY.  Any page not so marked or identified shall not be subject to the terms of this Protective Order that apply to such material.

14.   The Designating Party may, on the record of a deposition, or by written notice to counsel for the Parties not later than thirty (30) days after receipt of a deposition transcript, designate portions of deposition testimony or Documents marked as exhibits to that deposition as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information, based on a good-faith determination that the portions of testimony or Documents so designated contain Confidential Information or Highly Confidential—Attorneys' Eyes Only Information.  To the extent reasonably possible, any portions so designated shall be transcribed separately and marked by the court reporter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

15.   If a Receiving Party wishes to show non-designated portions of a Document or a transcript containing Confidential Information or Highly Confidential—Attorneys' Eyes Only Information to a third party who is not otherwise entitled to see such information under the terms of this Protective Order, the Receiving Party shall first

1  redact all pages marked as containing Confidential Information or Highly Confidential—

2  Attorneys' Eyes Only Information before disclosing the Document(s) in question to the

3  third party.

4       16.     The Designating Party must take care to limit any such designation

5  to specific material that qualifies under the appropriate standards.  The Designating Party

6  must take reasonable care to designate for protection only those parts of material,

7  documents, items, or oral or written communications that the party reasonably believes to

8  qualify for protection — so that other portions of the material, documents, items, or

9  communications for which protection is not warranted are not swept unjustifiably within

10  the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.

11  Designations that are shown to be clearly unjustified, or that have been made for an

12  improper purpose (*e.g.*, to unnecessarily encumber or retard the case development

13  process, or to impose unnecessary expenses and burdens on other parties), expose the

14  designating party to sanctions.  If it comes to the Designating Party's attention that

15  information or items that it designated for protection do not qualify for protection at all,

16  or do not qualify for the level of protection initially asserted, the Designating Party must

17  promptly notify the Parties that it is withdrawing the mistaken designation.

18  **B.    Challenges to Designations of Confidential Information or**
    **Highly Confidential—Attorneys' Eyes Only Information**

19

20       17.     If a Receiving Party disagrees with the designation of any

21  Document or any portion of a Document as Confidential Information or Highly

22  Confidential—Attorneys' Eyes Only Information, the Receiving Party shall provide

23  counsel for the Designating Party with written notice of that objection.  If the designation

24  of Confidential Information or Highly Confidential—Attorneys' Eyes Only Information

25  is made during a deposition, the Receiving Party shall provide counsel for the

26  Designating Party with notice of the objection orally on the record or within thirty (30)

27  days after receipt of the deposition transcript.

28

18.     The objection to the designation need not be any more specific than the designation itself; that is, if the Designating Party designates a Document or other material as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information without explaining the factual or legal basis for that designation, the Receiving Party's objection need not provide the factual or legal basis for the objection. Conversely, if the Designating Party provides a specific legal and/or factual basis for the designation of a particular Document or set of Documents as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information, the Receiving Party shall provide a specific legal and/or factual basis for the objection(s) as well.

19.     The burden of establishing that a Document or other material is entitled to protection as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information under applicable law shall remain with the Designating Party, and, until the Designating Party carries that burden, it shall not be incumbent upon the Receiving Party to establish the validity of its objection(s) to the designation as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information.

20.     In the event the Receiving Party objects to the designation of a Document(s) or any portion(s) thereof as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information, the parties shall attempt to resolve the dispute in good faith on an expedited and informal basis.  If those efforts do not result in the resolution of the dispute within ten (10) days of the objection, the Designating Party may move the Court for an order upholding its designations of Confidential Information or Highly Confidential—Attorneys' Eyes Only Information.  If the Designating Party does not file such a motion within ten (10) business days after the 10-day informal resolution period has expired, the Document(s) or portions of a Document(s) that are the subject of the dispute will not be entitled to treatment as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information.  If the Designating Party files the motion within ten (10) business days after the 10-day informal resolution period has

1  expired, the parties will continue to treat the challenged Document(s) as Confidential

2  Information or Highly Confidential—Attorneys' Eyes Only Information  until the matter

3  is resolved by the Court.

4         21.    To maintain a designation of Confidential Information or Highly

5  Confidential—Attorneys' Eyes Only Information, the Designating Party bears the burden

6  of proving that the designated information satisfies the definitions of Confidential

7  Information or Highly Confidential—Attorneys' Eyes Only Information set forth above.

8  Nothing in this Protective Order, or the fact that the parties have entered into this

9  Protective Order, is intended to diminish the Designating Party's burden of proving that a

10  Document contains Confidential Information or Highly Confidential—Attorneys' Eyes

11  Only Information.  Similarly, nothing in this Protective Order, nor the fact that the parties

12  have entered into it, is intended to diminish or in any way alter the showing that must be

13  made under applicable law to establish that a Document(s) or any portion thereof that is

14  designated as Confidential Information or Highly Confidential—Attorneys' Eyes Only

15  Information is actually entitled to the protection such materials are provided under the

16  terms of this Protective Order and under applicable law.

17         22.    A Receiving Party shall not be obligated to object to or otherwise

18  challenge the propriety of the designation of a Document(s) or any portion thereof as

19  Confidential Information or Highly Confidential—Attorneys' Eyes Only Information at

20  the time of production, and in no event shall not doing so preclude or in any way inhibit a

21  subsequent objection or other challenge to the designation(s).  Similarly, the absence of

22  an objection or other challenge to the designation of a Document or any portion thereof

23  as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information

24  shall not be deemed or construed as a concession by the Receiving Party that the material

25  is entitled to protection from public distribution or disclosure under the terms of this

26  Protective Order and/or applicable law.

27

28

### III.     ACCESS TO AND USE OF PROTECTED MATERIAL

**A.     <u>Access to Confidential Information</u>**

23.     In the absence of written permission from the Designating Party, or an order of the Court, Confidential Information shall not be disclosed to or discussed with any person other than:

a.     Outside or In-House Counsel;

b.     The parties to this litigation;

c.     Current officers, directors, and employees of the Defendant;

d.     The Court, court personnel, court reporters, deposition officers, and videographers;

e.     Any non-party who authored the Confidential Information or is shown to have previously received the Confidential Information;

f.     Counsel for the plaintiffs in *Gallion v. Apple, Inc.*, N.D. Cal. case no. CVl0-01610, *Corsi v. Apple, Inc.*, U.S. Dist. Ct., N.D. Cal. case no. CV10-03316 and *Calix v. Apple, Inc.*, U.S. Dist. Ct., N.D. Cal. case no. CV10-05895.  To the extent a Receiving Party wishes to share Confidential Information with counsel for the plaintiffs in *Pennington v. Apple, Inc.*, Santa Clara County Superior Court case no. 1-l0-CV-162659 or any other Related Case other than *Gallion, Corsi or Calix*, such Receiving Party must seek and obtain ATTM's written consent in advance, which written consent shall not be unreasonably withheld;

g.     The following additional persons, if they have read this Protective Order and agree in writing to be bound by its terms by executing an acknowledgment substantially in the form attached hereto as Appendix A:

(i)     Persons retained to assist Outside or In-House Counsel (e.g., contract attorneys); and

9

                  (ii)     During their depositions, witnesses in the action to whom it is reasonably necessary to disclose Confidential Information for purposes of this litigation.

24.    The parties have agreed to table, for future negotiation and agreement, the question of whether Confidential Information may be disclosed to former officers, directors, and employees of the Defendant.

25.    Counsel disclosing Confidential Information to persons pursuant to paragraph 23(g), above, must maintain the executed original of all such acknowledgements in their files until the conclusion of this action by final order, settlement, or appeal.

26.    In no event shall this Protective Order be read or construed to require that the Parties reveal the identities of their Independent Experts before such Independent Experts are required to be disclosed (if at all) under Federal Rule of Civil Procedure 26(a)(2).

**B.**    **Access to Highly Confidential—Attorneys' Eyes Only Information**

27.    In the absence of written permission from the Designating Party, or an order of the Court, Highly Confidential—Attorneys' Eyes Only Information shall not be disclosed to or discussed with any person other than:

        a.    The Receiving Party's Outside Counsel;

        b.    In-House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, and (2) to whom disclosure is reasonably necessary for this litigation;

        c.    The Court, court personnel, court reporters, deposition officers, and videographers;

1                  d.      Any person who authored the Highly Confidential—

2 Attorneys' Eyes Only Information or is shown to have previously received the Highly

3 Confidential—Attorneys' Eyes Only Information;

4                  e.      Counsel for the plaintiffs in *Gallion v. Apple, Inc.*, N.D.

5 Cal. case no. CVl0-01610, *Corsi v. Apple, Inc.*, U.S. Dist. Ct., N.D. Cal. case no. CV10-

6 03316, and *Calix v. Apple, Inc.*, U.S. Dist. Ct., N.D. Cal. case no. CV10-05895.  To the

7 extent a Receiving Party wishes to share Highly Confidential—Attorneys' Eyes Only

8 Information with counsel for the plaintiffs in *Pennington v. Apple, Inc.*, Santa Clara

9 County Superior Court case no. 1-l0-CV-162659 or any other Related Case other than

10 *Gallion, Corsi or Calix*, such Receiving Party must seek and obtain ATTM's written

11 consent in advance, which written consent shall not be unreasonably withheld;

12                  f.      The following additional persons, if they have read this

13 Protective Order and agree in writing to be bound by its terms by executing an

14 acknowledgment substantially in the form attached hereto as Appendix A:

15                         (i)      Persons retained to assist Outside Counsel (e.g.,

16 contract attorneys); and

17                         (ii)      During their depositions, witnesses in the action to

18 whom it is reasonably necessary to disclose Highly Confidential—Attorneys' Eyes Only

19 Information for purposes of this litigation, if the following requirements are satisfied:

20                         (a)      At least ten (10) days prior to the deposition,

21 the Party intending to use Highly Confidential—Attorneys' Eyes Only Information

22 notifies the Designating Party of that desire, with a specific identification of the Protected

23 Information to be disclosed, and the Designating Party fails to object in writing to such

24 desire within seven (7) days after notice.  If, however, an objection is made in writing, the

25 Protected Information may not be disclosed to the witness until and unless the Receiving

26 Party desiring to make such disclosure moves for, and obtains, appropriate relief from the

27 Court.  Such a motion may be heard on shortened notice.

28

Stipulated Protective Order Governing Production by Non-Party AT&T Mobility LLC
Case No. 3:10-cv-01610-RS

(b)     Nothing in this subparagraph shall be construed to alter the Designating Party's burden to establish that a Document or other material is entitled to protection as Highly Confidential—Attorneys' Eyes Only Information under applicable law, as set forth in Paragraphs 19 and 21, above.

(c)     Witnesses receiving Highly Confidential—Attorneys' Eyes Only Information under this subparagraph shall not be allowed to retain copies of any such material received unless otherwise provided for under this Protective Order.  A witness who received Protected Information during a deposition, however, may review that material while reviewing the transcript of the deposition for accuracy, provided that the Highly Confidential—Attorneys' Eyes Only Information is not retained by the witness after the review of the transcript for accuracy is complete.

(d)     The requirements of this subparagraph do not apply to the depositions of witnesses who are current ATTM employees.

(iii)     Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential—Attorneys' Eyes Only Information must be marked Highly Confidential—Attorneys' Eyes Only by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order, and Highly Confidential—Attorneys' Eyes Only shall also be marked on the cover of the deposition transcript.  Only persons entitled to receive "Highly Confidential—Attorneys' Eyes Only Information shall be present when such information is disclosed at a deposition.

28.     Counsel disclosing Highly Confidential—Attorneys' Eyes Only Information to persons pursuant to paragraph 27(f), above, must maintain the executed original of all such acknowledgements in their files until the conclusion of this action by final order, settlement, or appeal.

29.     In no event shall this Protective Order be read or construed to require that the Parties reveal the identities of their Independent Experts to anyone,

1  including any Party or any Designating Party, before such Independent Experts are

2  required to be disclosed (if at all) under Federal Rule of Civil Procedure 26(a)(2).

3    C.    **Use of "Confidential Information" and "Highly Confidential—
           Attorneys' Eyes Only Information"**

4

5    30.    All "Confidential Information" or "Highly Confidential—

6  Attorneys' Eyes Only Information" produced or exchanged pursuant to this Protective

7  Order shall be used by the Receiving Party or Parties solely for the purpose of the

8  *Gallion, Corsi* or *Calix* cases.

9    D.    **Procedure for Disclosure of "Confidential Information" and
           "Highly Confidential—Attorneys' Eyes Only Information" to
           Independent Experts**

10

11    31.    The parties have agreed to table, for future negotiation and

12  agreement or resolution by the Court, the procedure for disclosure of "Confidential

13  Information" and "Highly Confidential—Attorneys' Eyes Only Information" to

14  Independent Experts.  Until such time as the parties reach an agreement or the Court

15  issues an order specifying the procedure for disclosure of "Confidential Information" and

16  "Highly Confidential—Attorneys' Eyes Only Information" to Independent Experts,

17  plaintiffs agree they will not disclose any "Confidential Information" or "Highly

18  Confidential—Attorneys' Eyes Only Information" to any Independent Expert.

19    32.    Nothing in this Stipulated Protective Order shall be construed to

20  require the disclosure of the identity of an Independent Expert to any Party before such

21  disclosure is required by Federal Rule of Civil Procedure 26(a)(2).

22    E.    **Use By Producing Party of its Own Protected Material**

23    33.    Nothing contained in this Protective Order shall affect the

24  Designating Party's right to disclose to anyone its own Protected Material.  However, in

25  the event the Designating Party treats its own Protected Material in a manner that is

26  inconsistent with its status as such (*e.g.*, disclosing Protected Material to the public), the

27  content of the Document(s) in question shall lose its status as Protected Material.

28

### F.   Filing Protected Material with the Court

34.     Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

### G.   Inadvertent Disclosure of Protected Material

35.     If the Designating Party, through inadvertence, fails to designate any Document as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information in accordance with the provisions of this Protective Order ("Incorrectly-Labeled Document"), the Designating Party may give written notice to the other parties that the Incorrectly-Labeled Document(s) should have been designated as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information and should be treated as such in accordance with the provisions of this Protective Order. Parties must treat Incorrectly-Labeled Document(s) as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information from the date such notice is received.

36.     Within a reasonable time after receipt of written notice from the Designating Party as described in paragraph 35, above, the Receiving Party shall make a good-faith effort to provide any third parties to whom the Incorrectly-Labeled

14

Document(s) were disclosed with written notice that identifies the Incorrectly-Labeled Document(s); states that the Designating Party has asserted that they contain Confidential Information or Highly Confidential—Attorneys' Eyes Only Information; and requests that the Incorrectly-Labeled Document(s) be returned and that they not be further distributed or disclosed to the public.  This requirement shall not apply to third parties identified in paragraphs 23(a)-23(e) and/or 27(a)-27(d), above.

37.     In no event shall the Receiving Party be under any obligation to ensure that third parties comply with the Designating Party's request.

**H.     Evidentiary Hearings and Trial**

38.     This Protective Order is not intended to govern the use of Protected Material at evidentiary hearings or at the trial of this action.  Procedures governing the use of Protected Material at evidentiary hearings and at trial, if necessary, will be established by separate order.

**I.     Right to Further Relief**

39.     Nothing in this Protective Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Protective Order.  All motions seeking interpretation, modification or amendment of any of the provisions of this Protective Order and/or to enforce, modify or quash the underlying subpoena shall be brought in the United States District Court for the Northern District of California.  All references in this Protective Order to "the Court" are to the United States District Court for the Northern District of California.

**IV.     AMENDMENT**

40.     This Protective Order may not be amended without agreement of counsel for all parties and any non-party signatories to this Protective Order in the form of a written stipulation filed with the Court or by an order of the Court after a duly noticed motion.

Stipulated Protective Order Governing Production by Non-Party AT&T Mobility LLC
Case No. 3:10-cv-01610-RS

1    **V.     RIGHT TO ASSERT OTHER OBJECTIONS**

2              41.     This Protective Order shall not be construed as waiving any right

3    to assert a claim of privilege, relevance, over breadth, burdensomeness or other grounds

4    for not producing requested Discovery Material.

5    **VI.    TERMINATION AND SURVIVAL OF OBLIGATIONS**

6              42.     No restriction imposed by this Protective Order may be terminated,

7    except by a written stipulation executed by counsel of record for all parties, or by an

8    order of this Court for good cause shown.  The termination of this action shall not

9    terminate the obligations specified in this Protective Order.

10   Dated: August 18, 2011                    **FAZIO | MICHELETTI LLP**

11

12

13                                             By _____*/s/ Jeffrey L. Fazio*_____
                                                  Jeffrey L.  Fazio

14                                                Interim Co-Lead Class Counsel

15

16   Dated: August  18, 2011                   **CHIMICLES & TIKELLIS LLP**

17

18                                             By _____*/s/ Steven A. Schwartz*_____
                                                  Steven A. Schwartz

19                                                Interim Co-Lead Class Counsel

20

21   Dated: August 18, 2011                    **MORRISON FOERSTER LLP**

22

23                                             By _____*/s/ Andrew D. Muhlbach*_____
                                                  Andrew D. Muhlbach

24

25                                                Attorneys for Defendant Apple, Inc.

26

27

28
                                             16

1    Dated: August 18, 2011                    **CROWELL & MORING LLP**

2

3                                          By _____/s/ Kathleen Taylor Sooy_____

4                                              Kathleen Taylor Sooy

5                                              Attorneys for Non-Party AT&T
                                               Mobility LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **ATTESTATION OF FILER**

2

I, Kimberly A. Kralowec, hereby attest that concurrence in the filing of this

3

document has been obtained from each of the other signatories.  *See* N.D. Cal. Gen.

4

Order No. 45, para. X(B).

5

Dated:  August 18, 2011                                        */s/ Kimberly A. Kralowec*

6

Kimberly A. Kralowec
THE KRALOWEC LAW GROUP

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulated Protective Order Governing Production by Non-Party AT&T Mobility LLC
Case No. 3:10-cv-01610-RS

1

**<u>ORDER</u>**

2

     IT IS SO ORDERED.

3

Dated:  August 19, 2011

4

                 Hon. Richard Seeborg
              Judge of the District Court

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

Stipulated Protective Order Governing Production by Non-Party AT&T Mobility LLC
Case No. 3:10-cv-01610-RS

Appendix A

<u>DECLARATION REGARDING COMPLIANCE WITH PROTECTIVE ORDER</u>

I, _____, declare as follows:

1.      I have read the Stipulated Protective Order ("Protective Order") filed in this litigation.

2.      _____, an attorney with the firm of _____, explained to me the meaning and effect of this undertaking and of the Protective Order, and I agree to abide by and be bound by both.

3.      I agree to treat all materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and all copies, notes or other records containing or referring to such materials, and the substance or contents of such materials in accordance with the terms of the Protective Order.

4.      I agree to be subject to the jurisdiction of the United States District Court for the Northern District of California, for purposes of enforcing the terms of this Protective Order.

5.      I shall not at any time, either during the pendency of these proceedings or after conclusion of these proceedings, use or divulge any of the Confidential Information or Highly Confidential—Attorneys' Eyes Only Information made available to me pursuant to the Order.

6.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____

Place Signed: _____

Signed: _____

Printed Name: _____

Stipulated Protective Order Governing Production by Non-Party AT&T Mobility LLC
Case No. 3:10-cv-01610-RS