1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLE IPHONE/IPOD WARRANTY LITIGATION<br><br>This Document Relates To:<br><br>All Actions | No. CV-10-01610<br><br>[PROPOSED] ORDER GRANTING CONDITIONAL CERTIFICATION OF A SETTLEMENT CLASS, APPROVAL OF FORMS AND METHODS OF NOTICE, AND PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE |

1   On June 19, 2013, the Court conducted a hearing of proposed Class
2 Representatives Charlene Gallion, Raj Johal, Christopher Corsi, Sean Pennington,
3 and Meghan White's Motion for Preliminary Approval of Class Action Settlement
4 between themselves and Defendant Apple Inc., by which the Parties propose to
5 resolve this class action lawsuit.

6   This Court has reviewed and considered the record in this matter, the
7 memoranda and supporting declarations submitted in support of this motion, the
8 proposed Settlement Agreement and exhibits attached thereto, and the proposed
9 forms of Class Notice. This Court has also heard and considered arguments by the
10 Parties' counsel in favor of preliminary approval of the Settlement Agreement.

11  **FOR GOOD CAUSE APPEARING, THE COURT HEREBY GRANTS**
12 **THIS MOTION AND MAKES THE FOLLOWING PRELIMINARY FINDINGS**
13 **AND ORDERS:**

14   1.   Unless otherwise set forth herein, all words with initial capital letters
15 shall have the meaning ascribed to them in the Settlement Agreement.

16   2.   This Order encompasses the claims that have been consolidated herein
17 as *In re Apple iPhone/iPod Warranty Litigation*, No. CV-10-01610 (N.D. Cal.).

18   3.   The proposed settlement appears to be the product of serious,
19 informed, non-collusive negotiations and falls within the range of possible approval
20 as fair, reasonable, and adequate. The proposed settlement is preliminarily
21 approved, subject to a final determination by this Court as to the fairness,
22 reasonableness, and adequacy of the terms set forth in the Settlement Agreement.

23   4.   Upon preliminary evaluation, there are no indications that the
24 settlement is the product of fraud or overreaching by, or collusion between, the
25 negotiating parties. The settlement was (a) reached as a result of extensive, good-
26 faith, non-collusive arm's-length negotiations that took place between the parties'
27 counsel, with the assistance of the Honorable Edward Infante (retired) and
28


Catherine Yanni of JAMS; (b) by counsel who are experienced in similar litigation; (c) following substantial discovery that was sufficient to enable counsel and the Court to make informed decisions.

5. For purposes of settlement only, this action meets all the prerequisites of Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3) for class certification, including numerosity, commonality, typicality, ascertainability, adequacy of representation, predominance of common issues, and superiority.

6. Certification of the Settlement Class shall be solely for settlement purposes, without prejudice to the Parties in the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect. In the event that the Settlement Agreement is not finally approved, certification of the Settlement Class shall be vacated and shall have no effect.

7. The Court conditionally certifies the Settlement Class, defined as follows:

> All United States residents who are or were owners of a Class Device (a) that was tendered to Apple in the United States for repair or replacement during the Relevant Time Period; (b) at the time of tender, the Class Device was within either the one-year limited warranty period or, if covered by an AppleCare Protection Plan, the two-year plan coverage period; and (c) repair or replacement of the tendered Class Device was denied by Apple on the basis of Apple's Former Liquid Damage Policy. The Settlement Class excludes counsel for the parties and members of their immediate families; Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns; the presiding Judges in the Federal and State Actions; and all persons who validly request exclusion from the Settlement Class.
>
> Apple's "Former Liquid Damage Policy" means Apple's former policy of excluding from warranty coverage an iPhone or iPod touch whose headphone jack and/or dock connector LCI (or LSI) turned pink or red. The Class Devices include all iPhone and iPod touch models that were the subject of a warranty claim that was denied based on Apple's Former Liquid Damage Policy. Apple's Former Liquid Damage Policy was in effect for iPhone through December 31, 2009, and for iPod touch through June 30, 2010.

8. Proposed Class Counsel are adequate representatives of the Settlement Class and are hereby appointed as follows:

    a. Fazio | Micheletti LLP and Chimicles & Tikellis LLP shall serve as Co-Lead Class Counsel.

    b. Cafferty Clobes Meriwether & Sprengel LLP shall serve as State Plaintiffs' Liaison Counsel.

    c. Fazio | Micheletti LLP; Chimicles & Tikellis LLP; The Kralowec Law Group; the Law Offices of Earl L. Bohachek; Chavez & Gertler LLP; Cafferty Clobes Meriwether & Sprengel LLP; Shepherd, Finkelman, Miller & Shah LLP; Bohrer Law Firm LLC; Keogh, Cox & Wilson; and Heins Mills & Olson, P.L.C. shall serve as Class Counsel.

9. The Court finds that proposed Class Representatives Charlene Gallion, Raj Johal, Christopher Corsi, Sean Pennington, and Meghan White have no apparent conflict with the Settlement Class and that they are adequate representatives of the Settlement Class. Accordingly, the Court appoints Ms. Gallion, Mr. Johal, Mr. Corsi, Mr. Pennington, and Ms. White as Class Representatives.

10. The Court finds that there is a sufficient basis for notifying the Settlement Class of the terms of the settlement, and hereby appoints Kurtzman Carson Consultants LCC ("KCC") as Settlement Administrator.

11. The proposed methods of dissemination of, as well as the form and content of, the Class Notices and the Claim Form (copies of which are attached hereto as Exhibits A-G) are approved on the grounds that they constitute the best notice practicable under the circumstances, satisfy due process, comply fully with the requirements of the Federal Rules of Civil Procedure, including but not limited to Rule 23(c)(2)(B), provide sufficient notice of counsel's application for attorneys' fees and costs and incentive awards to the Class Representatives, and constitute

due and sufficient notice to all persons entitled thereto. Nonsubstantive changes to the form and content of the Class Notices may be made without further approval by this Court.

12. Apple shall provide KCC with the information agreed upon in the Settlement Agreement to, *inter alia*, facilitate the distribution of Class Notice, process claims, and distribute settlement benefits.

13. Apple shall cause the Class Notice substantially in the form of Exhibit B hereto to be published once in *USA Today*, a newspaper of national circulation, and once, on a different date, in *Macworld*, a magazine of national circulation ("Published Notice"). Published Notice shall not be less than 1/4 of a page in size in *Macworld* and not less than 1/8 of a page in size in *USA Today*.. Published Notice shall be completed by the Notice Date which shall be August 6, 2013.

14. KCC shall, as provided in the Settlement Agreement, distribute by mail and email the Class Notices substantially in the form attached hereto as Exhibits C, D, E, F, and G. The mailing and emailing of the Class Notices shall be completed by the Notice Date.

15. On or before the date KCC commences distribution of mailed and/or emailed notice, KCC shall establish a Settlement Website, which shall, *inter alia,* (1) provide information about the Settlement Agreement, (2) accept electronically filed claim forms, and (3) make claim forms and other documents listed at paragraphs 28-29 of the Settlement Agreement available for free download. Upon request, KCC shall also mail copies of the Claim Form and Class Notice at no charge to the requestor.

16. On or before the date KCC commences distribution of mailed and/or emailed notice, KCC shall also establish a toll-free number. The toll-free number

1  shall provide callers with interactive voice response as well as the ability to speak
2  with a live operator during regular business hours.

3      17.    The cost of the Class Notices and claims administration shall be paid
4  by Apple, as set forth in the Settlement Agreement.

5      18.    On January 29, 2014 at __1:30 p.m.__ at 450 Golden Gate Ave.,
6  Courtroom 3 (17th floor), San Francisco, CA, this Court will conduct a fairness
7  hearing to determine (a) whether the settlement described in the Settlement
8  Agreement is fair, reasonable, and adequate and in the best interests of Settlement
9  Class Members, thus warranting final approval; (b) whether and in what amount
10 fees and costs should be awarded to Class Counsel; (c) whether and in what amount
11 incentive awards should be awarded to the Class Representatives; (d) whether final
12 judgment should be entered dismissing this class action with prejudice as set forth
13 in the Settlement Agreement; and (e) any other matter the Court may deem
14 appropriate.

15     19.    The fairness hearing and other dates herein may, from time to time
16 and without further notice to the Settlement Class (except those who have filed
17 timely and valid objections or requested to speak at the fairness hearing), be
18 continued or adjourned by Order of the Court. All such changes shall also be posted
19 to the Settlement Website.

20     20.    The Class Notices provide a procedure for proposed Settlement Class
21 Members to request exclusion from the Settlement Class. Requests for exclusion
22 shall be mailed to the Settlement Administrator at the following address:  In re
23 Apple iPhone/iPod Warranty Litigation Exclusions, PO Box 43184, Providence, RI
24 02940-3184. All requests for exclusion must be postmarked no later than December
25 4, 2012.

1    21. Any Settlement Class Member who does not file a timely and valid request for exclusion shall be bound by the terms of the Settlement Agreement, including the releases set forth therein.

22. The Parties' opening memoranda in support of final approval of the Settlement Agreement and Class Counsel's application for the payment of attorneys' fees and costs and incentive awards to the Class Representatives, shall be filed on or before November 13, 2013.

23. The Class Notices also provide a procedure for Settlement Class Members to object to or comment on the Settlement Agreement or any aspect thereof. Settlement Class Members who wish to object to or comment on the terms of the Settlement Agreement, including but not limited to (a) certification of the Settlement Class, (b) the payment of fees and costs to Class Counsel or incentive awards to the Class Representatives, and/or (c) entry of final judgment, must file their written objections or comments (and, if applicable, notice of their intention to appear) on or before December 4, 2013 by either (i) mailing said documents by first-class mail to the Office of the Clerk of the United States District Court, Northern District of California, at 450 Golden Gate Avenue, San Francisco, CA 94102, and to the Settlement Administrator at the following address: In re Apple iPhone/iPod Warranty Litigation Objections PO Box 43184, Providence, RI 02940-3184 or (ii) where applicable, utilizing the Court's Public Access to Court's Electronic Records ("PACER") system.

24. Any objections/comments must, at a minimum, contain each of the following: (a) the name, address, telephone number, and signature of the objecting Settlement Class Member; (b) a detailed statement of the Settlement Class Member's specific objections /comments; (c) the grounds for the Settlement Class Member's objections/comments and the reasons s/he desires to be heard (and, where applicable, to appear at the Final Fairness Hearing); (d) all other documents the

1. Settlement Class Member would like the Court to consider; and (e) unless the objecting Settlement Class Member is a Direct-Payment Settlement Class Member, (i) identification of the objecting Settlement Class Member 's device (*i.e.*, iPhone or iPod touch) for which s/he was denied warranty coverage by Apple, (ii) identification of the approximate date when and Apple store location where Apple denied warranty coverage, and (iii) identification of the serial number of the device, or Apple ID for the iTunes account that the Settlement Class Member used with the device.  The Court finds that the requirements set forth above are no more burdensome than the requirements for establishing a claim.  Failure to abide by the instructions set forth in this Order and/or the Class Notice is grounds for striking a Settlement Class Member's objections/comments.

25. Apple's opposition to Class Counsel's application for the payment of attorneys' fees and costs and incentive awards to the Class Representatives shall be filed on or before December 4, 2013.  Class Counsel's response to Apple's opposition shall be filed on or before January 8, 2014.  By agreeing to set the foregoing schedule, the Parties do not intend to imply that they are waiving or conceding any argument, or the right to make any argument, they may have with respect to these issues.

26. The Parties shall file all papers in response to any valid and timely objection on or before January 8, 2014, and shall serve copies of such papers upon each other and upon any objectors who have complied with paragraphs 23-24 of this Order.

27. Counsel for the Parties are hereby authorized to utilize all reasonable procedures to administer this settlement, provided those procedures are not materially inconsistent with this Order or the terms of the Settlement Agreement.

28. Claim forms must be submitted no later than October 21, 2013.

29. In the event the Settlement Agreement is not finally approved, the Parties shall be restored to their respective positions in the litigation as of the date on which the Settlement Agreement was executed. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect.

Dated: 6/20 , 2013

*/s/ Richard Seeborg*
THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE