STEVE A. MILLER (CA Bar No. 171815)
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
Ph# 303-892-9933
Fax: 303-892-8925
Email: sampc01@gmail.com

JOHN C. KRESS (53396MO)
The Kress Law Firm, LLC
4247 S. Grand Blvd
St. Louis, MO  63111
Ph.#:  (314) 631-3883
Fax:  (314) 332-1534
Email:  jckress@thekresslawfirm.com

MAUREEN CONNORS (0074094OH)
6625 Pearl Road
Parma Heights, OH 44130
Phone: (216) 640-9860
Fax: (216) 504-4049
Email: maureenconnors@maureenconnorslaw.com

JONATHAN E. FORTMAN (40319MO)
Law Office of Jonathan E. Fortman, LLC
10 Strecker Rd., Suite 1150
Ellisville, MO 63011
Ph# (314) 522-2312
Fax:  (314) 524-1519
Email:  jef@fortmanlaw.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

IN RE: APPLE IPHONE/IPOD
WARRANTY LITIGATION


THIS DOCUMENT RELATES TO:
ALL ACTIONS

Case No. CV-10-01610

JEFFREY SCOTT KESSINGER'S
MOTION TO QUASH AND FOR
PROTECTIVE ORDER

Date:   January 2, 2014
Time:  1:30
Place:  Courtroom 3 (17th Fl.)
Judge: Hon. Richard Seeborg

Come now Jeffrey Scott Kessinger, by and through counsel, and for his Motion to Quash
Deposition Notice and Motion for Protective Order state as follows:

1.  Objector's Motion to Quash and For Protective Order is noticed for hearing for
January 2, 2014 at 1:30 p.m., with class counsel and objector's counsel to participate
telephonically, with prior approval of Class Counsel, as Plaintiffs' intend to file a
response to Kessinger's Objector on or before the deadline established by this Court
for January 8, 2014.

2.  Objector Kessinger seeks an Order from this Court quashing the Subpoena for
Deposition duces tecum issued on December 18, 2013 or in the alternative an Order
from this Court limiting the scope of such deposition and document request to the
objection filed in this case, instead of all objections filed in any and all cases, and
limiting his deposition to two (2) hours and providing that counsel for Mr. Kessinger

may defend that deposition telephonically at a date Mr. Kessinger is available before January 8, 2014.

3.  Objector Kessinger is a resident of the State of Hawaii and a member of the Class in the above-captioned matter.

4.  Objector Kessinger filed timely objections to the proposed Settlement on December 4, 2013.

5.  Objector Kessinger is not a named Class Representatives in this matter, nor a party to this matter.

6.  Class Counsel served a Subpoena to Testify at a Deposition Duces Tecum on Objector Kessinger on Sunday morning, December 22, 2013, seeking to take Objectors' deposition on Monday morning, December 30, 2013, 9:00 a.m., in Lihue, on the Hawaiian Island, Kauai.

7.  The Subpoena states that such deposition would be recorded by means of "stenographic and video"  (EXHIBIT 1-Subpoena directed to Jeffrey Scott Kessinger).

8. Mr. Kessinger is not available for deposition on December 30, 2013 due to pre-existing Holiday commitments.

9.  Local Counsel for Mr. Kessinger is also unavailable to defend such deposition on December 30th due to preexisting Holiday commitments with family.

10.    On December 23, 2013, Counsel for Mr. Kessinger notified Plaintiffs' of Mr. Kessinger's unavailability for deposition on December 23, 2013 by e-mail, after receiving an e-mail from Plaintiffs' counsel and also raised objections to the scope of Mr. Kessinger's proposed deposition that it was irrelevant and burdensome to seek and obtain information to cases unrelated to this current litigation, and agreed to be available to "meet and confer" on December 26th and 27th, despite the obvious nature of the subpoena being issued during the Holiday Season

for the purpose of frustrating and aggravating Mr. Kessinger and his counsel interrupting their Holiday Season, while offering to produce Mr. Kessinger for deposition at another date and time, provided class counsel agreed to limit the scope of the deposition to the facts and legal basis involving Mr. Kessinger's filing of his objection in this matter.  (EXHIBIT 2, E-mail from John C. Kress to Dina Michelleti, attached hereto and incorporated by reference herein).

11.     On December 26th, Class Counsel and Mr. Kessinger's counsel had a telephone conference where they were unable to reach agreement on the scope and time frame of Mr. Kessinger's deposition, nor were the parties able to reach agreement on Objector Kessinger's request to depose Mr. Mark Chavez, class counsel in this case who has a conflict of interest with his representation of the unnamed class members and four (4) of the five (5) cy pres beneficiaries for which Mr. Chavez has either represented, sat on the charities board of directors, founded and/or controlled such non-profits, and recently utilized one cy pres recipient as an expert witness for a class action settlement that Mr. Chavez objected to in May of 2013 (Declaration of Mark Chavez, Doc# 102, p. 4 & 7; Par. 6 & 13); (Kessinger Objection filed December 4, 2013). Nevertheless, everyone agreed to reconvene on December 27th to attempt once more to work through these issues.

12.     On December 27th, Class Counsel and Mr. Kessinger's counsel once again had a telephone conference, again acting in good faith, where the only additional issue that could be agreed upon was that Mr. Kessinger's deposition would be limited to a four (4) hour period, instead of all day.

13.     Objector Kessinger moves this Court to quash the Subpoena Duces Tecum issued for the reasons set forth below, and enter an appropriate protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure prohibiting Class Counsel from deposing Objector on

any matters outside of his objection filed in this case, or requiring him to produce documents pursuant to requests 2, 3 and 4, and limiting his deposition to a two (2) hour time period.

14.     Class Counsels' Subpoena Duces Tecum seeks information which is not relevant to whether the settlement to be presented to the Court at the Fairness Hearing on January 29, 2014 is fair, adequate and reasonable.

15.     In the Northern District, "the burden is on [Class Counsel] to justify discovery of absent class members by means of deposition is particularly heavy" and "the burden on [Class Counsel] seeking deposition testimony rather than interrogatory responses is more severe." *Cornn v. United Parcel Service, 2006 WL 264250 (N.D. CA); Baldwin & Flynn v. National Safety Associates, 149 F.R.D. 598 (N. D. CA 1993), citing Clark v. Universal Builders, 501 F.2d 324 (7th Cir. 1974)* ("The party seeking discovery has the burden of demonstrating its merits; it cannot be used as a stratagem to reduce the number of claimants").  What could possibly be so important to Class Counsel from Mr. Kessinger that they need to take his deposition?  It is obvious the strategy employed by issuing the subpoena immediately proceeding the Christmas and New Year Holiday is to harass, inconvenience and create hardships for Mr. Kessinger and his counsel. Class Counsel on the face of their Subpoena Duces Tecum fails to meet their burden under *Cornn*, *Baldwin*, and *Clark*.  Even if past objections are deemed relevant by this Court, such information (if it exists) can be obtained by reviewing court files that are open and available to the public.

16.     Likely, Class Counsels' actions are retaliation from Mr. Kessinger addressing the conflict of interest that exists between Mr. Mark Chavez, and his law firm with the interests of the unnamed class members, due to Mr. Chavez's professional relationship with The Center for Auto Safety, Consumers Union and National Association of Consumer Advocates, for which he

has represented in the past, as well as founding one of the charities and serving as its Co-Chair

and member of its Board of Directors for 8 years, while currently sitting on the Board of

Directors for the National Consumer Law Center when not utilizing the relationships he's made

with such non-profits to advance the interests of his clients in other class action settlements in

which they object. (Declaration of Mark Chavez, Doc# 102, p. 4 & 7; Par. 6 & 13); (Kessinger

Objection filed December 4, 2013.  In this Court, "Simultaneous representation of clients with

conflicting interests (and without written informed consent) is an automatic ethics violation in

California and grounds for disqualification." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948,

967 (9th Cir., 2009).  An attorney "cannot recover fees for such conflicting representation." *Id.*

Mr. Chavez may claim fees only for services provided before the conflict arose and the ethical

breach occurred. *Id.*

      17.     In the 9th Circuit, "The responsibility of class counsel to absent class members

whose control over their attorneys is limited does not permit even the appearance of divided

loyalties of counsel." *Rodriguez, 563 F.3d at 967; citing Kayes v. Pac. Lumber Co.,* 51 F.3d

1449, 1465 (9th Cir. 1995) (quoting *Sullivan v. Chase Inv. Servs. Of Boston, Inc.,* 79 F.R.D. 246,

258 (N.D. Cal. 1978).  By Mr. Chavez's own declaration, and his recent filings objecting to

another settlement- such loyalties are clearly divided. And because Mr. Chavez is likely to be

disqualified from this case and not receive any fees, he has embarked on litigation tactics

designed to harass and discourage Mr. Kessinger from maintaining his objection in this case, in

order to preserve his fee application with this Court. Mr. Chavez is aware that he did not

properly report such conflict, or potential conflict- or advise the class members of business

relationship he has with the majority of the cy pres recipients with whom he has a linked

business or financial interest.  In the 9th Circuit, "class counsel's fiduciary duty is to the class as a

whole and it includes reporting potential conflict issues." *Rodriguez, 563 F.3d at 967.* Mr. Chavez seeks to avoid answering to this Court for such impropriety, by harassing Mr. Kessinger with a subpoena that seeks to distract this Court from the simple fact that only Mr. Kessinger raised this conflict with the Court in the first place, that Mr. Chavez had no intention of discussing.

18.     Furthermore, Class Counsel "must have leave of court" to take depositions of members of the class, other than the named class members, "after first showing that discovery is both necessary and for a purpose other than taking undue advantage of class members." *Cornn v. United Parcel Service, 2006 WL 264250 (N.D. CA); Baldwin & Flynn v. National Safety Associates, 149 F.R.D. 598 (N. D. CA 1993), citing Clark v. Universal Builders, 501 F.2d 324 (7th Cir. 1974).* When has it ever been "necessary", much less permissible to depose class members concerning privileged communications with their attorneys? How is it "necessary" to establish the number of past objections filed in other cases by an objector?  The only purpose is to intimidate, and confuse this Court with the objections raised in this matter, by making the focus past objections that are unrelated to the problems and issues that Class Counsels' proposed settlement has in this case, particularly the conflict of interest that class counsel has created by appointing four (4) out of five (5) charities to receive cy pres funds that have business relationships or ties with Mr. Mark Chavez and his law firm.

19.  "[T]o determine whether depositions of absent class members will be allowed, the proponent of the depositions must demonstrate the discovery is not sought to take undue advantage of class members or with the purpose or effect of harassment or altering membership in the class . . . and the discovery seeks information not already known by the proponent." *Cornn, supra.*  Given the defects in the settlement pointed out in the well drafted objection of

Mr. Kessinger, particularly as it pertains to the cy pres beneficiaries nothing would be revealed to this Court that is not already known by class counsel in this case.

20.     The Subpoena to Testify at a Deposition also contained a request that the witness produce documents set forth in an attachment to the notice.  Request No.1 appears reasonable, seeking non-privileged documents about this litigation.  However, Request No. 2 seeks documents pertaining to "agreements" between Mr. Kessinger and any other objector or attorney. This has absolutely no relevance to the objection raised by Mr. Kessinger, and is for harassment. To the extent such documentation exists, it would be subject to the attorney client privilege. Request No. 3 seeks documents pertaining to "Consideration" allegedly received by Mr. Kessinger in other cases over seven (7) years ago. If such information existed, it would be subject to the attorney client privilege, and also constitute settlement negotiations and/or be subject to a confidentiality agreement or the rules of a court sponsored mediation program. Request No. 4 is similar, but instead wants Mr. Kessinger to produce documents showing "relief" in class actions objections.  If class counsel wants information about other class actions, such information is widely available by searching the public record, instead of burdening Mr. Kessinger with producing such information.

21.     This Court should "consider the need for efficiency and economy before ordering discovery". *Cornn v. United Parcel Service, 2006 WL 264250 (N.D. CA), citing Klein v. King, 132 F.rd 525 (N.D. Cal. 1990).*  Allowing Class Counsel to depose Mr. Kessinger on a narrowly tailored issue- his reasons for objecting in this case-supports the 9th Circuit's requirement. *Cornn, supra*.  This Court should not permit a bushwhacking expedition to be conducted by class counsel in the Hawaiian Island of Kauii searching for any and all information about past objections involving Mr. Kessinger.  This is harassment, and a calculated effort to distract this

Court from the conflict of interest that Mr. Chavez has created by appointing four out of five cy pres recipients in this case who have business dealings with Mr. Chavez, without bothering to disclose such conflict with this Court and the class members prior to making such outrageous maneuver.

22. Class Counsel is seeking information that is overbroad and "served for the purpose of annoying and harassment and not really for the purpose of getting information." *Mattel Inc. v. Walking Mountain Productions, 353 F.3d 792, 813 (9th Cir. 2003).* The only information Class Counsel truly seeks is information about other objections that Mr. Kessinger has been involved in, seeking to violate the attorney-client privilege, which is calculated and designed to annoy and harass the objector and his attorneys. Such information has nothing to do with this case, and instead is a smoke screen used to cover the conflict of interest created by Mr. Mark Chavez who has promoted a settlement where this Court will funnel class funds into cy pres recipients where Mr. Chavez maintains business relations and a financial interest in one or more such entities.

WHEREFORE, for the foregoing reasons, Class Member Jeffrey Scott Kessinger prays this Court enter its Order quashing the Subpoena To Testify at a Deposition in a Civil Action, duces tecum, and entering a protective order prohibiting class counsel from conducting discovery with objector, or in the alternative entering an Order limiting the scope of Mr. Kessinger's deposition to the facts and legal basis underlying his objection filed in this case, and limiting his deposition to a two (2) hour period.

 _/s/ Steve A. Miller
STEVE A. MILLER (CA Bar No. 171815)
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
Ph# 303-892-9933
Fax: 303-892-8925
Email: sampc01@gmail.com

JOHN C. KRESS (53396MO)
The Kress Law Firm, LLC
4247 S. Grand Blvd
St. Louis, MO  63111
Ph.#:  (314) 631-3883
Fax:  (314) 332-1534
Email:  jckress@thekresslawfirm.com

MAUREEN CONNORS (0074094OH)
6625 Pearl Road
Parma Heights, OH 44130
Phone: (216) 640-9860
Fax: (216) 504-4049
Email: maureenconnors@maureenconnorslaw.com

JONATHAN E. FORTMAN (40319MO)
Law Office of Jonathan E. Fortman, LLC
10 Strecker Rd., Suite 1150
Ellisville, MO 63011
Ph# (314) 522-2312
Fax:  (314) 524-1519
Email:  jef@fortmanlaw.com

## CERTIFICATE OF SERVICE

On this 29th day of December, this document and its exhibits were filed electronically and served

upon counsel for the parties by ECF.


<u>s/Steve A. Miller</u>

EXHIBIT 1

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| In Re Apple iPhone/iPod Warranty Litigation _____ ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No.   10-1610 |
| _____ ) | |
| _____ ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Jeffrey Scott Kessinger
_____
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   Marriott - 3610 Rice Street · Lihue - Kauai, Hawaii 96766 | Date and Time: 12/30/2013 9:00 am |
|---|---|

The deposition will be recorded by this method:    stenographic and video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Documents listed on Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

        CLERK OF COURT
                                                    OR

        _____          _____
         *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs Charlene
Gallion, Chris Corsi, Raj Johal, Megan White, and Sean Pennington   , who issues or requests this subpoena, are:

Timothy N. Mathews, Esq., Chimicles & Tikellis, LLP, 361 W. Lancaster Ave, Haverford, PA 19041,
TNM@chimicles.com, 610-642-8500

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

KESSINGER SUBPOENA ATTACHMENT A

DEFINITIONS

1) "YOU" or "YOUR" means you individually and any and all agents, representatives, contractors, consultants, or any other persons acting or purporting to act on your behalf.

2) "DOCUMENT" shall be synonymous in meaning and usage to the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "DOCUMENT" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e., magnetic or other storage media), electronic mailing lists or automated fax support systems. The term "DOCUMENT" specifically includes electronic mail, text messages, all other forms of electronic correspondence or electronic peer-to-peer messages, and any documents, attachments and files created and/or maintained in electronic form.

3) "CONSIDERATION" means any payment in cash or kind, quid pro quo, promise, or exchange of value, whether monetary or otherwise.

DOCUMENTS TO BE PRODUCED

1) Produce all non-privileged DOCUMENTS related to or supporting your objection to the settlement of this action, including but not limited to, all non-privileged communications and DOCUMENTS related to the settlement, notice and claims process in this action.

2) Produce all DOCUMENTS relating to agreements between YOU and any other person (including but not limited to any other objector or attorney) in relation to this action, including any agreement to compensate YOU for acting as an objector.

3) Produce all DOCUMENTS that pertain to any CONSIDERATION that YOU obtained as a direct or indirect result of YOUR agreement to withdraw the objections filed in the following cases:

*In re Checking Account Overdraft Litig.* (S.D. Fla., MDL No. 2036)

*In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, (E.D. Wis., MDL No. 1999)

*In re Enron Corporation Securities Litig.* (S.D. Tex., No. H-01-3624)

*Azizian v. Federated Dept. Stores, Inc.*, No. C-03-3359 SBA, 2006 WL 4037549 (N.D. Cal. Sept. 29, 2006)

*Chance v. U.S. Tobacco Co.,* (Kansas Dist. Ct., Seward Cty., No. 05-CV-112)

*In re Allstate Fair Credit Reporting Act Litig.* (M.D. Tenn., No. 3:02-md-1457)

*In re MCI Non-Subscriber Telephone Rates Litig.* (S.D. Ill., MDL No. 1275)

*Meyenburg v. Exxon Mobil Corp.* (S.D. Ill., No. 3:05-cv-15-DGW)

*Synfuel Techs., LLC v. Airborne Express, Inc.* (S.D. Ill., No. 02-cv-324-DRH)

*Hale v. Wal-Mart Stores* (Mo. Cir. Ct., No. 01CV218710 )

4) Produce all DOCUMENTS sufficient to establish the relief, if any, YOU obtained in connection with objections filed by YOU in the cases listed in request number 3, above.

H0031734.2

EXHIBIT 2

THE KRESS LAW FIRM, LLC
4247 SOUTH GRAND BOULEVARD
ST. LOUIS, MISSOURI 63111
(314) 631-3883
FAX (314) 332-1534

-------- Original Message --------
Subject: RE: In re: Apple iPhone/iPod Warranty Litigation, Case No.
10-01610
From: <jckress@thekresslawfirm.com>
Date: Mon, December 23, 2013 4:28 pm
To: "Dina E. Micheletti" <dem@fazmiclaw.com>, "sampc01@gmail.com"
<sampc01@gmail.com>, "Jonathan Fortman" <jef@fortmanlaw.com>, "Maureen
Connors" <maureenconnors@sbcglobal.net>
Cc: "Jeffrey L. Fazio" <jlf@fazmiclaw.com>, "Steven A. Schwartz"
<steveschwartz@chimicles.com>, "Anthony Fata" <AFata@CaffertyClobes.com>

Mr. Micheletti:

Mr. Kessinger is unavailable for deposition on December 30th.  And the
information you seek is irrelevant and burdensome (among other objections we
are not waiving, but are not listed and discussed here due to space
limitations).

However, we are in the process of getting in touch with Mr. Kessinger
concerning other dates for which he would be available for deposition, if
agreement can be reached with you on the scope of such deposition, and an
appropriate time limitation.  We find objectionable your inquiry into other
objections that Mr. Kessinger may have participated in and/or acted as counsel
for other objectors and any dealings he may or may not have had with other
counsel or objectors, along with any remuneration he may or may not have
received.

If you agree to limit the scope of your deposition to Mr. Kessinger's factual and
legal basis for filing this objection in this particular case, and limit his
deposition to 2 hours, and give him the option to participate telephonically, we
will not file a Motion for a Protective Order and Motion to Quash, and will work
with you to establish a date and time before January 8th when he can be
deposed.  Given the belated nature of your service and the Christmas Holiday
that looms in the next few days, it is not likely I will have additional information
concerning Mr. Kessinger's availability until after December 25th.  It will not
surprise you to find that the attorneys involved in this case representing Mr.

Kessinger are on vacation with their respective families, during this Holiday Season.

Also, we would like to depose Mr. Mark Chavez who we understand is class counsel in this matter, particularly seeking information related to his relationship with the charity "The Center for Auto Safety" and how it came to be that such entity was represented to this Court as eligible to receive cy pres funds.  Both depositions could occur on the same day, or within a day of each other.  Mr. Chavez's deposition would be limited to two (2) hours, and to facilitate the ease of such deposition, could be taken telephonically to minimize any disruption to his law practice. As you know, Mr. Chavez has objected to class action settlements in the past and has utilized his relationship with such charity to advance the interests of his clients in past litigation and his testimony would be relevant to determine whether or not any conflicts of interest exist that would make it necessary for the Court to strike his fee petition, and whether such conflict would extend to other class counsel in this case making a fee award improper to one or more of the firms involved.  Given the 9th Circuit's position with the Rodriguez case, it appears that the appearance of impropriety is sufficient basis alone for striking Mr. Chavez's fee petition, and possibly that of other counsel.  Please forward this e-mail to Mr. Chavez.

Of course, we would not be inquiring into his reasons for objecting in the Toyota case, and whether or not he received any compensation or had any agreements with other attorneys as to receiving compensation, as it would be irrelevant.  Instead, we would focus our inquiry and focus on the relationship he or his firm has with "The Center for Auto Safety", and what circumstances or events led to such charity being selected for cy pres distribution in this particular case.

If agreement on these issues cannot be reached by December 27th, we'll move forward and file our Motion to Quash and Motion for Protective Order, as it pertains to Mr. Kessinger and move forward to obtain the deposition of Mr. Mark Chavez.  However, I will be available by phone on December 26th and 27th if you wish to discuss these issues.  No other counsel will be available, as everyone is vacationing with their families (including the undersigned), and I have been designated the point person for this matter at this time.  Please understand that any communications you initiate after receipt of this e-mail may not be responded to until after the Christmas Holiday, due to my family obligations and our preparation for the Holiday.

Otherwise, Happy Holidays and Merry Christmas!

John C. Kress

NOTE: The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from sender to recipient, (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passes through. I am communicating to you via-email because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please advise me AT ONCE.

The information contained in this electronic mail transmission (and any accompanying attachments) is intended solely for its authorized recipient(s), and may be confidential and/or legally privileged. If you are not an intended recipient, you have received this transmission in error and are hereby notified that you are strictly prohibited from reading, copying, printing, distributing or disclosing any of the information contained in it. In that event, please contact us immediately by telephone at (314) 631-3883 and delete the original and all copies of this transmission (including any attachments) without reading or saving in any manner.

THE KRESS LAW FIRM, LLC
4247 SOUTH GRAND BOULEVARD
ST. LOUIS, MISSOURI 63111
(314) 631-3883
FAX (314) 332-1534


-------- Original Message --------
Subject: In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610
From: "Dina E. Micheletti" <dem@fazmiclaw.com>
Date: Mon, December 23, 2013 10:51 am
To: "sampc01@gmail.com" <sampc01@gmail.com>,
"jckress@thekresslawfirm.com" <jckress@thekresslawfirm.com>,
"maureenconnors@maureenconnorslaw.com"
<maureenconnors@maureenconnorslaw.com>
Cc: "Jeffrey L. Fazio" <jlf@fazmiclaw.com>, "Steven A. Schwartz"
<steveschwartz@chimicles.com>, Anthony Fata <AFata@CaffertyClobes.com>

Counsel,

As you know, my firm is co-lead class counsel in this case.  Plaintiffs have served the attached deposition notice and subpoena on your client Mr. Kessinger and are prepared to proceed as noticed on December 30 at the time and place set forth therein.  Given the need to make travel arrangements to Hawaii, please contact us promptly to confirm your client will attend and will produce the requested documents, or, alternatively, propose a different date/location (as long as it is prior to our January 8, 2014 deadline to submit papers in response to objections).

Regards,

**Dina E. Micheletti**
Fazio | Micheletti LLP
2410 Camino Ramon, Suite 315
San Ramon, CA 94583
T: 925.543.2555
F: 925.369.0344