

January 6, 2014

The Honorable Donna M. Ryu
United States Magistrate Judge
1301 Clay Street, Courtroom 4
Oakland, CA  94612

      Re:  *In re Apple iPhone/iPod Warranty Litig.*, No. 10-CV-01610

Dear Judge Ryu:

      This letter addresses Objector Jeffrey Kessinger's Motion to Quash Plaintiffs' Subpoena and Plaintiffs' cross motion for an order compelling Kessinger **(a)** to produce the documents identified in the Subpoena along with a detailed privilege log prior to January 15, 2014; and **(b)** to provide testimony on the following subjects prior to January 17, 2014: **(i)** the bases for his objections (Dkt. 111) in this case, **(ii)** his role as objector in this case and as objector or objector's counsel in other class actions ("other class actions" as used herein includes, but is not limited to, those listed in the Subpoena), **(iii)** his relationship with his lawyers, including communications regarding the objections filed in this case, and any retainer and/or fee agreement in this and other class actions; **(iv)** his relationship with his class action objector-clients, including those whom he has represented multiple times; **(v)** payments received by Kessinger (in his capacity as objector counsel and/or as objector), his co-counsel, and his objector clients in exchange for withdrawing any class action objection or dismissing any appeal of any such objection overruled at the trial/district court level; and **(vi)** any changes to class action settlement benefits as a result of any objection filed by him or on his behalf as objector and/or as objector counsel.

      Lead Counsel for the parties to this discovery dispute conducted a telephonic meet-and-confer session on January 1, 2014 in addition to two prior meet-and-confer telephone conferences on December 26 and 27, 2013. The specific issues concerning the discovery dispute and the parties' respective positions are set forth below. A copy of the Subpoena and Kessinger's objections/responses to the document requests contained therein is attached hereto as Exhibit A.

**I.  ENTITLEMENT TO, AND SCOPE OF, THE DEPOSITION AND DOCUMENT PRODUCTION**

      **A.** *Objector's Position***:**  As set forth in Objector's Motion to Quash, Objector Kessinger has taken the position that he is an absent class member and, therefore, not a party to this action. Court's in the 9th Circuit have held that the burden is on class counsel to justify discovery from absent class members and that the burden is "particularly heavy."  Furthermore, the burden on class counsel seeking deposition testimony rather than interrogatory responses is "more severe." *Cornn v. United Parcel Service*, 2006 WL 264250 (N.D. Ca.); *Baldwin & Flynn v. National Safety Associates*, 149 F.R.D. 598 (N.D. Ca. 1993).  "The party seeking discovery has the burden of demonstrating its merits; it cannot be used as a stratagem to reduce the number of claimants." *Baldwin*, citing *Clark v. Universal Builders*, 501 F.2d 324 (7th Cir. 1974).  Objector Kessinger has taken the position that Class Counsel has served the subpoena duces tecum three days before Christmas for purposes of harassment and to inconvenience objector, by forcing Mr. Kessinger's counsel to draft pleadings and meet and confer instead of spending

much deserved time off with their respective families. Mr. Kessinger also contends that such subpoena was also served to intimidate Mr. Kessinger into withdrawing his objection after he disclosed to this Court Mr. Chavez's many conflicts of interest with the cy pres recipients in this case. Objector Kessinger has set forth the basis for his standing to object and the grounds for his objection in the objection timely filed with this Court.

Mr. Kessinger contends that the issues should be strictly limited to the objection he has filed in this particular matter, as it is irrelevant as to any past objections he has filed and the outcome of such objections. He also contends that the scope of the request in paragraph 3 covers cases going back over seven (7) years and that such discovery if permitted would be burdensome as a matter of simply searching for such information. Mr. Kessinger also contends that information spanning seven (7) years has no temporal relevance to his objection raised in this instant case involving the conflict of interest of Mr. Mark Chavez. Or, stated another way, whether or not Mr. Kessinger objected in other cases and received consideration does not alter or change the conflict of interest created by Mr. Chavez with the cy pres beneficiaries in this case, thereby making such discovery unnecessary and for the purpose of harassment.

Objector acknowledges that certain California District Courts have ordered the depositions of Objectors in class action matters. However, those cases are fact-specific and do not address the issue of whether an objector is a "party" for purposes of discovery. Nor do any of those opinions involve an objector who raised the issue of class counsel having a conflict of interest. No decision by the Ninth Circuit Court of Appeals has ever adopted the views of these district courts. Objector continues to assert that Class Counsel must meets its heavy burden to justify deposing the absent class member and that no such showing has been made.

In an effort to resolve this dispute, Counsel for Objector Kessinger has offered to make Mr. Kessinger available for deposition if Class Counsel would agree to limit the scope of the deposition and document request to issues related to Mr. Kessinger's standing in this case and the merits of his objection in this case.

**B.** *Plaintiffs' Position*: This class action arises from Apple's policy of wrongfully denying warranty coverage for iPhone and iPod touch devices based on triggered Liquid Submersion Indicators. After hard-fought litigation and six in-person mediation sessions at JAMS, Plaintiffs and Apple reached an extraordinary $53 million non-reversionary Settlement. For most Settlement Class Members eligible for payment, Apple's records as updated by the Settlement Administrator contain sufficient information to establish eligibility and make payment without the need to submit a claim form. The other Settlement Class Members can submit claims pursuant to an easy process approved by the Court. The Settlement Administrator calculates that Settlement Class Members will receive at least an average of approximately $211 per iPhone/iPod touch, which represents over 100% of the average replacement cost paid to Apple for those devices, net of the attorneys' fees requested. Kessinger does not object to the amount of the settlement, but has objected to it on other grounds, the ostensible factual bases for which are belied by the terms of Settlement Agreement and papers submitted in support of final approval, which Kessinger and his counsel apparently ignored.[1]

---

[1] For example, Kessinger complains that the Settlement Agreement identifies the University of Iowa as a *cy pres* recipient and establishes a worthless "Customer Support Program." *See* Dkt. 111 at 11, 14. Not so. These arguments are leftovers from objections Kessinger's counsel filed in *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 8:10ML21 51 JVS (C.D. Cal). Cutting and pasting irrelevant material from another case "is utterly indefensible when undertaken by a lawyer who has taken an oath to perform legal services in a professional manner." *Cooper v. Sedgwick County*, 206 F. Supp. 2d 1126, 1143 n. 18 (D. Kan. 2002). Kessinger's nonsensical objections to the *cy pres* proposals are discussed in connection with Kessinger's motion to depose Mr. Chavez. Given the nature of these objections, questions about Kessinger's motives in filing them are highly relevant.

**Hon. Donna M. Ryu — January 6, 2014 — Page 3**

Plaintiffs seek information relevant to the nature of Kessinger's objections, including the underlying factual bases and his motive in filing them, which, Plaintiffs submit, has nothing to do with furthering the interests of the Settlement Class. Kessinger is a lawyer and a professional objector to class action settlements who files objections as counsel for objectors or, as here, in his capacity an objector. A professional objector is an attorney who "routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 532 (N.D. Cal. 2012).

Kessinger is a textbook example of a professional objector. For example, in 2002, Kessinger and others professional objectors objected to the class settlement in *Howard v. Ford*, No. 763785-2 (Cal. Super. Ct., Alameda Cty.).[2] After the trial court rejected their frivolous objections, Kessinger *et al* filed equally frivolous appeals, thereby delaying extended warranty benefits and reimbursement to hundreds of thousands of potential class members who had already waited years (including two trials) for relief. To expedite relief to the class, Counsel paid the objectors' $200,000+ ransom demand to dismiss their appeals, which the objectors did without seeking anything for the class. More than a decade later, Kessinger and his four counsel here (Mssrs. Miller, Kress, Fortman and Ms. Connors) continue to routinely file frivolous, cut-and-paste objections, where one of the attorneys (or members of their family) often serves as the objector and the others serve as counsel, in a sort of round robin rotation, the purpose of which is to extract fees.[3] As one judge aptly observed: "The attorney's [Kessinger's] lack of concern for factual accuracy or supportable legal position is of great concern to the court. . . . The court does not intend to allow this class action litigation which affects the rights of over 14,000 class members, to be derailed by uninformed or careless counsel…" *Fielder v. Credit Acceptance Corp.,* No. CV96-24285-01 at 5 (Mo. Cir. Ct., Sept. 6, 2007).[4]

Given these tactics, this Court has repeatedly ordered professional objectors like Kessinger to provide the same deposition and document discovery sought by Class Counsel here, including discovery related to the underlying motives in filing the objection because "information regarding the merits and motivations behind the Objectors' appeals as well as their relationships with Counsel…is proper." *In re*

---

[2] Kessinger complains, without any support, that it would be unduly burdensome to force him to testify about cases as little as seven years old. Plaintiffs are not seeking to examine Kessinger about every case on which he has worked; rather, they are seeking to ask discrete questions about a discrete set of cases in which he has served as either objector or as objector's counsel (sometimes for repeat clients). Relevant areas of inquiry include the length of time he has been engaged in the businesses of being a professional objector. No evidence exists to support limiting Plaintiffs' ability to properly examine Kessinger on these issues.

[3] *See e.g., In re Groupon, Inc., Marketing and Salles Practices Litig.*, No. 11-2238 (S.D. Cal.) (attorney Maureen Connors and her relative Aileen Connors serve as objectors; Kessinger, Miller, Fortman, and Kress serve as counsel); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-1827 (N.D.Cal.) (objector Kelly Kress represented by attorneys Kessinger, Miller, Fortman, and John Kress); *In Re: Pre-Filled Propane Tank Marketing and Sales Practices Litigation*, No. 09-MD-02086 (W.D.Mo.) (attorney John Kress represented by Fortman); *In re Checking Account Overdraft Litig.*, No. 09-MD-82036-JLK, MDL No. 2036 (S.D. Fla.). Dkt. No. 3260 (Miller, Kessinger and Kress representing relatives of Connors); *In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, No. 08-1999 (E.D. Wis.) (objector Jeanine Miller represented by attorney Steve Miller); *Dupler v. Costco. Wholesale Corp.*, (C.A. No. 06-03141 E.D.N.Y.) (Kessinger serves as objector; represented by notorious objector counsel John Pentz); *Meyenburg v. Exxon Mobil Corp.,* No. 05-0015 (S.D. Ill.) (objector David Pentz (John Pentz's brother) represented by Kessinger).

[4] As another judge observed in a case involving Kessinger, Kress and Fortman: "Professional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose benefit the appeal is purportedly raised, gains nothing. …" *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1361 n.30 (S.D. Fla. 2011).

**Hon. Donna M. Ryu — January 6, 2014 — Page 4**

*Netflix Privacy Litig.*, 2013 WL 6173772 (N.D. Cal. 2013) (Objector represented by Kessinger's lawyer Steve Miller ordered to produce documents and to provide testimony regarding communications with attorneys, and objections filed on deponent's behalf, including resolution of objections, payments/financial compensation made in exchange for withdrawing objections in underlying case and others (including transfer of funds between objector and attorneys), fee sharing agreements, and other subjects (*see* subpoena at Dkt. No. 282-2); *In re TFT-LCD Flat Panel Antitrust Litig.*, No. 07-1827 SI (N.D. Cal. Feb. 19,2013) (Dkt. No. 7075) (Objector clients of Kessinger and his counsel here ordered to produce documents and to provide testimony concerning "factual support for their objections, whether they have objected in other cases, and if so, the circumstances of such objections, including any compensation they received"); *In re Cathode Ray Tube Antitrust Litig.*, 281 F.R.D. at 532 (ordering document and deposition testimony regarding "the bases for ["objector's] current objections, his role in objecting to this and other class settlements, and his relationships with the counsel that are believed to be behind the scenes manipulating him"); *Sullivan v. Kelly Services, Inc.*, No. 08-cv-3893 (N.D. Cal. Aug. 10, 2011) (Dkt. No. 121) (ordering documents and testimony regarding objections filed in other cases; resolution of those objections; gains obtained by class due to objections; agreements re financial compensation in cases where objector appeared) (*see* subpoenas at Dkt. No. 118-2, pp. 43-63); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-CV-01819-CW (N.D. Cal. Sept. 23, 2011) (Dkt. No. 1393) (discovery and testimony included communications with lawyers and others regarding the litigation; objections filed by deponent and deponent's lawyers; monetary compensation received by deponent and deponents' lawyer in the underlying case and other class actions; any changes made to settlements as a result of deponent's or deponent's lawyers)(*see* subpoena at Dkt. No. 1386-7). These cases have rejected all of the arguments advanced by Kessinger and should be followed here.

   The cases Kessinger cites as ostensible support for his position are inapposite; they merely stand for the unremarkable proposition that depositions of absent class members who have done nothing to insert themselves into the litigation will not be ordered where discovery is unnecessary and/or less intrusive means of discovery are available. *See Cornn v. UPS*, 2006 U.S. Dist. LEXIS 69196 (N.D. Cal. Sept. 14, 2006) (denying defendant's request to depose absent class members because class members had not affirmatively opted in to class action, but expressly holding that ruling does not preclude defendant from seeking to depose class members who inject themselves in case by appearing as witnesses); *Baldwin & Flynn v. National Safety Assocs.*, 149 F.R.D. 598 (N.D. Cal. 1993) (depositions of unnamed class members deemed unnecessary because "[a]ny oral representations which might be revealed in plaintiffs' depositions would be only minor additions to the overwhelming volume of evidence of NSA's recruitment techniques.").

   Those cases do not relate to discovery of *objectors* to a class action settlement, and Kessinger's arguments to the contrary have been flatly rejected by the cases cited above. *See, e.g.*, *In re Netflix*, 2013 WL 6173772 at *2, *citing In re CRT Litig.*, 281 F.R.D. at 533 ("an objector who voluntary appears in litigation is properly subject to discovery."). Kessinger's citation to *Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 813-814 (9th Cir. 2003) is also misplaced. There the court found that subpoenas were served "to exert pressure on the witnesses *not* to testify." Here the purpose of the Subpoena is the exact opposite—to make Kessinger testify as to "his reasons for objecting" so Judge Seeborg can fully evaluate those objections in connection with the January 29, 2014 Final Approval Hearing.

   The Plaintiffs and Mr. Kessinger have agreed that should Mr. Kessinger's deposition be ordered, it would last no longer than four (4) hours; that counsel will work cooperatively and expeditiously to schedule said deposition to take place sufficiently before Plaintiffs' opposition to Kessinger's objections are due, with Class Counsel agreeing to make themselves at night or weekends, if necessary; and Class Counsel have agreed to allow Kessinger's attorney(s) the option of defending his deposition by telephone. Plaintiffs have also agreed to not object to any *pro hac vice* applications filed on behalf of Mr. Kessinger.

**Hon. Donna M. Ryu — January 6, 2014 — Page 5**

## II.  CONFIDENTIALITY

   **A.  *Objector's Position***:  There were third-parties that may have negotiated confidentiality provisions as part of these settlements (Request #3) it is Objector Kessinger's position that he is unable to waive those confidentiality provisions without consent of the third-party.  Furthermore, Mr. Kessinger is concerned that production of such documentation, to the extent that he has custody and control of such information, may violate the mediation rules of one or more jurisdictions in which such objections arose.  In addition, such documentation would be subject to the attorney client privilege.

   **B.  *Plaintiffs' Position***: The negotiation of confidentiality provisions in exchange for the dismissal of objections is one aspect of a professional objector's business model. Indeed, the undersigned are informed and believe that, in *In re Toyota* (which forms the bases for Objectors' motion to compel discovery from Mr. Chavez), attorneys Miller/Kress/Fortman/Connors and other objectors' counsel engaged in "mediation" for the purpose of shielding from scrutiny a deal to withdraw their objections in exchange for payment.  While the terms of that deal have not been made public, the record reflects the withdrawal of their objections without any benefit to the settlement class.[5] The same appears to be true in cases where there was no mediation.  *See, e.g., In re Checking Account Overdraft Litig.*, No. 09-MD-82036-JLK, MDL No. 2036 (S.D. Fla.), Dkt. No. 3730 (Miller, Kessinger and Kress withdraw objection of Connors' relatives; docket reflects no corresponding benefit to class); *In re Am. Int'l Grp., Inc. Sec. Litig*. No. 04-cv-08141-DAB, Dkt. No. 663, 664 (S.D.N.Y. Oct. 1, 2012) (Mr. Miller withdrew his appeal of an order rejecting his objections to a settlement, without having provided any benefit to class).  Kessinger suggests that, even if he is ordered to discuss objections he filed in other cases, he will be "unable" to do so due to the confidentiality orders he and his cohorts extracted in those other cases.  Nonsense.  Judge Seeborg has entered a Confidentiality Order in this case (Dkt. No. 59), the terms of which extend to third parties and allow Kessinger to designate, in good faith, any information as confidential as long as the information is entitled to confidentiality protection under that Order and governing standards.  *See In re Law Office of Jonathan E. Fortman, LLC,* 2013 U.S. Dist. LEXIS 13903 (E.D. Mo. Feb. 1, 2013) (Kessinger's counsel Fortman ordered to produce the same discovery requested here, with Court noting that "confidentiality concerns of Movant [Fortman] can be addressed by an appropriate protective order.")

   Rule 26 permits discovery into relevant, non-privileged information.  Objector Kessinger does not, and cannot, claim that privilege applies to information and documents pertaining to any benefits generated in class actions where he served as objector's counsel, payment of attorneys' fees in exchange for withdrawing objections, or fee sharing with objector-clients.  The mere fact that a document is deemed confidential by the persons who signed the document does not make it immune from discovery. "There is no absolute privilege for trade secrets and similar confidential information." *Fed. Open Market Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340 (U.S. 1979).  Rather, Courts generally follow a "case-by-case approach that balances privacy against the need for disclosure." *ICG Communs., Inc. v. Allegiance Telecom*, 211 F.R.D. 610 (N.D. Cal. 2002).  To the extent that Objector Kessinger believes that such information should be protected from broad public dissemination, he can seek to seal such information under the terms of the protective order in this case.  Kessinger has failed to specify whether any mediation ever actually happened, but in any event the terms of any binding settlement reached pursuant to mediation are discoverable, *see* Cal. Evid. Code § 1123.  As noted above, this Court has routinely rejected this argument and required objectors to produce the information sought here.

---

   [5] *See* contemporaneously-filed letter regarding Kessinger's request to depose Mr. Chavez.

FAZIO | MICHELETTI LLP

Hon. Donna M. Ryu — January 6, 2014 — Page 6

### III. PRIVILEGE LOG

   **A.** *Objector's Position*: Plaintiffs inquired as to whether or not Mr. Kessinger intended to produce a privilege log, in the event that he claimed that one or more documents requested involved a claim of privilege. Mr. Kessinger's position is that the production of a privilege log is dictated for "parties" only in litigation, and that no 9th Circuit authority exists that stands for the proposition that a non-party is obligated to produce a privilege log.

   **B.** *Plaintiffs' Position*: The Order at 3:21-4:9 2-3 requires Kessinger to produce a privilege log and specifies the contents of that log. While the Order refers to Rule 26(b)(5) (which Kessinger claims does not apply to him because he is not a party to this case), Rule 45(e)(2) imposes identical requirements on third parties subject to subpoena; thus, regardless of which Rule is deemed applicable here, Kessinger has no basis for seeking to evade his duty to produce a privilege log; s*ee also In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-CV-01819-CW (N.D. Cal. Sept. 23, 2011)(Dkt. No. 1393 at 2)(requiring objector to produce "detailed privilege log."). In keeping with the intent of the Order, Class Counsel offered to treat the filing of the objection as equivalent to the "filing of the complaint." Order at 4:7-9 (counsel need not list trial-counsel communications that post-date filing of complaint).

   I, Dina Micheletti, have obtained Steven Miller's authorization to file this letter on his behalf.

DATED: Janaury 6, 2014

Jeffrey L. Fazio
Dina E. Micheletti
**FAZIO | MICHELETTI LLP**

by    */s/ Dina Micheletti*
Dina E. Micheletti

*Co-Lead Class Counsel*

DATED: Janaury 6, 2014

Steven A. Schwartz
Timothy N. Mathews
**CHIMICLES & TIKELLIS LLP**

by    */s/ Steven A. Schwartz*
Steven A. Schwartz

*Co-Lead Class Counsel*

DATED: January 6, 2014

Steve A. Miller
**Steve A. Miller, PC**

by    */s/ Steven Miller*
Steven Miller
*Attorneys for Objector Jeffrey Scott Kessinger*

**EX. A**

RESPONSE TO KESSINGER SUBPOENA ATTACHMENT A

1) Produce all non-privileged DOCUMENTS related to our supporting your objection to the settlement of this action, including but not limited to, all non-privileged communications and DOCUMENTS related to the settlement, notice and claims process in this action.

RESPONSE: See Mr. Kessinger's documents filed in this objection.

2) Produce all DOCUMENTS relating to agreements between YOU and any other person (including but not limited to any other objector or attorney) in relation to this action, including any agreement to compensate YOU for acting as an objector.

RESPONSE: Objection.  Mr. Kessinger objects that such request is vague and ambiguous seeking any and all agreements without limitation or identifying the nature of such agreements and on the basis that such documents invade the attorney-client privilege to the extent that any agreement pertains to documents involving counsel for Mr. Kessinger.  Furthermore, such information sought is irrelevant.  Without waiving such objections, Mr. Kessinger states that an agreement exists or existed whereby Defendant in this case agreed to fix his cell phone during a period of time- a warranty.

3) Produce all Documents that pertain to any CONSIDERATION that YOU obtained as a direct or indirect result of YOUR agreement to withdraw the objections filed in the following cases:
(See Subpoena)

RESPONSE:  Objection. First, the request is vague as to time period, requesting information dating back over seven years, and is burdensome.  Second, the request is vague and ambiguous as to what is meant by "indirect result" of an agreement to withdraw an objection and vague as to what exactly constitutes a document that "pertains" to "any consideration" Mr. Kessinger obtained.  Third, any agreement Mr. Kessinger made to withdraw an objection that he filed would be subject to settlement negotiations involving 3rd parties, up to and including the mediation division of each respective court's jurisdiction and any such agreements to withdraw objections constitute confidential communications involving an attorney and are subject to the attorney client privilege.

4) Produce all DOCUMENTS sufficient to establish the relief, if any, YOU obtained in connection with objections filed by YOU in the cases listed in request number 3, above.

RESPONSE: Objection. First, the request is vague as to time period, requesting information dating back over seven years, and is burdensome.  Second, the request is vague and ambiguous as to what is meant by "relief" that Mr. Kessinger obtained. Third, any agreement Mr. Kessinger made to withdraw an objection, including any

relief the he obtained would be subject to settlement negotiations involving 3rd parties, up to and including the mediation division of each respective court's jurisdiction and any such agreements to withdraw objections constitute confidential communications involving an attorney and are subject to the attorney client privilege, and any "relief" as that terms is used in its broadest sense would be subject to such settlement agreements, mediation divisions and the attorney client privilege.  Without waiving such objections, Mr. Kessinger directs plaintiffs to the court files that are available via public record which may comment directly on the relief provided.

LEGAL AUTHORITIES

The burden on Class Counsel to justify discovery from absent class members is particularly heavy and the burden on Class Counsel seeking deposition testimony rather than interrogatory responses is more severe. *Cornn v. United Parcel Service, 2006 WL 264250 (N.D. CA); Baldwin & Flynn v. National Safety Associates, 149 F.R.D. 598 (N. D. CA 1993), citing Clark v. Universal Builders, 501 F.2d 324 (7th Cir. 1974)* ("The party seeking discovery has the burden of demonstrating its merits; it cannot be used as a strategem to reduce the number of claimants").  Furthermore, Class Counsel "must have leave of court" to take depositions of members of the class, other than the named class members, "after first showing that discovery is both necessary and for a purpose other than taking undue advantage of class members." *Id.*