**Cafferty Clobes
Meriwether&Sprengel** LLP

Chicago ● Philadelphia ● Ann Arbor
www.caffertyclobes.com

January 7, 2014

The Honorable Donna M. Ryu
United States Magistrate Judge
1301 Clay Street, Courtroom 4
Oakland, California 94612

Re: *In re Apple iPhone/iPod Warranty Litig.*, No. 10-CV-01610

Dear Judge Ryu:

In light of Plaintiffs' January 24, 2014 deadline to respond to objections to the Settlement in this case (Dkt. No. 119), Plaintiffs respectfully request that the Court order Michael Casey ("Casey") to produce documents and appear for a deposition concerning his objection to the Settlement (Dkt. No. 112), on or before January 17, 2014. Plaintiffs have attempted to accommodate Casey, but now, given the imminent deadline, they respectfully request that the Court resolve this issue on an expedited basis. On December 20, 2013, Plaintiffs served a deposition subpoena together with a document rider on Casey (the "Subpoena"). Casey has not objected to the Rule 45 subpoena and document rider or the Rule 30 deposition notice attaching the same. Instead, Casey informed Plaintiffs that he would not appear on the original date for his deposition, but would provide alternative dates. Since that time, he has failed to do so, and has ceased communicating with Class Counsel. Accordingly, Plaintiffs seek an order compelling Casey to produce the documents listed in the Subpoena and to testify about the subject matters related to those document requests, including but not limited to (i) the bases for his objections in this case, (ii) his role as objector in this case and other class actions, including the *Fogel v. Farmers Group, Inc.* case listed in the Subpoena, (iii) his relationships and agreements with the lawyers whom Plaintiffs suspect are behind his objection in this case, as well as lawyers who represented him in connection with other class-action settlement objections; (iv) payments received by him and/or his lawyers in exchange for withdrawing objections or dismissing appeals in other class actions; and (v) any changes to class action settlement benefits as a result of his objections.

I.      <u>Plaintiffs' Position</u>

This class action arises from Apple's policy of wrongfully denying warranty coverage for iPhone and iPod touch devices based on triggered Liquid Submersion Indicators. After hard-fought litigation and six in-person mediation sessions at JAMS, Plaintiffs and Apple reached an extraordinary $53 million non-reversionary Settlement. The Settlement Administrator calculates that Settlement Class Members will receive at least an average of approximately $211 per iPhone/iPod touch, which represents over 100% of the average replacement cost. There are hundreds of thousands of class members. Only Casey and one other professional objector have objected to the Settlement. *See* Dkt. Nos. 111 (Kessinger objection) and 112 (Casey objection). A third individual filed an objection, *see* Dkt. No. 113 (Martino objection), but withdrew it after learning that he was not a Class Member. *See* Doc. 117 (Martino withdrawal). As explained

 

below, Plaintiffs have reason to believe that Casey is not a Class Member and is being directed behind the scenes by professional-objector counsel, who hoped to escape detection in this Court.

Casey is Subject to Discovery. Casey voluntarily appeared in this litigation by filing an objection and therefore subjected himself to discovery. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012) ("*CRT*"). *See also In re Netflix Privacy Litig.*, 5:11-CV-00379-EJD, 2013 WL 6173772, at *2 (N.D. Cal. Nov. 25, 2013) ("*Netflix*"). Whether considered a party covered by Rule 30 or non party covered by Rule 45, Casey is "properly subject to discovery." *CRT*, 281 F.R.D. at 532-33.

Plaintiffs Attempted to Accommodate Casey. Because Casey appears to be ignoring Plaintiffs' efforts to schedule his deposition and document production (as well as the Court deadlines driving those efforts), an Order compelling Casey's deposition and document production is now necessary. On December 20 and 24, 2013, Class Counsel, Anthony F. Fata ("Fata"), emailed Casey requesting him to provide a mutually agreeable date for his deposition.[1] Casey did not respond. On December 26, 2013, Fata telephoned Casey to ask whether Casey had retained an attorney; Casey indicated that he had not yet done so. Fata asked whether Casey intended to appear for the deposition on the date noticed in the subpoena (December 30, 2013). Casey stated that he would not appear on that date, but that he would review his calendar and provide alternative dates for the deposition to take place on or before January 8, 2014. Casey never provided alternative dates. On December 30, 2013, Fata attempted to reach Casey by telephone to schedule the deposition and followed up by email requesting to take the deposition on January 6, 2014. Casey never returned the phone calls, but instead responded with a cryptic email stating, "I have been unable to reach my attorney of choice this week. He will be back in the office on 1/6/14. I will advise after connecting with [the] attorney." Fata sent a deposition notice and email proposing that the deposition take place on January 7 or 8, 2014 and asking Casey or his attorney (if any) to respond. Again, Casey did not respond. In the mean time, the Court extended the deadline for Plaintiffs' reply in support of the Settlement from January 8, 2014 to January 24, 2014. *See* Dkt. No. 119.  At the end of the day on January 6, 2014 (the day Casey indicated his attorney was returning to the office), Fata emailed Casey asking that he or his counsel (if any) provide a mutually agreeable date for the deposition to occur on or before January 17, 2014. Again, nobody responded. In sum, Plaintiffs have made several attempts spanning several weeks to obtain discoverable information from Casey. Casey has not been responsive to Plaintiffs' diplomacy. *See CRT*, 281 F.R.D. at 532 (compelling objector's deposition and document production after concluding that Plaintiffs' counsel "sought to meet and confer regarding a convenient deposition date," but the objector had "ignored these overtures").[2]

---

[1]  Because Casey's objection (Dkt. No. 112) indicated that he may be retaining an attorney, each of Class Counsel's communications included a request for Casey, in the event he had retained an attorney, to provide the attorney's contact information or, alternatively, have his attorney contact Class Counsel.

[2]  Plaintiffs have also agreed to depose Casey approximately eight miles from the home address listed in his objection. *See CRT*, 281 F.R.D. at 533 (noting plaintiffs' willingness to take deposition where the objector resided).



Chicago ● Philadelphia ● Ann Arbor
www.caffertyclobes.com

The Scope of Discovery is Proper. "The scope of permissible discovery, sought by subpoena or otherwise, is ultimately governed by Rule 26(b)," which is "broadly construed" and "permits the discovery of any non-privileged material 'relevant to the claim or defense of any party,' even if inadmissible, as long as it 'appears reasonably calculated to lead to the discovery of admissible evidence.'" *CRT*, 281 F.R.D. at 532 (citations omitted). While the allowable scope of discovery is broad, the information Plaintiffs seek from Casey is limited to discrete matters having to do with the bases for his objections and the motives underlying them.  Preliminarily, Plaintiffs seek discovery to confirm their belief that Casey lacks standing to object because he is not a Settlement Class Member, and therefore the Court should not entertain his objection. Moreover, Plaintiffs seek to depose Casey about issues related to his motives, which Plaintiffs believe arise from personal financial gain versus the Class' interests. "[I]information regarding the merits and motivations behind the Objectors' appeals as well as their relationships with Counsel…is proper." *Netflix*, 2013 WL 6173772, at *5.  Plaintiffs suspect that Casey submitted his objection with the assistance of professional-objector counsel, likely Daryl Palmer ("Palmer"), who represented an objector named Michael Casey in the  *Fogel v. Farmers Group, Inc.* case referenced in the Subpoena. Additionally, the envelope containing Casey's letter bears a Wisconsin return address, but the stamp on that envelope indicates it was purchased in San Diego, where Palmer maintains his office.  *See* Doc. 112-1.  There is other evidence as well. These circumstances raise legitimate questions about the motives for Casey's objection and the veracity of his assertion that he was and remains unrepresented by counsel. *See CRT*, 281 F.R.D. at 532 (ordering document and deposition testimony regarding objector's "role in objecting to this and other class settlements, and his relationships with the counsel that are believed to be behind the scenes manipulating him").[3]

In *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-CV-01819-CW (N.D. Cal. Sept. 23, 2011) ("*SRAM*"), plaintiffs' counsel suspected Palmer and another professional objector of being behind purported *pro per* objections. When plaintiffs subpoenaed the objectors, Palmer appeared on their behalf.  The Court (Judge Wilkin) ordered the objectors to produce documents and provide testimony about communications with their lawyers and

---

[3]  *See also Netflix*, 2013 WL 6173772, at *2 (objector ordered to provide documents and testimony regarding communications with attorneys, and objections filed on deponent's behalf, including resolution of objections, compensation for withdrawing objections in underlying case and others – including transfer of funds between objector and attorneys, fee sharing agreements, and other subjects); *see also id.*, at Dkt. No. 282-2); *In re TFT-LCD Flat Panel Antitrust Litig.*, No. 07-1827 SI (N.D. Cal. Feb. 19,2013), at Dkt. No. 7075 (objector ordered to produce documents and to provide testimony concerning "factual support for their objections, whether they have objected in other cases, and if so, the circumstances of such objections, including any compensation they received"); *Sullivan v. Kelly Services, Inc.*, No. 08-cv-3893 (N.D. Cal. Aug. 10, 2011), at Dkt. No. 121   (ordering documents and testimony regarding objections filed in other cases; resolution of those objections; gains obtained by class due to objections; agreements re financial compensation in cases where objector appeared); *see also id.* at Dkt. No. 118-2, pp. 43-63.

 

Chicago ● Philadelphia ● Ann Arbor
www.caffertyclobes.com

others regarding the litigation, compensation received by the objectors and their lawyers in the underlying case and other class actions, any benefits to class action settlements resulting from their efforts, and other topics. *See SRAM*, No. 07-CV-01819-CW (N.D. Cal. Sept. 23, 2011) at Dkt. No. 1393 (Order) and Dkt. No. 1386-7 (subpoena).  Plaintiffs seek similar discovery in this case.

II.     <u>A Joint Letter is not possible</u>

Class Counsel respectfully submits that this is one of the rare occasions where a joint letter is not possible. Casey may be represented by counsel, but Casey's counsel has neither appeared nor contacted Class Counsel, and Casey has not provided his attorney's contact information, despite repeated requests that he do so.  On December 31, 2013, Casey indicated that he may soon be represented by counsel. On January 2 and 6, 2013, Class Counsel again requested Casey to provide contact information for the attorney (if he has retained one), but Casey has not done so. The lack of contact information and responsiveness makes the meet-and-confer process necessary for a joint letter impossible. Due to the imminent January 24, 2014 deadline to respond to Casey's objection, Class Counsel cannot wait any longer for Casey to decide whether to retain an attorney, or, to the extent he has retained one, to provide the attorney's contact information or have the attorney contact Class Counsel. Class Counsel has to initiate this discovery dispute, and must do so without a joint letter. Class Counsel will serve a copy of this letter on Casey, so that he can provide it to his attorney (if he has retained one) or respond on his own (if he has not).

III.     <u>Conclusion</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court order Casey to appear for deposition and provide the documents requested in the Subpoena by January 17, 2014, so that Plaintiffs' can respond to Casey's objection by January 24, 2014.

Respectfully Submitted,

Anthony F. Fata
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**

Dated: January 7, 2014          by     */s/ Anthony F. Fata*

State Plaintiffs' Liaison Counsel

Jeffrey L. Fazio
Dina E. Micheletti
**FAZIO | MICHELETTI LLP**

Dated: January 7, 2014          by     */s/ Dina E. Micheletti*

Co-Lead Class Counsel

 

Chicago ● Philadelphia ● Ann Arbor
www.caffertyclobes.com

Steven A. Schwartz
Timothy N. Mathews
**CHIMICLES & TIKELLIS LLP**

Dated: January 7, 2014                by        _/s/ Steven A. Schwartz_

                                       Co-Lead Class Counsel


### CERTIFICATE OF SERVICE

I, Anthony F. Fata, an attorney of record in this action, hereby certify that I caused a copy of the foregoing *Letter Brief* to be served on the following parties by the means indicated below on this 7th day of January, 2014:

**Michael Casey (Objector/No Attorney Information on File/Provided)**
Michael Casey by email to michael@mickeycasey.com

**Counsel for Apple, Inc. (Defendant)**
Penny Preovolos by ECF
George Harris by ECF

                    /s/ Anthony F. Fata
                    Anthony F. Fata (pro hac vice)
                    CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
                    30 N. LaSalle, Suite 3200
                    Chicago, Illinois  60602
                    Phone: (312) 782-4880
                    Fax: (312) 782-4485
                    Email: afata@caffertyclobes.com

**EX. A**

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | | |
|---|---|---|
| In Re Apple iPhone/iPod Warranty Litigation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   10-1610 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                         Michael Casey
_____
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Gramann Reporting, Ltd., 14 W. Mifflin St. #311, Madison, Wisconsin 53703 | Date and Time: 12/30/2013 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic and video

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Documents listed on Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/17/13

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs Charlene
Gallion, Chris Corsi, Raj Johal, Megan White, and Sean Pennington   , who issues or requests this subpoena, are:

Timothy N. Mathews, Esq., Chimicles & Tikellis, LLP, 361 W. Lancaster Ave, Haverford, PA 19041, TNM@chimicles.com, 610-642-8500

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  10-1610

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  _____

on *(date)*  _____  .

    ❑  I served the subpoena by delivering a copy to the named individual as follows:  _____

_____

_____  on *(date)*  _____  ; or

    ❑  I returned the subpoena unexecuted because:  _____

_____  .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $  _____45.00_____  .

My fees are $  _____  for travel and $  _____  for services, for a total of $  ____0.00____  .

I declare under penalty of perjury that this information is true.

Date:  _____                     _____
                                                                              *Server's signature*

                                                              _____
                                                                              *Printed name and title*


                                                              _____
                                                                              *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial
expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development,
or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These
procedures apply to producing documents or electronically stored
information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

MICHAEL CASEY SUBPOENA ATTACHMENT A

DEFINITIONS

1) "YOU" or "YOUR" means you individually and any and all agents, representatives, contractors, consultants, or any other persons acting or purporting to act on your behalf.

2) "DOCUMENT" shall be synonymous in meaning and usage to the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "DOCUMENT" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e., magnetic or other storage media), electronic mailing lists or automated fax support systems. The term "DOCUMENT" specifically includes electronic mail, text messages, all other forms of electronic correspondence or electronic peer-to-peer messages, and any documents, attachments and files created and/or maintained in electronic form.

3) "CONSIDERATION" means any payment in cash or kind, quid pro quo, promise, or exchange of value, whether monetary or otherwise.

DOCUMENTS TO BE PRODUCED

1) Produce all DOCUMENTS pertaining to all efforts to obtain warranty coverage for the iPod touch device for which YOU filed a claim in this action, including but not limited to all DOCUMENTS that memorialize or constitute any communications with Apple or any other person regarding efforts to obtain warranty coverage for that iPod touch device.

2) Produce all DOCUMENTS sufficient to establish the acquisition (by purchase or any other means) of each iPhone or iPod touch device for which YOU filed a claim in this action.

3) Produce all non-privileged DOCUMENTS supporting YOUR objection to the settlement of this action, including but not limited to, all non-privileged communications and DOCUMENTS related to the settlement, notice and claims process in this action.

4) Produce all DOCUMENTS relating to agreements between YOU and any other person (including but not limited to any other objector or attorney) in relation to this action, including any agreement to compensate YOU for acting as an objector.

5) Produce all retention and engagement agreements between YOU and YOUR attorneys in this action that are related to YOU and YOUR attorney's involvement in this action, including without limitation all agreements pertaining to the sharing of fees between YOU and YOUR attorneys in this action and the sharing of fees among YOUR attorneys in this action.

6) Produce all DOCUMENTS sufficient to establish the relief, if any, YOU obtained for settlement class members as a result of the objections filed by YOU in *Fogel v. Farmers Group, Inc.*, Docket No. B238538 (Cal. Ct. App. Feb. 21, 2012)

7) Produce all DOCUMENTS that pertain to any CONSIDERATION that YOU or YOUR attorneys obtained as a direct or indirect result of YOUR agreement to withdraw the objections filed in in *Fogel v. Farmers Group, Inc.*, Docket No. B238538 (Cal. Ct. App. Feb. 21, 2012).

H0031735.2

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  10-1610

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Michael Casey
on *(date)*  12/18/13  .

☒ I served the subpoena by delivering a copy to the named individual as follows:  Michael Casey
at 4957  Black  Oak  Drive, Madison, WI .
on *(date)*  12/18/13  ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$  45.00  .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date:  12-20-13

_____
*Server's signature*

Josh  Curry
*Printed name and title*

212 S. Henry St. #1, Madison, WI 53703
*Server's address*

Additional information regarding attempted service, etc.: