**Michael Casey**
**4957 Black Oak Drive**
**Madison, WI 53711**
**michael@mickeycasey.com**


The Honorable Donna M. Ryu
United States Magistrate Judge
1301 Clay Street, Courtroom 4
Oakland, California 94612

       Re:    *Subpoena served on Michael Casey;*
                *Motion to Compel Deposition of Michael Casey*
                *In re Apple iPhone/iPod Warranty Litig.,* No. 10-CV-01610

Dear Judge Ryu,

      I am an unnamed class member in the above referenced litigation, who responded to the invitation contained in the notice sent to class members regarding the proposed settlement and lodged an objection to that proposed settlement.  Rather than attempting to address the issues raised in my objection, class counsel are attempting to harass and intimidate me by serving me with an unauthorized subpoena and requesting the production of documents completely irrelevant to the issues raised my objection or the fairness of the proposed settlement.  Compounding this improper conduct, Class Counsel now seeks a court order to compel my deposition by filing a letter motion to compel in the district court in California (the "Motion to Compel"), rather than in the district in which compliance is sought as required by FED. R. CIV. PROC. 45.  I request sanctions against Class Counsel for this harassment and improper use of legal process.

   A.  ***A court order should have been sought before service of a subpoena on unnamed class member***

      The deposition subpoena served on December 18, 2013 was improper and abusive.  I am an unnamed class member in this litigation, and Class Counsel violated the federal rules by attempting to take discovery from an unnamed class member prior to obtaining a court order.  Cal. Prac. Guide, *Federal Civ. Proc. Before Trial,* 10:749 ("the party seeking discovery from unnamed class members is required to obtain a court order before service of interrogatories, taking of depositions, or other form of discovery is sought." *In re Carbon Dioxide Industry Antitrust Litig.,* 155 F.R.D. 209, 212 (M.D.Fla. 1993)).

      Objecting does not transform my status into a party or a named representative class member:  "By virtue of not being chosen as class representatives, the plaintiffs remain as passive class members, on equal footing with all other non-representative class members." *In re Carbon Dioxide, supra,* at 211-12.  Allowing discovery from non-representative class members without a prior court order undermines the entire purpose and structure of Rule 23: "It is not intended that

members of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason for the rule would fail." *Fischer v. Wolfinbarger,* 55 F.R.D. 129, 132 (W.D. Ky. 1971). "Absent a showing of particularized need, the Court will not permit general discovery from passive class members. . . . The Court has determined, above, that non-representative class members **shall not be subject to discovery** absent a showing of particularized need for information that cannot be obtained from class representatives." *In re Carbon Dioxide, supra,* 155 F.R.D. at 212.

Despite the protections provided under the Federal Rules, Class Counsel served the unauthorized subpoena, and contacted me several times following service of that subpoena while I have been attempting to retain counsel, in an effort to intimidate and harass me into complying with the unauthorized subpoena. This pattern of behavior is abusive and is only designed to intimidate an objector who raised legitimate concerns regarding the fairness of the proposed settlement.

> **B. *The court cannot rule on the Motion to Compel because the motion should have been filed in the district court where compliance is required and has not been properly transferred to the Issuing Court***

Under revised Rule 45 of the Federal Rules of Civil Procedure, subpoenas are issued from the court where the action is pending and can be served nationwide. However, any motion to compel compliance with a subpoena must be filed in the district where compliance is sought. Thus any motion to compel compliance with the subpoena should have been filed in district court in Wisconsin. The advisory committee notes to new Subdivision (f) clarify that subpoena related motions must be filed in the court were compliance is sought. The notes state: "Subdivision (f) is new. Under Rules 45(d)(2)(b), 45(d)(3), and 45(e)(2)(B), *subpoena-related motions and applications are to be made to the court where compliance is required* under Rule 45(c)." Thus under amended Rule 45, the primary forum for resolving subpoena disputes continues to be the court for the district where compliance is required.

In limited circumstances, the amended rule now permits the court where compliance is required to transfer subpoena related motions to the court where the matter is pending. Rule 45(f) states "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court <u>if the person subject to the subpoena consents</u> or <u>if the court finds exceptional circumstances</u>." Both the text of Rule 45(f) and the Advisory Committee Notes make clear that the authority to transfer such motions is limited. Transfers are only allowed if (1) the issuer and recipient consent to a transfer, or (2) if the district court where compliance is required finds "exceptional circumstances." The Advisory Committee's notes indicate that the district court's primary aim should be to avoid imposing compliance burdens on nonparties. The notes state: "In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions."

Thus under the amended rule, the primary forum for resolving motions to compel compliance with a subpoena continues to be the district court for the district where compliance is required. I have not consented to transfer to this court, and Class Counsel failed to request a transfer to this court. This court has no authority to compel compliance with the subpoena. Even had the required request to transfer been filed with the district court, that request should have been denied as the discovery sought here is irrelevant to the pending litigation and is only intended to harass and intimidate.

### C. *The discovery sought is solely intended to harass and irrelevant to any party's claims or defenses*

The discovery sought from does not serve any of the valid purposes for discovery set forth in Fed. R. Civ. Proc. 26(b). The discovery sought is not relevant to "any party's claim or defense" (FRCP 26(b)(1)), because the case has settled. Since the case has settled, there are no pending claims or defenses, mooting any purported assertion of relevance. Further, under Rule 26(b)(2)(C)(iii), the court must limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, . . . the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Because the case is already resolved, there can be no importance attached to the proposed discovery, which can only be described as burdensome and harassing, designed to chill my right to object to the proposed settlement.

Class Counsel cites and relies heavily on *In re Netflix Privacy Litig.*, 5:11-CV-00379-EJD, 2013 WL 6173772, at *2 (N.D. Cal. Nov. 25, 2013) in support of its claim that the discovery at issue here is warranted. The decision in *In re Netflix* followed the filing of a Motion for Additional Discovery, which in turn followed filing of an appeal to the Ninth Circuit by the party from whom the discovery was sought. Neither situation is relevant here, as Class Counsel has not properly filed a motion to request additional discovery or a motion to compel in the district court where compliance is required, and indeed did not follow proper procedures to obtain discovery at all. The court's ruling in *In re Netflix* is not relevant here; I have has not filed an appeal in this case, but has merely objected, which does not change his status in the above referenced litigation.

The reasons Class Counsel seeks to obtain discovery are improper on their face, and clearly indicate a desire to conduct a fishing expedition to uncover improper motive or illegal financial conduct rather than an attempt to obtain information relevant to the objections raised. Class Counsel's letter to the court states:

> "Plaintiffs seek discovery to confirm their belief that Casey lacks standing to object because he is not a Settlement Class Member, and therefore the Court should not entertain his objection. Moreover, Plaintiffs seek to depose Casey about issues related to his motives, which Plaintiffs believe arise from personal financial gain versus the Class' interests." *Class Counsel's letter motion to*

*compel, page 3.*

These are improper motives for attempting to obtain discovery, and merely constitute *ad hominem* attacks in an attempt to intimidate and cause me to withdraw his objections. That will never happen. I filed my objections at the invitation of this court. They were made in good faith. I hope the court seriously considers them. I also attached my accepted claim form to the objection; there is no standing issue.

Rather than approving Class Counsel's efforts to harass the objector, I respectfully asks the court consider its duty to protect class members' right to object and respond to the Motion to Compel in a way that reflects the importance of the procedural safeguards provided to non-parties by the Federal Rules. The deposition subpoena was improper, and combined with the harassment that followed, was abusive and retaliatory. Class Counsel's letter to this court is a further attempt at improper use of legal process. The court should reject Class Counsel's request for a court order.

Please be mindful of the important role objectors play in the settlement approval process in class action litigation. Once class counsel and defense counsel enter into a settlement agreement, unnamed class members' right to object to the settlement is an important procedural safeguard against collusion and unfairness. If Class Counsel is allowed to abuse legal process and harass unnamed class members in a way that prevents them from meaningfully participating in the settlement approval process, this will undermine the fairness of class action litigation.

Without consenting to this matter being heard by a Magistrate Judge, I respectfully request the court protect objectors' rights and reject this improper attempt to obtain discovery.

This letter was prepared with the assistance of counsel. I am in the process of looking for someone to represent me in Wisconsin and California as Class Counsel has now turned a simple objection into a blood feud.

Because of my work schedule I am not available for a telephone conference.

Very Truly Yours,

/s/ Michael Casey