CAFFERTY CLOBES
MERIWETHER & SPRENGEL LLP
Anthony F. Fata (*Admitted Pro Hac Vice*)
30 N. LaSalle Street, Suite 3200
Chicago, Illinois 60602
Tel:     (312) 782-4880
Fax:     (312) 782-4485
afata@caffertyclobes.com

CHAVEZ & GERTLER LLP
Mark A. Chavez (SBN 90858)
Dan L. Gildor (SBN 223027)
42 Miller Avenue
Mill Valley, California 94941
Tel:     (415) 381-5599
Fax:     (415) 381-5572
mark@chavezgertler.com
dan@chavezgertler.com

State Liaison and Class Counsel

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLE IPHONE/IPOD WARRANTY LITIGATION<br><br>This Document Relates to:<br><br>All Actions | Case No. 10-CV-01610<br><br>**DECLARATION OF ANTHONY FATA IN RESPONSE TO JEFFREY SCOTT KESSINGER'S OBJECTIONS TO CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES**<br><br>Date:         January 29, 2014<br>Time:         1:30 p.m.<br>Courtroom: 3<br>Judge:       Hon. Richard Seeborg |

I, Anthony F. Fata, declare as follows:

1.      I am a partner in the law firm of Cafferty Clobes Meriwether & Sprengel, LLP, which is counsel of record for Plaintiffs Sean Pennington and Meghan White, as well as one of the Court-appointed Class Counsel and the Court-appointed State Plaintiffs' Liaison Counsel in this action. I make the following declaration to the best of my knowledge, recollection and belief. Except where noted, the facts set forth in this declaration are based on first-hand knowledge about which I could and would testify competently in a court if called upon to do so.

2.      Attached hereto as **Exhibit 1** is a true and accurate copy of the Detailed Notice printed from the Settlement website (www.applewarrantysettlement.com). Regarding the process for objections, the Detailed Notice states in pertinent part:

> To object, you must send a letter saying that you object to *In re Apple iPhone/iPod Warranty Litigation*, Case No. 10-01610. Be sure to include your name, address, telephone number, signature, and the reasons you object to the settlement. Unless you are a Direct-Payment Settlement Class Member, you must also (1) identify the type of device for which you were denied warranty coverage (*i.e.*, iPhone or iPod touch), (2) identify the approximate date when and the Apple store location where you were denied coverage, and (3) provide the serial number of the device, or the Apple ID for the iTunes account you used with the device.
> Mail your objection and all supporting papers to both the Court and Settlement Administrator postmarked no later than December 4, 2013 … .

Exhibit 1 at p. 7.

3.      Attached hereto as **Exhibit 2** is a true and accurate copy of the Claim Form Instructions printed from the Settlement website (www.applewarrantysettlement.com). Regarding eligibility to submit a claim, the Claim Form Instructions state in pertinent part:

> Eligibility. To receive a cash payment from the Settlement Fund, all of the following must apply:
> ***
> Apple denied warranty coverage for your iPhone on or before December 31, 2009, OR
> Apple denied warranty coverage for your iPod touch on or before June 30, 2010;
> ***
> Apple denied warranty coverage because Apple stated that your iPhone or iPod touch had been damaged by liquid …

Exhibit 2 at p. 1.

//

//

DECLARATION OF ANTHONY FATA IN RESPONSE TO JEFFREY SCOTT KESSINGER'S OBJECTIONS TO CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES

4.      Attached hereto as **Exhibit 3** is a true and accurate copy of the Summary of Claim and Apple Data for Michael Casey that Class Counsel received from KCC (the "Summary"). In the Summary, KCC indicates that on October 2, 2013, Casey submitted a claim via the Settlement website for an iPod touch bearing Serial Number 9C822T4U14N, which Apple has indicated was replaced free of charge under warranty in April 2009. *See* Exhibit 3 at p. 1.

5.      Attached hereto as **Exhibit 4** is a true and accurate copy of Casey's Objection to Settlement which was printed from the Electronic Case File for this case, Docket No. 112. The front and back of the envelope in which Casey's Objection was mailed to the Clerk are also attached as Docket No. 112-1. The Objection is dated December 4, 2013. *See* Exhibit 4, at Dock. No. 112. p. 1 (the first page of Exhibit 4). The envelope in which it was mailed has a pre-paid postage stamp that was purchased on December 4, 2012 at zip code 92083, which is located in San Diego County, California, although the sender's address is listed as located in Madison, Wisconsin. *See* Exhibit 4 at Dock. No. 112-1 at p. 1.  Although the pre-paid postage stamp indicates that the postage was purchased on December 4, 2013, the Clerk's "Filed" stamp indicates that the Objection was filed on December 11, 2013. *See Id*. The U.S. Marshall's "Inspected" stamp indicates that the mailing was inspected on December 11, 2013. *See Id*. at Doc. No. 112-1, p. 2 (the last page of Exhibit 4).

6.      Attached hereto as **Exhibit 5** is a true and accurate copy of a subpoena that was issued for Michael Casey on December 17, 2013 (the "Subpoena"). Appended to the Subpoena as "Attachment A" is a document rider setting forth seven document requests.

7.      Attached hereto as **Exhibit 6** is a true and accurate copy of a Proof of Service signed by process server, Josh Curry, indicating that he delivered a copy of the Subpoena at 4957 Black Oak Drive, Madison, Wisconsin on December 18, 2013.

8.      Attached hereto as **Exhibit 7** is a true and accurate copy of a December 20, 2013 email that the undersigned sent to Casey attempting to schedule Casey's document production and deposition. Casey did not respond to this communication.

//

//

DECLARATION OF ANTHONY FATA IN RESPONSE TO JEFFREY SCOTT KESSINGER'S OBJECTIONS TO CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES

9.      Attached hereto as **Exhibit 8** is a true and accurate copy of a December 24, 2013 email that the undersigned sent to Casey attempting to schedule Casey's document production and deposition. Casey did not respond to this communication.

10.      Attached hereto as **Exhibit 9** is a true and accurate copy of a December 26, 2013 email that the undersigned sent to Casey regarding a telephone conversation on that day and attempting to schedule Casey's document production and deposition. As noted, during the conversation, Casey indicated that he had not yet retained counsel and that he would produce documents and provide a mutually acceptable date for his deposition.  *See Id.*

11.      Attached hereto as **Exhibit 10** is a true and accurate copy of a December 30, 2013 email that the undersigned sent to Casey attempting to schedule Casey's document production and deposition.

12.      Attached hereto as **Exhibit 11** is a true and accurate copy of an email that the undersigned received from Casey on December 31, 2013. It states: "I have been unable to reach my attorney of choice this week. He will be back in the office on 1/6/14. I will advise after connecting with attorney."

13.      Attached hereto as **Exhibit 12** is a true and accurate copy of a January 2, 2014 email that the undersigned sent to Casey attempting to schedule Casey's document production and deposition and attaching a Rule 30 Notice of Deposition. Casey did not respond to this communication.

14.      Attached hereto as **Exhibit 13** is a true and accurate copy of a Notice of Deposition that the undersigned emailed to Casey on January 2, 2014 and caused to be served by Certified United States Mail on January 3, 2014.

15.      Attached hereto as **Exhibit 14** is a true and accurate copy of a Certified Mail receipt for the Notice of Deposition that was signed by a "Jill Casey" on January 6, 2014.

16.      Attached hereto as **Exhibit 15** is a true and accurate copy of a January 6, 2014 email that the undersigned sent to Casey attempting to schedule Casey's document production and deposition and informing him that Plaintiffs would be forced to seek relief from the Court if a

3

DECLARATION OF ANTHONY FATA IN RESPONSE TO JEFFREY SCOTT KESSINGER'S OBJECTIONS TO CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES

response was not received by the close of business on January 7, 2014. Casey did not respond to this communication.

17.     Attached hereto as **Exhibit 16** is a true and accurate copy of an email that Class Counsel Dina Micheletti sent to Casey attaching Plaintiffs' motion to compel Casey's document production and deposition. Casey did not respond to this communication.

18.     Attached hereto as **Exhibit 17** is a true and accurate copy of Magistrate Judge Ryu's January 7, 2014 Order (Dock. No. 122) setting the hearing on the aforementioned motion to compel for January 13, 2014 at 2:00 p.m. which was printed from the Electronic Case File in this case.

19.     Attached hereto as **Exhibit 18** is a true and accurate copy of the Proof of Service (Dock. No. 125) indicating that the aforementioned Order was served on Michael Casey.

20.     Attached hereto as **Exhibit 19** is a true and accurate copy of Michael Casey's response (Dock. No. 129) to the aforementioned Motion to Compel. It states, "This letter was prepared with the assistance of counsel. I am in the process of looking for someone to represent me in Wisconsin and California … ." *See Id*. at 4. It also contains instances where Mr. Casey is referenced in both the first person (as if he wrote the letter) and third person (as if someone else, such as his attorney, wrote the letter). For example: (a) "I <u>have has</u> [*sic*] not filed an appeal in this case, but <u>has</u> merely objected, which does not change <u>his</u> <u>status</u> in the above referenced litigation." *Id*. at p. 3 (underlining added). (b) "These are improper motives for attempting to obtain discovery, and merely constitute *ad hominem* attacks in an attempt to intimidate and cause <u>me</u> to withdraw <u>his</u> objections." *Id*. at p. 4 (underlining added). (c) "Rather than approving Class Counsel's efforts to harass the objector, <u>I</u> respectfully <u>asks</u> the court consider its duty to protect class members' right to object … ." *Id*. (underlining added).

21.     Attached hereto as **Exhibit 20** is a true and accurate copy of Magistrate Judge Ryu's January 13, 2014 Order (Dock. No. 126) regarding Plaintiffs' motions to compel with respect to two objectors, including Casey. With respect to Casey, the Order states:

//

//

DECLARATION OF ANTHONY FATA IN RESPONSE TO JEFFREY SCOTT KESSINGER'S OBJECTIONS TO CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES

> Plaintiffs' motion for an order compelling Objector Michael Casey to appear for a deposition and to produce documents is granted. Casey's deposition shall take place by no later than January 20, 2014. The deposition is limited to four hours, exclusive of breaks, and shall take place at the location listed on the subpoena. As Casey has requested that he be served by email, Plaintiffs shall serve Casey by email with this Order by January 14, 2014. As Casey failed to timely object to the subpoena, any objections have been waived. Casey shall produce all responsive documents by no later than 5:00 p.m. on the day before the date scheduled for the deposition.

Ex. 19 at p. 3. Magistrate Judge Ryu subsequently ruled that Casey's response to the motion to compel (Dock. No. 129) was untimely. *See* Dock. No. 30.

22.     Attached hereto as **Exhibit 21** is a true and accurate copy of Class Counsel Dina Micheletti's January 13, 2014 email to Casey enclosing a copy of the aforementioned Order (Dock. No. 126) granting the motion to compel Casey's document production and deposition and attempting to schedule the same. Casey did not respond to this communication.

23.     Attached hereto as **Exhibit 22** is a true and accurate copy of undersigned counsel's January 14, 2014 email to Casey attempting to schedule the document production and deposition and stating that, absent a response from Casey, undersigned counsel would plan on taking the deposition on Friday, January 17, 2013, the last possible day permitted under Magistrate Judge Ryu's Order (excluding weekend days and Martin Luther King Day), but that Class Counsel would take it on one of those latter days if more convenient to Mr. Casey. Casey did not respond to this communication.

24.     Attached hereto as **Exhibit 23** is a true and accurate copy of undersigned counsel's January 15, 2014 email to Casey attaching records that Apple provided concerning Jill Casey's visit to the Apple store on April 1, 2009, and indicating that the visit resulted in Apple providing a free replacement under warranty for a device bearing the same serial number as that for which Casey submitted a claim. The email also reiterates the January 17, 2014 deposition date. Casey did not respond to this communication.

25.     Attached hereto as **Exhibit 24** is a true and accurate copy of a "Service Record" produced by Apple in this case. It indicates that, on April 1, 2009, Jill Casey visited the Apple Store located at the West Towne Mall in Madison, Wisconsin, and Apple provided a free replacement ($0.00 charged) for an iPod touch bearing serial number 9C822T4U14N.

26.     Attached hereto as **Exhibit 25** is a true and accurate copy of a Duplicate Receipt produced by Apple in this case. It indicates that $0.00 was charged for the replacement device that Jill Casey received on April 1, 2009.

27.     Attached hereto as **Exhibit 26** is a true and accurate copy of undersigned counsel's January 16, 2013 email to Casey indicating that his deposition would proceed at Friday January 17, 2014 at 10:00 a.m. at Gramann Reporting, 14 West Mifflin Street, Suite 311, Madison, WI 53703. Casey did not respond to this communication. It also attaches materials received from KCC and Apple indicating that Apple provided a free replacement for the device for which Casey had filed a claim.

28.     Attached hereto as **Exhibit 27** are two photographs. The first photograph depicts the sidewalk view of the external office building sign where Gramann Reporting is located, with the fourth line listing Gramann Reporting. The second photograph depicts a hallway sign just inside the building, with the left column indicating Gramann Reporting as being located in Suite 311 of the building. The undersigned took these photographs the morning of January 17, 2014.

29.     Attached hereto as **Exhibit 28** is the transcript prepared by the Court Reporter procured for the January 17, 2014 deposition of Casey. As indicated on the record, undersigned counsel and the Court Reporter were present at 10:00 a.m. and waited until 12:30 p.m. for Casey to appear. Undersigned Counsel received no communication from Casey that day.  Since January 17, 2014, Casey has not communicated with Class Counsel regarding his deposition.

30.     Attached hereto as **Exhibit 29** is a true and accurate copy of excerpted portions (with highlighting added) of an objection filed by attorney Darrel Palmer on behalf of several objectors, including a "Michael Casey," in a case styled *Fogel v. Farmers Group, Inc., et al.*, No. BC 300142 (Sup. Ct. Los Angeles County).

31.     Attached hereto as **Exhibit 30** is a true and accurate copy of a Declaration from Timothy O'Neill that undersigned counsel received from Apple's counsel together Exhibit A (Service Record) and Exhibit B (Duplicate Receipt).

32.     I am informed by Timothy N. Matthews of Chimicles & Tickellis LLP, one of the Class Counsel in this case, that he created a "dummy" Hotmail email account. Once logged into

DECLARATION OF ANTHONY FATA IN RESPONSE TO JEFFREY SCOTT KESSINGER'S OBJECTIONS TO CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES

that account, he viewed account "options" information and, specifically, information concerning spam "filters and reporting" and printed the pertinent information. Attached hereto as **Exhibit 31** is a true and accurate copy of the "Inbox>Options>Filters and reporting" page that he printed from that account on January 20, 2014 and sent to undersigned counsel.

33.     Each of the communications from Class Counsel to Casey requested that Casey provide his attorney's contact information, or to forward the communication to his attorney, or both to the extent he had retained an attorney. *See e.g.*, Exhibits 7-10, 12, 14, 15-16, 21, 22-23 and 26.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed at Chicago, Illinois on January 24, 2014.

Respectfully Submitted,

Dated: January 24, 2014          /s/ Anthony F. Fata

DECLARATION OF ANTHONY FATA IN RESPONSE TO JEFFREY SCOTT KESSINGER'S OBJECTIONS TO CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES

## CERTIFICATE OF SERVICE

I, Anthony F. Fata, an attorney of record in this action, hereby certify that I served a copy of the foregoing ***Declaration of Anthony F. Fata Regarding Casey Objection*** on the following parties by the means indicated below on this 24th day of January, 2014:

**Michael Casey (Objector/No Attorney Information on File/Provided)**
Michael Casey by email to michael@mickeycasey.com (per request to be served by email)


**Counsel for Apple, Inc. (Defendant)**
Penny Preovolos by ECF
George Harris by ECF

> /s/ Anthony F. Fata
> Anthony F. Fata (pro hac vice)
> CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
> 30 N. LaSalle, Suite 3200
> Chicago, Illinois  60602
> Phone: (312) 782-4880
> Fax: (312) 782-4485
> Email: afata@caffertyclobes.com

# EXHIBIT 1

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**You may be entitled to a cash payment from a class action settlement fund if Apple denied warranty coverage for your iPhone or iPod touch because Apple stated your device had been damaged by liquid.**

*The United States District Court, Northern District of California, authorized this notice.*

**The Settlement**

- The settlement will provide $53 million for cash payments to iPhone or iPod touch owners who were denied warranty coverage because Apple stated their devices had been damaged by liquid; Class Counsel's attorneys' fees and expenses; and incentive awards to the Class Representatives. The settlement also provides that Apple will separately pay the costs of providing notice and administering the settlement.

- To be eligible for a cash payment: (a) you must be a United States resident who is or was the owner of an iPhone or iPod touch; (b) which was submitted to Apple for warranty coverage on or before December 31, 2009, for an iPhone, or on or before June 30, 2010, for an iPod touch; (c) your iPhone or iPod touch must have been within the time limits of Apple's one-year limited warranty coverage or, if applicable, the AppleCare Protection Plan at the time it was submitted to Apple for warranty coverage; and (d) Apple denied warranty coverage because Apple stated that your iPhone or iPod touch had been damaged by liquid.

- The amount of the cash payment will vary. Please see the information and chart listed below in section No. 11 concerning payment amounts.

- Certain Settlement Class Members, called "Direct-Payment Settlement Class Members," are eligible to receive a cash payment without submitting a Claim Form. If the Settlement Administrator has all the information necessary to process your cash payment under the settlement, you will be sent a notice (by U.S. mail or email) advising that you are a Direct-Payment Settlement Class Member. **You must ensure that the Settlement Administrator has your current mailing address in order to receive a check.** See section No. 12, below, for instructions on how to provide a current address.

- If you do not receive notice that you are a Direct-Payment Settlement Class Member, you must submit a valid, timely Claim Form **in order to receive a cash payment.** For instructions, see section Nos. 12-14 below.

- Court-appointed lawyers for the Settlement Class will ask the Court to award up to 30% of the Settlement Fund (up to $15,900,000) as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- **This settlement affects your legal rights, regardless of whether you act or don't act. Please read this notice carefully.**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM / UPDATE MAILING ADDRESS** | Unless you are notified that you are a Direct-Payment Settlement Class Member, you must submit a Claim Form to get a payment. <br><br> If you are notified that you are a Direct-Payment Settlement Class Member, you do not need to submit a Claim Form to get a payment; however, you do have to ensure the Settlement Administrator has your current mailing address. |
| **DO NOTHING** | If you do not exclude yourself, you will remain a Settlement Class Member and give up rights, even if you do not receive a payment. <br><br> Direct-Payment Settlement Class Members will receive a payment even if they do nothing, but only if the Settlement Administrator has their current mailing address. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to be part of any other lawsuit against Apple concerning the claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The judge in charge of this case has not yet decided whether to approve this settlement. Payments from the Settlement Fund will be made if the judge approves the settlement and after appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**THE CASE AND SETTLEMENT** ....................................................................................................................3

1.  Why did I receive a notice about this settlement?

2.  What is this lawsuit about?

3.  What is a class action?

4.  Why is there a settlement?

**AM I A SETTLEMENT CLASS MEMBER?** ..................................................................................................3

5.  How do I know if I am a Settlement Class Member?

6.  Am I a Settlement Class Member if a family member or friend brought my iPhone or iPod touch to Apple for warranty coverage on my behalf?

7.  Are there exceptions to being included in the Settlement Class?

8.  Who is eligible to get a cash payment from the Settlement Fund?

9.  If I no longer have my iPhone or iPod touch, am I still eligible to get a cash payment from the Settlement Fund?

**THE SETTLEMENT BENEFITS -- WHAT DO I GET AND WHAT DO I HAVE TO DO TO GET PAID?** ......................4

10.  What does the settlement provide?

11.  How much can I get from this settlement?

12.  What do I have to do to get a cash payment from the Settlement Fund?

13.  Why do some Settlement Class Members have to fill out and submit Claim Forms, while other Settlement Class Members do not?

14.  How do I know if I have to fill out and submit a Claim Form in order to seek a cash payment from the Settlement Fund?

15.  When will I receive my cash payment?

16.  What am I giving up by staying in the Settlement Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .......................................................................................6

17.  How do I get out of the settlement?

18.  If I don't exclude myself, can I sue Apple for the same thing later?

19.  If I exclude myself, can I get money from the Settlement Fund?

**THE LAWYERS REPRESENTING YOU** .......................................................................................................7

20.  Who are the lawyers representing the Settlement Class?

21.  How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** .........................................................................................................7

22.  How do I tell the Court that I don't like the settlement?

23.  What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** ........................................................................................................8

24.  When and where will the Court decide whether to approve the settlement?

25.  Do I have to come to the hearing?

26.  May I speak at the hearing?

**IF YOU DO NOTHING** ..........................................................................................................................8

27.  What happens if I do nothing at all?

**GETTING MORE INFORMATION** .............................................................................................................8

28.  How do I get more information about this case and/or about the settlement?

## THE CASE AND SETTLEMENT

**1. Why did I receive a notice about this settlement?**

You may be a United States resident (person or entity) who owns or owned an iPhone or iPod touch that was submitted for repair or replacement in the United States under Apple's one-year limited warranty or AppleCare Protection Plan, and Apple denied warranty coverage because Apple stated that your iPhone or iPod touch had been damaged by liquid. Not all recipients of a notice are class members. In order to determine if you are a class member, see section No. 5, below.

The Court ordered notice to be sent to you because, if you are a Settlement Class Member, you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after any appeals are resolved, a Settlement Administrator appointed by the Court will make the payments that the settlement allows.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the proposed settlement in this case is the United States District Court for the Northern District of California, and the case is known as *In re Apple iPhone/iPod Warranty Litigation*, Case No. 10-01610 (N.D. Cal.). The people who sued are called Plaintiffs or the Class Representatives, and the company they sued, Apple Inc., is called the Defendant.

In addition, a lawsuit pending in the Superior Court of the State of California, County of Santa Clara, *Pennington, et al. v. Apple, Inc.*, Case No. 1-10-CV-162659 (the "State Action"), will be dismissed in connection with the settlement.

**2. What is this lawsuit about?**

In this lawsuit, the Class Representatives allege that Apple wrongfully denied warranty coverage by stating that their iPhones and iPod touches had been damaged by liquid because a Liquid Contact Indicator ("LCI") or Liquid Submersion Indicator ("LSI") visible through the headphone jack or dock connector had turned pink or red. Apple denies all allegations and has entered into this settlement to avoid burdensome and costly litigation. The settlement is not an admission of wrongdoing by Apple.

**3. What is a class action?**

In a class action, one or more people, called Class Representatives (in this case Charlene Gallion, Christopher Corsi, Raj Johal, and Sean Pennington and Meghau White), sue on behalf of people who have similar claims. All of these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who choose to exclude themselves from the Class. United States District Court Judge Richard Seeborg is in charge of the proposed settlement of this class action.

**4. Why is there a settlement?**

The Court did not decide in favor of Plaintiffs or Apple. Instead, both sides agreed to a settlement. That way, they avoid the cost and uncertainty of further litigation and trial, and settlement benefits go to the Settlement Class Members. The Class Representatives and Class Counsel believe the settlement described in this notice is in the best interests of Settlement Class Members.

### AM I A SETTLEMENT CLASS MEMBER?

To see if you are eligible to receive or seek a cash payment from the Settlement Fund, you must determine whether you are a Settlement Class Member.

**5. How do I know if I am a Settlement Class Member?**

The Court has decided that everyone who fits the following description is a Settlement Class Member:

> All United States residents who are or were owners of a Class Device (a) that was tendered to Apple in the United States for repair or replacement during the Relevant Time Period; (b) at the time of tender, the Class Device was within either the one-year limited warranty period or, if covered by an AppleCare Protection Plan, the two-year plan coverage period; and (c) repair or replacement of the tendered Class Device was denied by Apple on the basis of Apple's Former Liquid Damage Policy.

Apple's "Former Liquid Damage Policy" means Apple's former policy of denying warranty coverage for an iPhone or iPod touch whose headphone jack and/or dock connector LCI (or LSI) turned pink or red. The Class Devices include all iPhone and iPod touch models that were the subject of a warranty claim that was denied based on Apple's Former Liquid Damage Policy. Apple's Former Liquid Damage Policy was in effect for iPhone through December 31, 2009, and for iPod touch through June 30, 2010.

**6. Am I a Settlement Class Member if a family member or friend brought my iPhone or iPod touch to Apple for warranty coverage on my behalf?**

Yes. You are a Settlement Class Member if you satisfy each of the criteria in section No. 5, above, even if someone other than you brought your iPhone or iPod touch to Apple to try to obtain warranty coverage. But there will be only one cash payment for each iPhone or iPod touch that is covered by this settlement.

**7. Are there exceptions to being included in the Settlement Class?**

Yes. Even if they satisfy each of the criteria for inclusion in the Settlement Class, the following people are excluded: Counsel for the Parties and members of their immediate families; Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns; the presiding judges in the Federal Action (*In re Apple iPhone/iPod Warranty Litigation*, Case No. 10-01610 (N.D. Cal.)) and in the State Action (*Pennington, et al. v. Apple Inc.*, Case No. 1-10-CV-162659 (Cal. Super. Ct., Santa Clara Cty.); and all persons who validly request exclusion from the Settlement Class.

**8. Who is eligible to get a cash payment from the Settlement Fund?**

To qualify for a cash payment from the Settlement Fund, you must satisfy each of the following criteria:

1.  You are a United States resident;

2.  Apple denied warranty coverage:

    a.  for your **iPhone** on or before December 31, 2009, **OR**

    b.  for your **iPod touch** on or before June 30, 2010;

3.  When it was submitted to Apple for warranty coverage, your iPhone or iPod touch was covered either by its original one-year limited warranty **OR** by an AppleCare Protection Plan; and

4.  Apple denied warranty coverage because Apple stated that your iPhone or iPod touch had been damaged by liquid.

5.  Some Settlement Class Members, called "Direct-Payment Settlement Class Members," will receive a cash payment even if they do not submit a Claim Form. If the Settlement Administrator has all the information necessary to process your cash payment under the settlement, you will be sent a customized notice (by postal mail or email) advising you that you are a Direct-Payment Settlement Class Member. However, if you are a Direct-Payment Settlement Class Member you will receive a check only if the Settlement Administrator's records reflect your current mailing address, so you should check to ensure that the notice you receive reflects your correct mailing address. If it does not, you must provide or correct it. You can provide or correct your U.S. mail or email address on the Settlement Website at www.AppleWarrantySettlement.com. The deadline for providing or correcting your mailing address is October 21, 2013. If your mailing address changes after the deadline, you must notify the Settlement Administrator within 45 days after the change at the website above.

6.  If you are not a Direct-Payment Settlement Class Member, you must fill out and submit a valid Claim Form online no later than **9:00 p.m.** Pacific time on **October 21, 2013 or by mail postmarked no later than October 21, 2013 in order to receive a cash payment.** See section No. 12, below. If you are unsure whether you are a Direct-Payment Settlement Class Member, you should submit a valid Claim Form.

**9. If I no longer have my iPhone or iPod touch, am I still eligible to get a cash payment from the Settlement Fund?**

Yes, so long as you meet the requirements described in section No. 8, above.

### THE SETTLEMENT BENEFITS — WHAT DO I GET AND WHAT DO I HAVE TO DO TO GET PAID?

**10. What does the settlement provide?**

*   Apple will deposit $53 million into a non-reversionary Settlement Fund that will be used to pay valid claims, and to pay incentive awards to the Class Representatives and attorneys' fees and costs to Class Counsel as approved and awarded by the Court for investigating the facts, litigating the case, and negotiating the settlement.

*   The amount of the Settlement Fund not used to pay attorneys' fees and litigation expenses (which are not to exceed 30% of the Settlement Fund) and incentive awards is called the **Net Settlement Fund.**

*   In addition to the $53 million Settlement Fund, Apple will pay the costs of distributing Class Notice and administering claims. So the **Net Settlement Fund** will not be reduced by notice and administration costs.

*   "Non-reversionary" means that none of the money in the Settlement Fund will be returned to Apple. Any money remaining in the Settlement Fund after the payments from the Net Settlement Fund to Settlement Class Members as well as payment of attorneys' fees and costs, and incentive awards to the Class Representatives, will be distributed to one or more of the following organizations upon approval by the Court:

    ·   Center for Auto Safety

    ·   Consumer Federation of America

    ·   Consumers Union

    ·   National Association of Consumer Advocates

    ·   National Consumer Law Center

## 11. How much can I get from this settlement?

If you are a Direct-Payment Settlement Class Member for whom the Settlement Administrator has a current address, or if you are a Settlement Class Member who submits a valid claim, you will receive a proportionate share of the Net Settlement Fund. Your share of the Net Settlement Fund will be determined by the type (*i.e.*, iPhone, iPhone 3G, iPhone 3GS, iPod touch) and configuration (*i.e.*, 4, 8, 16, 32 or 64 gigabytes) of the device for which you sought warranty coverage from Apple. Those amounts are listed in the chart below. These amounts represent the average amounts paid to Apple for replacement of each device type and configuration. The exact amount of the share you receive may be higher or lower than the amounts listed below, depending on the total number of Settlement Class Members eligible for a payment and the type and configuration of their devices. No eligible Settlement Class Member will receive more than 200% of the amount listed below for their device type and configuration.

| Device Type & Configuration | Average Replacement Amount |
|---|---|
| iPhone | |
| 4GB | $215 |
| 8GB | $260 |
| 16GB | $300 |
| iPhone 3G | |
| 8GB | $215 |
| 16GB | $215 |
| iPhone 3GS | |
| 16GB | $215 |
| 32GB | $215 |
| iPod touch | |
| 8GB | $160 |
| 16GB | $215 |
| 32GB | $265 |
| iPod touch (2nd Gen) | |
| 8GB (Sep '08) | $125 |
| 8GB (Sep '09) | $105 |
| 16GB | $160 |
| 32GB | $210 |
| iPod touch (3rd Gen) | |
| 32GB | $160 |
| 64GB | $215 |

There will be only one cash payment per device (as identified by its unique serial number).

## 12. What do I have to do to get a cash payment from the Settlement Fund?

It depends.

Direct-Payment Settlement Class Members will be able to obtain a cash payment without submitting a Claim Form. **You will be notified by e-mail and/or U.S. mail if you are a Direct-Payment Settlement Class Member.** However, if you are a Direct-Payment Settlement Class Member, you will receive a check only if the Settlement Administrator has your current mailing address, so you should check to ensure that the notice you receive reflects your correct mailing address. You can provide or correct your U.S. mail or email address on the Settlement Website at www.AppleWarrantySettlement.com. The deadline for providing or correcting your mailing address is October 21, 2013. If your mailing address changes after the deadline, you must notify the Settlement Administrator within 45 days after the change at the website above. There is no guarantee that you will receive your payment check if the Settlement Administrator does not have your current mailing address.

**If you do not receive a notice by e-mail or by U.S. mail advising you that you are a Direct-Payment Settlement Class Member, or if you are unsure whether you are a Direct-Payment Settlement Class Member, then you must submit a valid, timely Claim Form in order to receive money from this settlement.**

You may fill out and submit a Claim Form online at the Settlement Website www.AppleWarrantySettlement.com by clicking the "Make A Claim" tab.

If you prefer to submit a Claim Form by U.S. mail, you may download a written Claim Form from the Settlement Website or obtain one by calling 1-855-282-8115.

**You must read the instructions carefully, fill out the form completely as directed in the instructions, and affirm that the information you have inputted is true and correct to the best of your recollection, knowledge and belief.**

All Claim Forms submitted electronically via the Settlement Website must be submitted before 9:00 p.m. Pacific time on October 21, 2013. All Claim Forms submitted by U.S. mail must be postmarked no later than October 21, 2013. **If you are required to submit a Claim Form and you fail to do so by October 21, 2013, your Claim Form will be rejected, and you will be deemed to have waived all rights to receive any money from the Settlement Fund, but will still be bound by the terms of the Settlement Agreement and any final judgment approving it.**

## 13. Why do some Settlement Class Members have to fill out and submit Claim Forms, while other Settlement Class Members do not?

Some Settlement Class Members do not need to fill out and submit a Claim Form in order to obtain a cash payment from the Settlement Fund because the Settlement Administrator already has sufficient information to process their payment under the settlement.

For other Settlement Class Members, the Settlement Administrator does not have sufficient information to process a payment under the settlement. These Settlement Class Members must fill out and submit valid Claim Forms so the Settlement Administrator can verify whether they are entitled to payment under the terms of the settlement.

## 14. How do I know if I have to fill out and submit a Claim Form in order to seek a cash payment from the Settlement Fund?

If you do not receive a notice from the Settlement Administrator by email and/or by U.S. Mail specifically advising you that you are a Direct-Payment Settlement Class Member, then you **must** fill out and submit a valid, timely Claim Form in order to seek a cash payment from the Settlement Fund. **When in doubt, submit a Claim Form!**

## 15. When will I receive my cash payment?

We cannot provide a date at this time. Before any money can be distributed, the Court must approve the settlement. The Settlement Hearing is currently scheduled to take place on January 29, 2014, at 1:30 p.m. If the Court approves the settlement, there may be appeals. The appeal process can take time, likely more than a year. Please be patient. Status updates will be posted on the Settlement Website at www.AppleWarrantySettlement.com.

## 16. What am I giving up by staying in the Settlement Class?

Unless you choose to exclude yourself, you will remain in the Settlement Class, and that means that you are eligible to seek a cash payment, but can't sue, continue to sue, or be part of any other lawsuit against Apple about the legal claims in *this* case. It also means that all of the Court's orders will apply to you and legally bind you. Unless you exclude yourself, you will agree to a "Release of Claims," which describes exactly the legal claims that you are giving up. The "Release of Claims" reads as follows:

> As of the Effective Date, Releasing Persons hereby fully and irrevocably release and forever discharge Released Persons from any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, that were or could have been alleged or asserted against any of the Released Persons in the Class Actions, that relate to the denial by Apple of Warranty Claims pertaining to Class Devices as a result of Apple's Former Liquid Damage Policy ("Released Claims"). Personal injury claims are excluded from the Released Claims.

> "Releasing Persons" means Plaintiffs, each Settlement Class Member, and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns.

> "Released Persons" means Apple and each of its past or present directors, officers, employees, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, affiliates, parents, subsidiaries, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, related companies, and divisions, and each of their predecessors, successors, heirs, and assigns.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, and you want to keep the right to sue or continue to sue Apple, on your own, about the legal claims in this case, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as "opting out" of the Settlement Class.

## 17. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by United States mail saying that you want to be excluded from *In re Apple iPhone/iPod Warranty Litigation*. Be sure to include your name, address, telephone number, and signature. Unless you are a Direct-Payment Settlement Class Member, you must also identify (1) the type of device for which you were denied warranty coverage (*i.e.*, iPhone or iPod touch), and (2) the approximate date when and location where you were denied coverage. You must mail your exclusion request to the following address postmarked no later than December 4, 2013: Apple Warranty Settlement Administrator, P.O. Box 43184, Providence RI 02940-3184.

If you ask to be excluded, you will not get any settlement payment and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Apple in the future about the legal claims in this case.

## 18. If I don't exclude myself, can I sue Apple for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Apple for the claims that this settlement resolves. If you have a pending lawsuit against Apple involving these claims, speak to your lawyer in that case immediately. You must exclude yourself from *this* Settlement Class to continue your own lawsuit. Remember, your exclusion must be postmarked on or before December 4, 2013.

**19. If I exclude myself, can I get money from the Settlement Fund?**

No. If you exclude yourself, you may not obtain any money from this Settlement Fund and you should not send in a Claim Form. If you submit both an exclusion and a Claim Form, your Claim Form will be rejected because you excluded yourself from and will no longer be a member of the Settlement Class. But if you exclude yourself, you may sue, continue to sue, or be part of a different lawsuit against Apple about the legal claims in this case.

### THE LAWYERS REPRESENTING YOU

**20. Who are the lawyers representing the Settlement Class?**

The Court has appointed the law firms of Fazio | Micheletti LLP and Chimicles & Tikellis LLP as co-lead counsel to represent the Settlement Class. In addition, the Court has appointed the law firm of Cafferty Clobes Meriwether & Sprengel LLP to serve as State Plaintiffs' Liaison Counsel.

### Contact Information

**Plaintiffs' Co-Lead Counsel**

Jeffrey L. Fazio
Dina E. Micheletti
Fazio | Micheletti LLP
2410 Camino Ramon, Ste. 315
San Ramon, CA 94583
Email: info@fazmiclaw.com
Phone: (925) 543-2555

Steven A. Schwartz
Timothy N. Mathews
Chimicles & Tikellis LLP
361 West Lancaster Avenue
Haverford, PA 19041
Email: applesettlement@chimicles.com
Phone: (610) 642-8500

**State Plaintiffs' Liaison Counsel**

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
Email: afata@caffertyclobes.com
Phone: (312) 782-4880

The Court has also appointed the following law firms as counsel to represent the Settlement Class: The Kralowec Law Group; the Law Offices of Earl L. Bohachek; Chavez & Gertler LLP; Shepherd, Finkelman, Miller & Shah LLP; Bohrer Law Firm LLC; Keogh, Cox & Wilson; and Heins Mills & Olson, P.L.C.

Together, all of these lawyers are called Class Counsel. You will not be charged separately for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**21. How will the lawyers be paid?**

Class Counsel will ask the Court to approve payment of up to 30% of the $53 million Settlement Fund (up to $15,900,000) to them for attorneys' fees and reimbursement of costs and expenses. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. To date, Class Counsel have not received any compensation for their work in litigating the case. Class Counsel will also ask the Court to approve payment of an incentive award of $1,000 to each of the Class Representatives (except Meghan White and Sean Pennington for whom a joint award of $1,000 will be sought) for their services to the Settlement Class. Any attorneys' fees, expenses, and incentive award payments approved by the Court will be paid from the Settlement Fund before cash is distributed to the Settlement Class. The Court may award less than these amounts. Apple has reserved the right to object to these amounts. Apple has agreed to separately pay the costs of providing notice and administering the settlement, which means those costs will not come out of the Settlement Fund.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**22. How do I tell the Court that I don't like the settlement?**

If you're a Settlement Class Member, you can object to the settlement (on your own or through a lawyer at your expense) if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to *In re Apple iPhone/iPod Warranty Litigation*, Case No. 10-01610. Be sure to include your name, address, telephone number, signature, and the reasons you object to the settlement. Unless you are a Direct-Payment Settlement Class Member, you must also (1) identify the type of device for which you were denied warranty coverage (*i.e.*, iPhone or iPod touch), (2) identify the approximate date when and the Apple store location where you were denied coverage, and (3) provide the serial number of the device, or the Apple ID for the iTunes account you used with the device.

Mail your objection and all supporting papers to both the Court and Settlement Administrator postmarked no later than December 4, 2013:

| COURT | SETTLEMENT ADMINISTRATOR |
|---|---|
| Clerk of the Court | |
| United States District Court for the Northern District of California | Apple Warranty Settlement Administrator |
| San Francisco Division | P.O. Box 43184 |
| 450 Golden Gate Avenue | Providence, RI 02940-3184 |
| San Francisco, CA 94102 | |

**NOTE:** If you are a registered user of the Court's Public Access to Court's Electronic Records ("PACER") system, you may file your objection via PACER. If you file your objection via PACER, you do not need to mail the objection as set forth above.

### 23. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the class. Excluding yourself is telling the Court that you don't want to be part of the class. If you exclude yourself, you have no basis to object, because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend, and you may ask to speak, but you don't have to.

### 24. When and where will the Court decide whether to approve the settlement?

The Court has scheduled a fairness hearing at 1:30 p.m. on January 29, 2014, at the United States District Court for the Northern District of California, San Francisco Division, Courtroom 3 (17th Floor), located at 450 Golden Gate Avenue, San Francisco, California 94102. The fairness hearing and other dates may change by order of the Court without further notice. Any changes will be posted to the Settlement Website.

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. The Court will also consider how much to pay Class Counsel for fees and reimbursement of expenses, and the amount of incentive awards to award the Class Representatives for their services to the Settlement Class. If there are objections from Settlement Class Members, the Court will consider them. The Court will also listen to Settlement Class Members whose requests to be heard are granted at the hearing. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take. Please be patient.

If the fairness hearing is rescheduled, a notice of the new date or time will be posted on the settlement website, www.AppleWarrantySettlement.com.

### 25. Do I have to come to the hearing?

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time and included the required information, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 26. May I speak at the hearing?

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re Apple iPhone/iPod Warranty Litigation*." Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than December 4, 2013, and be sent to the Clerk of the Court and the Settlement Administrator at the two addresses listed in section No. 22. You cannot speak at the hearing if you exclude yourself.

### IF YOU DO NOTHING

### 27. What happens if I do nothing at all?

It depends.

*All* Settlement Class Members who do not take steps to get out of the lawsuit will remain in the Settlement Class and will give up their rights to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Apple about the claims in *this* case, ever again, even if they do not get any money from the Net Settlement Fund.

If you have been notified that you are a Direct-Payment Settlement Class Member and the Settlement Administrator has your current mailing address, you will receive money from the Net Settlement Fund without having to submit a Claim Form.

If you have been notified that you are a Direct-Payment Settlement Class Member but the Settlement Administrator does not have your current mailing address and you do not supply the Settlement Administrator with your current mailing address, you may not receive any money from the Net Settlement Fund.

If you were *not* notified that you are a Direct-Payment Settlement Class Member and *you do not submit a valid, timely Claim Form*, you will not receive money from the Net Settlement Fund.

### GETTING MORE INFORMATION

### 28. How do I get more information about this case and/or about the settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by visiting the settlement website at www.AppleWarrantySettlement.com.

You can call 1-855-282-8115 toll free or visit the settlement website at www.AppleWarrantySettlement.com, where you will find more information about this lawsuit and about this settlement, including settlement documents, and answers to common questions about the settlement.

The settlement website also allows you to fill out and submit a Claim Form online. Or you may download a Claim Form if you prefer to submit it by U.S. mail. You may also contact the Settlement Administrator: Apple Warranty Settlement Administrator, P.O. Box 43184, Providence, RI 02940-3184.

You may obtain copies of all documents filed in the Federal Action (*In re Apple iPhone/iPod Warranty Litigation*, Case No. 10-01610) at the United States District Court for the Northern District of California, San Francisco Division, during regular office hours at the Office of the Clerk, 450 Golden Gate Avenue, San Francisco, CA 94102. You may also obtain copies of all documents filed in the State Action (*Pennington, et al. v. Apple Inc.*, Case No. 1-10-CV-162659) at the Superior Court of California, County of Santa Clara, 191 North First Street, San Jose, CA 95113.

**DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THE SETTLEMENT.**

DATED: August 6, 2013

Hon. Richard Seeborg
Judge of the United States District Court
for the Northern District of California

# EXHIBIT 2

# In re Apple iPhone/iPod touch Warranty Litigation — Settlement Website

Home

Claim Form
Instructions

Verify/Update Contact
Information

File a Claim

Detailed Notice

Court Documents

Frequently Asked
Questions

Questions?
Call 1-855-282-8115

Documents require Adobe
Reader. Download it free.



## Instructions

1. **Important.** Please read these Instructions carefully.

2. **Deadline.** Claim Forms must be submitted online by **9:00 p.m. Pacific on October 21, 2013** or by **mail postmarked no later than October 21, 2013.**

3. **How to Access the Claim Form.** After reading these Instructions, click the "Continue to Claim Form" link at the bottom of this page to begin filling out your Claim Form online.

4. **Eligibility.** To receive a cash payment from the Settlement Fund, all of the following must apply:

   ○ You are a United States resident;

   ○ Apple denied warranty coverage for your **iPhone** on or before December 31, 2009, **OR** Apple denied warranty coverage for your **iPod touch** on or before June 30, 2010;

   ○ Your iPhone or iPod touch was covered by either its original one-year limited warranty **OR** by an AppleCare Protection Plan when it was submitted to Apple for warranty coverage;

   ○ Apple denied warranty coverage because Apple stated that your iPhone or iPod touch had been damaged by liquid; and

   ○ You fill out and submit a valid Claim Form online by **9:00 p.m. Pacific on October 21, 2013** or by mail postmarked no later than **October 21, 2013.**

5. **Submitting claims for more than one device.** You must complete and submit a separate Claim Form for each device for which you are making a claim. There will be only one cash payment per device (as identified by its unique serial number).

6. **Your information is subject to verification but will be confidential.** The Settlement Administrator or Apple may verify the information you provide on the Claim Form for purposes of validating and paying your claim, but will treat the information as confidential and will not use it for any purpose other than validating and paying your claim. The Settlement Administrator may, in its discretion, reject your Claim Form if you provide incomplete or inaccurate information. Please fill out all required information on the Claim Form completely and accurately.

7. **Serial Number.** The Claim Form requires you to provide either (a) the serial number for the iPhone or iPod touch that was denied warranty coverage **OR** (b) other information, such as your Apple ID, email address(es) and telephone number(s) that you provided to Apple when you purchased or registered any Apple product, or your iPhone telephone number, which will be used to help the Settlement Administrator to find your serial number. **The Settlement Administrator must have a serial number in order to pay your claim. For help finding your serial number, see the links below. If you cannot find your serial number using the links below, the other information that you provide will be used by Apple and the Settlement Administrator to try to find your serial number. If your serial number cannot be found, your claim cannot be paid.**

   ○ **How to find the serial number if you have your iPhone or iPod touch?**
   Go to "About" in your Settings menu.

   ○ **How to find the serial number if you no longer have your iPhone or iPod touch?**
   Click on https://supportprofile.apple.com/MySupportProfile.do. If you are prompted for your Apple ID and do not remember it, go to http://appleid.apple.com and follow the directions on the website.

8. **Submit, Print and Save.** After you submit your Claim Form, you will be prompted to click a "Submit Your Claim Form" button. After you submit your Claim Form, please print and save a copy of your Claim Form for your records.

**Remember:** To be valid, your Claim Form must be completely and accurately filled out, must include all required information, and must be submitted online by 9:00 p.m. Pacific on October 21, 2013 or by mail postmarked no later than October 21, 2013. Late claims will be denied.

Please click one of the links below to continue.

- Verify/Update Contact Information »
- Continue to Claim Form »

Home    Claim Form Instructions    Verify/Update Contact Information    File a Claim Online    Detailed Notice    Court Documents    Frequently Asked Questions

# EXHIBIT 3

| Claim ID | Filing Method | Device Type | Device Name | CB_1 | CB_2 | 1Year | AppleCare | Deny Date | City Mall | Store State |
|---|---|---|---|---|---|---|---|---|---|---|
| 60012801901 | FileOnline | ITOUCH | | Y | Y | N | Y | 03/2009 | Madison West | WI |

| Serial Number | No Serial Number | Signed | Signed Date | Confirm Address Flag | Signature Date | Signature | Date Created |
|---|---|---|---|---|---|---|---|
| 9C822T4U14N | N | Y | 10/02/2013 | | 10/2/2013 4:46:21 PM | MICHAEL CASEY | 10/2/2013 4:46:21 PM |

CB_1 is the first box in the Confirmations section "Apple denied warranty coverage because Apple stated that my iPhone…."

CB_2 is the second box in the Confirmations section "At the time Apple denied warranty coverage, my iPhone or iPod touch was within the coverage…."

*Columns following "No Serial Number" (e.g., other information provided) have been removed because Mr. Casey provided a serial number.

# EXHIBIT 4

December 4, 2013

FILED

2013 DEC 11 P 3: 18

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk of the Court
U.S. District Court for the Northern District of California
San Francisco Division
450 Golden Gate Avenue
San Francisco, CA 94102

*In re: Apple iPhone/iPod Warranty Litigation*
Case No. 10-01610

## OBJECTION TO SETTLEMENT

Dear Clerk of Court and Honorable Court:

Please accept this letter as my objection to the proposed class action settlement and the request for excessive attorneys' fees by class counsel. I am a class member. Attached is a copy of my filed claim form which provides proof of class membership. The proponents of this settlement have <u>not</u> met their burden to show that the settlement is fair, reasonable, and adequate.

Objection is made based on the proposed award of attorneys' fees, which is excessive under both a lodestar and a percentage of recovery methodologies. Additional objection is made to the extent of the failure of class counsel to make a detailed attorneys' fee and expense application. 30% is too much. The settlement funds belong to the class and I expect the court to fulfill its fiduciary duty to me and other class members. Please do not pay them until we have billing records and know how the money is to be split among the lawyers.

I object to the cy pres recipient that is related to the auto industry – there's no connection to the class.

**OBJECTION TO SETTLEMENT**
Page 2

     I also join in and incorporate herein by reference any and all objections filed by other objectors as though set forth in full, to the extent not inconsistent with the specific objections made herein.

     I intend to find a lawyer to represent me at the fairness hearing.  Please serve me with copies of all future filings via email.  Please only communicate with me via email.

Sincerely,

Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

cc: *Via USPS First Class Mail*

Apple Warranty Settlement Administrator
PO Box 43184
Providence RI 02940-3184

2

U.S. POSTAGE
$.46
02083
12/04/13
Ship 2500
0834 1653

Clerk of the Court
U.S. District Court Northern Dist. of California
San Francisco Division
450 Golden Gate Avenue
San Francisco, CA 94102

9410234G210

Michael Casey
4957 Black Oak Drive
Madison WI 53711

INSPECTED BY

DEC 11 2013

U.S. MARSHALS SERVICE

# EXHIBIT 5

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| In Re Apple iPhone/iPod Warranty Litigation | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   10-1610 |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                          Michael Casey

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Gramann Reporting, Ltd., 14 W. Mifflin St. #311, Madison, Wisconsin 53703 | Date and Time: 12/30/2013 9:00 am |
|---|---|

The deposition will be recorded by this method:    stenographic and video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Documents listed on Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  12/17/13

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk                        Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiffs Charlene Gallion, Chris Corsi, Raj Johal, Megan White, and Sean Pennington    , who issues or requests this subpoena, are:
Timothy N. Mathews, Esq., Chimicles & Tikellis, LLP, 361 W. Lancaster Ave, Haverford, PA 19041, TNM@chimicles.com, 610-642-8500

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 10-1610

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____45.00_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

MICHAEL CASEY SUBPOENA ATTACHMENT A

## DEFINITIONS

1) "YOU" or "YOUR" means you individually and any and all agents, representatives, contractors, consultants, or any other persons acting or purporting to act on your behalf.

2) "DOCUMENT" shall be synonymous in meaning and usage to the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "DOCUMENT" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e., magnetic or other storage media), electronic mailing lists or automated fax support systems. The term "DOCUMENT" specifically includes electronic mail, text messages, all other forms of electronic correspondence or electronic peer-to-peer messages, and any documents, attachments and files created and/or maintained in electronic form.

3) "CONSIDERATION" means any payment in cash or kind, quid pro quo, promise, or exchange of value, whether monetary or otherwise.

## DOCUMENTS TO BE PRODUCED

1) Produce all DOCUMENTS pertaining to all efforts to obtain warranty coverage for the iPod touch device for which YOU filed a claim in this action, including but not limited to all DOCUMENTS that memorialize or constitute any communications with Apple or any other person regarding efforts to obtain warranty coverage for that iPod touch device.

2) Produce all DOCUMENTS sufficient to establish the acquisition (by purchase or any other means) of each iPhone or iPod touch device for which YOU filed a claim in this action.

3) Produce all non-privileged DOCUMENTS supporting YOUR objection to the settlement of this action, including but not limited to, all non-privileged communications and DOCUMENTS related to the settlement, notice and claims process in this action.

4) Produce all DOCUMENTS relating to agreements between YOU and any other person (including but not limited to any other objector or attorney) in relation to this action, including any agreement to compensate YOU for acting as an objector.

H0031735.2

5) Produce all retention and engagement agreements between YOU and YOUR attorneys in this action that are related to YOU and YOUR attorney's involvement in this action, including without limitation all agreements pertaining to the sharing of fees between YOU and YOUR attorneys in this action and the sharing of fees among YOUR attorneys in this action.

6) Produce all DOCUMENTS sufficient to establish the relief, if any, YOU obtained for settlement class members as a result of the objections filed by YOU in *Fogel v. Farmers Group, Inc.*, Docket No. B238538 (Cal. Ct. App. Feb. 21, 2012)

7) Produce all DOCUMENTS that pertain to any CONSIDERATION that YOU or YOUR attorneys obtained as a direct or indirect result of YOUR agreement to withdraw the objections filed in in *Fogel v. Farmers Group, Inc.*, Docket No. B238538 (Cal. Ct. App. Feb. 21, 2012).

# EXHIBIT 6

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 10-1610

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Michael Casey

on *(date)* 12/18/13 .

☒ I served the subpoena by delivering a copy to the named individual as follows: Michael Casey

at 4957 Black Oak Drive, Madison, WI.

_____ on *(date)* 12/18/13 ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 45.00 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 12-20-13

_____
Server's signature

Josh Curry
Printed name and title

212 S. Henry St. #1, Madison, WI 53703
Server's address

Additional information regarding attempted service, etc.:

# EXHIBIT 7

**Anthony Fata**

| | |
|---|---|
| **From:** | Anthony Fata |
| **Sent:** | Friday, December 20, 2013 5:13 PM |
| **To:** | 'michael@mickeycasey.com' |
| **Subject:** | In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610 |
| **Attachments:** | 2013-12-17 Casey Final Subpoena.pdf; 2013-12-20 Affidavit of Service.pdf |

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

I write in connection with your objection to the settlement in the lawsuit titled, *In re: Apple iPhone/iPod Warranty Litigation*, Case No. 10-01610, pending in the Northern District of California. I am one of the attorneys representing the plaintiffs and the Class. Pursuant to your request, I am contacting you at the email address provided in your objection. If you are represented by an attorney in this matter, please have your attorney contact me as soon as possible at either (312) 782-4880 or afata@caffertyclobes.com. Alternatively, please provide me with your attorney's name and telephone number as soon as possible so that I can contact him or her.

Although you indicated in your objection that you intend to find a lawyer to represent you at the fairness hearing, we have not been contacted by an attorney representing you, and we have not been served with any notice that an attorney is representing you. Accordingly, we issued a subpoena to the address listed in your objection. It is my understanding that the subpoena was served on you on December 18, 2013. Copies of the subpoena and the process server's affidavit of service are attached.

I need to schedule the timing of your production of documents, as well as the date and time of your deposition as soon as possible. Your timely response to the document requests attached to the subpoena and your timely appearance at a deposition are necessary for the parties to meet Court deadlines relating to the hearing on the settlement.

If we do not hear from you, we will proceed with the receipt of your documents as well as your deposition at the date and time specified in the subpoena: Monday, December 30, 2013 at 9:00 a.m. at Gramann Reporting Ltd., 14 W. Mifflin St. #311, Madison, WI 53703. We are willing to proceed with the production of documents and the deposition on a date that is more convenient for you, as long as it allows us to meet the Court's deadlines.

Accordingly, please contact me, or have your attorney contact me, as soon as possible. Again, you can reach me at (312) 782-4880 or afata@caffertyclobes.com.

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f 312.782.4485
m 773.562.8669

www.caffertyclobes.com



# EXHIBIT 8

## Anthony Fata

| | |
|---|---|
| **From:** | Anthony Fata |
| **Sent:** | Tuesday, December 24, 2013 1:01 PM |
| **To:** | michael@mickeycasey.com |
| **Subject:** | In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610 |

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

If you are represented by counsel, please have them contact me as soon as possible or let me know how to contact them. I am following up on my December 20, 2013 email and in connection with the subpoena requiring your production of documents and appearance at a deposition on Monday, December 30, 2013 in Madison, Wisconsin. As I stated in my prior email, we are willing to proceed with the production of documents and the deposition on a date that is more convenient for you, as long as it allows us to meet the Court's deadlines.  Because I have not heard from your counsel or you, I am planning on cutting a family visit short and traveling to Madison on December 30, 2013 for the document production and deposition. The courtesy of a response would be appreciated. But if I do not hear from you, I will plan on seeing you as noticed in the subpoena, at 9:00 a.m. on Monday, December 30, 2013 at Gramann Reporting Ltd., 14 W. Mifflin St. #311, Madison, WI 53703.

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, Illinois 60602
Office: (312) 782-4880
Mobile: (773) 562-8669
Email: afata@caffertyclobes.com

---

**From:** Anthony Fata
**Sent:** Friday, December 20, 2013 5:12 PM
**To:** michael@mickeycasey.com
**Subject:** In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

I write in connection with your objection to the settlement in the lawsuit titled, *In re: Apple iPhone/iPod Warranty Litigation*, Case No. 10-01610, pending in the Northern District of California. I am one of the attorneys representing the plaintiffs and the Class. Pursuant to your request, I am contacting you at the email address provided in your objection. If

1

you are represented by an attorney in this matter, please have your attorney contact me as soon as possible at either (312) 782-4880 or afata@caffertyclobes.com. Alternatively, please provide me with your attorney's name and telephone number as soon as possible so that I can contact him or her.

Although you indicated in your objection that you intend to find a lawyer to represent you at the fairness hearing, we have not been contacted by an attorney representing you, and we have not been served with any notice that an attorney is representing you. Accordingly, we issued a subpoena to the address listed in your objection. It is my understanding that the subpoena was served on you on December 18, 2013. Copies of the subpoena and the process server's affidavit of service are attached.

I need to schedule the timing of your production of documents, as well as the date and time of your deposition as soon as possible. Your timely response to the document requests attached to the subpoena and your timely appearance at a deposition are necessary for the parties to meet Court deadlines relating to the hearing on the settlement.

If we do not hear from you, we will proceed with the receipt of your documents as well as your deposition at the date and time specified in the subpoena: Monday, December 30, 2013 at 9:00 a.m. at Gramann Reporting Ltd., 14 W. Mifflin St. #311, Madison, WI 53703. We are willing to proceed with the production of documents and the deposition on a date that is more convenient for you, as long as it allows us to meet the Court's deadlines.

Accordingly, please contact me, or have your attorney contact me, as soon as possible. Again, you can reach me at (312) 782-4880 or afata@caffertyclobes.com.

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f 312.782.4485
m 773.562.8669

www.caffertyclobes.com



# EXHIBIT 9

**Anthony Fata**

| | |
|---|---|
| **From:** | Anthony Fata |
| **Sent:** | Thursday, December 26, 2013 3:52 PM |
| **To:** | michael@mickeycasey.com |
| **Subject:** | RE: In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610 |

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

I write to confirm our telephone conversation this afternoon. Preliminarily, I called you because I had not received any response to the subpoena or my emails dated December 20 and 24, 2013 regarding your deposition and document production, which was scheduled to take place on December 30, 2013.

I asked you whether you had retained an attorney in connection with this matter. You indicated that you had not yet done so, but that you may be retaining one. If you do retain an attorney, please provide me with the attorney's contact information so that I can communicate directly with him or her.

I asked if you planned on appearing for the document production and deposition in Madison on Monday, December 30, 2013 pursuant to the subpoena. You stated that you would not appear because the date did not work for you, but that you would get back to me regarding alternative dates. I told you that I was planning on driving to Madison for the deposition, but that I did not want to do so if you were not going to be present. You reiterated that you would not be present because the date did not work for you. I then informed you that I would be canceling the court reporting agency for December 30.

You stated that you would look at your calendar and give me some alternative dates for your deposition. I stated that plaintiffs have a brief regarding final approval due on Wednesday, January 8, 2014, and that I would need to take your deposition before that date. You reiterated that you would look at your calendar and provide me with some proposed dates.

I also asked whether you planned on producing the documents called for in the subpoena, and you indicated that you would. We tabled the logistics for when and how you would do so. I did indicate that if I received the documents in advance of your deposition date, it may help the deposition move more quickly.

I look forward to hearing from you or, if you retain an attorney, your attorney, regarding dates for your deposition. To allow us both time to schedule, I would ask that you provide me with dates by the end of the day tomorrow, December 27, 2013. Email would be best.

If you have any questions or if you would like to discuss this matter, please do not hesitate to call me on my cell phone at (773) 562-8669 or email me at afata@caffertyclobes.com.

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602

p 312.782.4880
f 312.782.4485
m 773.562.8669

www.caffertyclobes.com



PRIVILEGE AND CONFIDENTIALITY NOTICE

This electronic mail and the information contained herein are intended for the named recipient only.  It may contain confidential and/or attorney privileged matter.  If you have received this electronic mail in error, please do not read any text other than the text of this Notice and do not open any attachments.  Also, please immediately notify the sender by replying to this electronic mail or by collect call to (312) 782-4880.  After notifying the sender as described above, please delete this electronic mail message immediately and purge the item from the deleted items folder (or the equivalent) of your electronic mail system.  Thank you.

**From:** Anthony Fata
**Sent:** Tuesday, December 24, 2013 1:01 PM
**To:** michael@mickeycasey.com
**Subject:** In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

If you are represented by counsel, please have them contact me as soon as possible or let me know how to contact them. I am following up on my December 20, 2013 email and in connection with the subpoena requiring your production of documents and appearance at a deposition on Monday, December 30, 2013 in Madison, Wisconsin. As I stated in my prior email, we are willing to proceed with the production of documents and the deposition on a date that is more convenient for you, as long as it allows us to meet the Court's deadlines. Because I have not heard from your counsel or you, I am planning on cutting a family visit short and traveling to Madison on December 30, 2013 for the document production and deposition. The courtesy of a response would be appreciated. But if I do not hear from you, I will plan on seeing you as noticed in the subpoena, at 9:00 a.m. on Monday, December 30, 2013 at Gramann Reporting Ltd., 14 W. Mifflin St. #311, Madison, WI 53703.

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, Illinois 60602
Office: (312) 782-4880
Mobile: (773) 562-8669
Email: afata@caffertyclobes.com

---

**From:** Anthony Fata
**Sent:** Friday, December 20, 2013 5:12 PM

2

**To:** michael@mickeycasey.com
**Subject:** In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

I write in connection with your objection to the settlement in the lawsuit titled, *In re: Apple iPhone/iPod Warranty Litigation*, Case No. 10-01610, pending in the Northern District of California. I am one of the attorneys representing the plaintiffs and the Class. Pursuant to your request, I am contacting you at the email address provided in your objection. If you are represented by an attorney in this matter, please have your attorney contact me as soon as possible at either (312) 782-4880 or afata@caffertyclobes.com. Alternatively, please provide me with your attorney's name and telephone number as soon as possible so that I can contact him or her.

Although you indicated in your objection that you intend to find a lawyer to represent you at the fairness hearing, we have not been contacted by an attorney representing you, and we have not been served with any notice that an attorney is representing you. Accordingly, we issued a subpoena to the address listed in your objection. It is my understanding that the subpoena was served on you on December 18, 2013. Copies of the subpoena and the process server's affidavit of service are attached.

I need to schedule the timing of your production of documents, as well as the date and time of your deposition as soon as possible. Your timely response to the document requests attached to the subpoena and your timely appearance at a deposition are necessary for the parties to meet Court deadlines relating to the hearing on the settlement.

If we do not hear from you, we will proceed with the receipt of your documents as well as your deposition at the date and time specified in the subpoena: Monday, December 30, 2013 at 9:00 a.m. at Gramann Reporting Ltd., 14 W. Mifflin St. #311, Madison, WI 53703. We are willing to proceed with the production of documents and the deposition on a date that is more convenient for you, as long as it allows us to meet the Court's deadlines.

Accordingly, please contact me, or have your attorney contact me, as soon as possible. Again, you can reach me at (312) 782-4880 or afata@caffertyclobes.com.

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f 312.782.4485
m 773.562.8669

www.caffertyclobes.com



4

# EXHIBIT 10

## Anthony Fata

| | |
|---|---|
| **From:** | Anthony Fata |
| **Sent:** | Monday, December 30, 2013 8:31 PM |
| **To:** | michael@mickeycasey.com |
| **Subject:** | RE: In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610 |

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

I am following up on my attempts to contact you by telephone today. To date, no attorney has contacted me on your behalf. If you have retained an attorney, please provide me with contact information as soon as possible so that I may communicate directly with him or her.

On December 18, 2013, you were served with a subpoena calling for the production of documents and your appearance at a deposition on December 30, 2013. Because I did not hear from you (after two email attempts made pursuant to your request to be contacted by email), I contacted you by telephone last Thursday, December 26. During that telephone conversation, you indicated that you would produce the documents called for by the subpoena and sit for the deposition, but indicated for the first time that you could not and would not do so on December 30, 2013. You did state that you would look at your calendar and provide me with alternative dates over the next several days for your document production and deposition. I asked you to do so promptly so that I can meet Court deadlines in connection with the settlement approval process. I followed up with an email (again, per your request for email communication) asking you to provide the alternative dates. Since that time, however, you have not provided me with alternative dates. Because time is of the essence, I tried to reach you by telephone today and left you a voice message, but still have not heard back from you.

Because I need to plan my schedule and meet Court deadlines, I am forced to select a date for your document production and deposition. As I indicated in my voice message to you today, I will take your deposition and receive your document production pursuant to the subpoena commencing at 9:00 a.m. on Monday, January 6, 2014, at Gramann Reporting Ltd., 14 W. Mifflin St. #311, Madison, WI 53703. As a courtesy, I have picked the farthest date out that will allow you the most time to plan while at the same time allowing me to meet current Court deadlines.

If you have any questions or need directions to the court reporting agency, please do not hesitate to contact me on my mobile phone (773-562-8669) or by email (afata@caffertyclobes.com). And, again, if you have retained an attorney, please provide me with their contact information as soon as possible.

Very Truly Yours,

    Anthony F. Fata
    Cafferty Clobes Meriwether & Sprengel LLP
    30 N. LaSalle, Suite 3200
    Chicago, Illinois 60602
    Office: (312) 782-4880
    Mobile: (773) 562-8669
    Email: afata@caffertyclobes.com

**From:** Anthony Fata
**Sent:** Thursday, December 26, 2013 3:52 PM
**To:** michael@mickeycasey.com
**Subject:** RE: In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

I write to confirm our telephone conversation this afternoon. Preliminarily, I called you because I had not received any response to the subpoena or my emails dated December 20 and 24, 2013 regarding your deposition and document production, which was scheduled to take place on December 30, 2013.

I asked you whether you had retained an attorney in connection with this matter. You indicated that you had not yet done so, but that you may be retaining one. If you do retain an attorney, please provide me with the attorney's contact information so that I can communicate directly with him or her.

I asked if you planned on appearing for the document production and deposition in Madison on Monday, December 30, 2013 pursuant to the subpoena. You stated that you would not appear because the date did not work for you, but that you would get back to me regarding alternative dates. I told you that I was planning on driving to Madison for the deposition, but that I did not want to do so if you were not going to be present. You reiterated that you would not be present because the date did not work for you. I then informed you that I would be canceling the court reporting agency for December 30.

You stated that you would look at your calendar and give me some alternative dates for your deposition. I stated that plaintiffs have a brief regarding final approval due on Wednesday, January 8, 2014, and that I would need to take your deposition before that date.  You reiterated that you would look at your calendar and provide me with some proposed dates.

I also asked whether you planned on producing the documents called for in the subpoena, and you indicated that you would. We tabled the logistics for when and how you would do so. I did indicate that if I received the documents in advance of your deposition date, it may help the deposition move more quickly.

I look forward to hearing from you or, if you retain an attorney, your attorney, regarding dates for your deposition. To allow us both time to schedule, I would ask that you provide me with dates by the end of the day tomorrow, December 27, 2013. Email would be best.

If you have any questions or if you would like to discuss this matter, please do not hesitate to call me on my cell phone at (773) 562-8669 or email me at afata@caffertyclobes.com.

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f  312.782.4485

2

m 773.562.8669

www.caffertyclobes.com



PRIVILEGE AND CONFIDENTIALITY NOTICE

This electronic mail and the information contained herein are intended for the named recipient only. It may contain confidential and/or attorney privileged matter. If you have received this electronic mail in error, please do not read any text other than the text of this Notice and do not open any attachments. Also, please immediately notify the sender by replying to this electronic mail or by collect call to (312) 782-4880. After notifying the sender as described above, please delete this electronic mail message immediately and purge the item from the deleted items folder (or the equivalent) of your electronic mail system. Thank you.

**From:** Anthony Fata
**Sent:** Tuesday, December 24, 2013 1:01 PM
**To:** michael@mickeycasey.com
**Subject:** In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

If you are represented by counsel, please have them contact me as soon as possible or let me know how to contact them. I am following up on my December 20, 2013 email and in connection with the subpoena requiring your production of documents and appearance at a deposition on Monday, December 30, 2013 in Madison, Wisconsin. As I stated in my prior email, we are willing to proceed with the production of documents and the deposition on a date that is more convenient for you, as long as it allows us to meet the Court's deadlines. Because I have not heard from your counsel or you, I am planning on cutting a family visit short and traveling to Madison on December 30, 2013 for the document production and deposition. The courtesy of a response would be appreciated. But if I do not hear from you, I will plan on seeing you as noticed in the subpoena, at 9:00 a.m. on Monday, December 30, 2013 at Gramann Reporting Ltd., 14 W. Mifflin St. #311, Madison, WI 53703.

Very Truly Yours,

    Anthony F. Fata
    Cafferty Clobes Meriwether & Sprengel LLP
    30 N. LaSalle, Suite 3200
    Chicago, Illinois 60602
    Office: (312) 782-4880
    Mobile: (773) 562-8669
    Email: afata@caffertyclobes.com

**From:** Anthony Fata
**Sent:** Friday, December 20, 2013 5:12 PM
**To:** michael@mickeycasey.com
**Subject:** In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

I write in connection with your objection to the settlement in the lawsuit titled, *In re: Apple iPhone/iPod Warranty Litigation*, Case No. 10-01610, pending in the Northern District of California. I am one of the attorneys representing the plaintiffs and the Class. Pursuant to your request, I am contacting you at the email address provided in your objection. If you are represented by an attorney in this matter, please have your attorney contact me as soon as possible at either (312) 782-4880 or afata@caffertyclobes.com. Alternatively, please provide me with your attorney's name and telephone number as soon as possible so that I can contact him or her.

Although you indicated in your objection that you intend to find a lawyer to represent you at the fairness hearing, we have not been contacted by an attorney representing you, and we have not been served with any notice that an attorney is representing you. Accordingly, we issued a subpoena to the address listed in your objection. It is my understanding that the subpoena was served on you on December 18, 2013. Copies of the subpoena and the process server's affidavit of service are attached.

I need to schedule the timing of your production of documents, as well as the date and time of your deposition as soon as possible. Your timely response to the document requests attached to the subpoena and your timely appearance at a deposition are necessary for the parties to meet Court deadlines relating to the hearing on the settlement.

If we do not hear from you, we will proceed with the receipt of your documents as well as your deposition at the date and time specified in the subpoena: Monday, December 30, 2013 at 9:00 a.m. at Gramann Reporting Ltd., 14 W. Mifflin St. #311, Madison, WI 53703. We are willing to proceed with the production of documents and the deposition on a date that is more convenient for you, as long as it allows us to meet the Court's deadlines.

Accordingly, please contact me, or have your attorney contact me, as soon as possible. Again, you can reach me at (312) 782-4880 or afata@caffertyclobes.com.

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f 312.782.4485
m 773.562.8669

www.caffertyclobes.com



4

# EXHIBIT 11

**Anthony Fata**

| | |
|---|---|
| **From:** | Michael Casey [michael@mickeycasey.com] |
| **Sent:** | Tuesday, December 31, 2013 11:18 AM |
| **To:** | Anthony Fata |
| **Subject:** | RE: In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610 |

I have been unable to reach my attorney of choice this week. He will be back in the office on 1/6/14. I will advise after connecting with attorney.

Michael (Mick) Casey
4957 Black Oak Drive
Madison WI 53711
michael@mickeycasey.com
(608) 843-6315 cell
www.linkedin.com/in/michaelcaseymadison

**From:** Anthony Fata [mailto:AFata@CaffertyClobes.com]
**Sent:** Monday, December 30, 2013 8:31 PM
**To:** michael@mickeycasey.com
**Subject:** RE: In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

I am following up on my attempts to contact you by telephone today. To date, no attorney has contacted me on your behalf. If you have retained an attorney, please provide me with contact information as soon as possible so that I may communicate directly with him or her.

On December 18, 2013, you were served with a subpoena calling for the production of documents and your appearance at a deposition on December 30, 2013. Because I did not hear from you (after two email attempts made pursuant to your request to be contacted by email), I contacted you by telephone last Thursday, December 26. During that telephone conversation, you indicated that you would produce the documents called for by the subpoena and sit for the deposition, but indicated for the first time that you could not and would not do so on December 30, 2013. You did state that you would look at your calendar and provide me with alternative dates over the next several days for your document production and deposition. I asked you to do so promptly so that I can meet Court deadlines in connection with the settlement approval process. I followed up with an email (again, per your request for email communication) asking you to provide the alternative dates. Since that time, however, you have not provided me with alternative dates. Because time is of the essence, I tried to reach you by telephone today and left you a voice message, but still have not heard back from you.

1

Because I need to plan my schedule and meet Court deadlines, I am forced to select a date for your document production and deposition. As I indicated in my voice message to you today, I will take your deposition and receive your document production pursuant to the subpoena commencing at 9:00 a.m. on Monday, January 6, 2014, at Gramann Reporting Ltd., 14 W. Mifflin St. #311, Madison, WI 53703. As a courtesy, I have picked the farthest date out that will allow you the most time to plan while at the same time allowing me to meet current Court deadlines.

If you have any questions or need directions to the court reporting agency, please do not hesitate to contact me on my mobile phone (773-562-8669) or by email (afata@caffertyclobes.com). And, again, if you have retained an attorney, please provide me with their contact information as soon as possible.

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, Illinois 60602
Office: (312) 782-4880
Mobile: (773) 562-8669
Email: afata@caffertyclobes.com

From: Anthony Fata
Sent: Thursday, December 26, 2013 3:52 PM
To: michael@mickeycasey.com
Subject: RE: In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

I write to confirm our telephone conversation this afternoon. Preliminarily, I called you because I had not received any response to the subpoena or my emails dated December 20 and 24, 2013 regarding your deposition and document production, which was scheduled to take place on December 30, 2013.

I asked you whether you had retained an attorney in connection with this matter. You indicated that you had not yet done so, but that you may be retaining one. If you do retain an attorney, please provide me with the attorney's contact information so that I can communicate directly with him or her.

I asked if you planned on appearing for the document production and deposition in Madison on Monday, December 30, 2013 pursuant to the subpoena. You stated that you would not appear because the date did not work for you, but that you would get back to me regarding alternative dates. I told you that I was planning on driving to Madison for the deposition, but that I did not want to do so if you were not going to be present. You reiterated that you would not be present because the date did not work for you. I then informed you that I would be canceling the court reporting agency for December 30.

You stated that you would look at your calendar and give me some alternative dates for your deposition. I stated that plaintiffs have a brief regarding final approval due on Wednesday, January 8, 2014, and that I would need to take your deposition before that date. You reiterated that you would look at your calendar and provide me with some proposed dates.

2

I also asked whether you planned on producing the documents called for in the subpoena, and you indicated that you would. We tabled the logistics for when and how you would do so. I did indicate that if I received the documents in advance of your deposition date, it may help the deposition move more quickly.

I look forward to hearing from you or, if you retain an attorney, your attorney, regarding dates for your deposition. To allow us both time to schedule, I would ask that you provide me with dates by the end of the day tomorrow, December 27, 2013. Email would be best.

If you have any questions or if you would like to discuss this matter, please do not hesitate to call me on my cell phone at (773) 562-8669 or email me at afata@caffertyclobes.com.

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f 312.782.4485
m 773.562.8669

www.caffertyclobes.com



PRIVILEGE AND CONFIDENTIALITY NOTICE

This electronic mail and the information contained herein are intended for the named recipient only.  It may contain confidential and/or attorney privileged matter.  If you have received this electronic mail in error, please do not read any text other than the text of this Notice and do not open any attachments.  Also, please immediately notify the sender by replying to this electronic mail or by collect call to (312) 782-4880.  After notifying the sender as described above, please delete this electronic mail message immediately and purge the item from the deleted items folder (or the equivalent) of your electronic mail system.  Thank you.

**From:** Anthony Fata
**Sent:** Tuesday, December 24, 2013 1:01 PM
**To:** michael@mickeycasey.com
**Subject:** In re: Apple IPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

If you are represented by counsel, please have them contact me as soon as possible or let me know how to contact them. I am following up on my December 20, 2013 email and in connection with the subpoena requiring your production of documents and appearance at a deposition on Monday, December 30, 2013 in Madison, Wisconsin. As I stated in my prior email, we are willing to proceed with the production of documents and the

3

deposition on a date that is more convenient for you, as long as it allows us to meet the Court's deadlines. Because I have not heard from your counsel or you, I am planning on cutting a family visit short and traveling to Madison on December 30, 2013 for the document production and deposition. The courtesy of a response would be appreciated. But if I do not hear from you, I will plan on seeing you as noticed in the subpoena, at 9:00 a.m. on Monday, December 30, 2013 at Gramann Reporting Ltd., 14 W. Mifflin St. #311, Madison, WI 53703.

Very Truly Yours,

> Anthony F. Fata
> Cafferty Clobes Meriwether & Sprengel LLP
> 30 N. LaSalle, Suite 3200
> Chicago, Illinois 60602
> Office: (312) 782-4880
> Mobile: (773) 562-8669
> Email: afata@caffertyclobes.com

---

**From:** Anthony Fata
**Sent:** Friday, December 20, 2013 5:12 PM
**To:** michael@mickeycasey.com
**Subject:** In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

I write in connection with your objection to the settlement in the lawsuit titled, *In re: Apple iPhone/iPod Warranty Litigation*, Case No. 10-01610, pending in the Northern District of California. I am one of the attorneys representing the plaintiffs and the Class. Pursuant to your request, I am contacting you at the email address provided in your objection. If you are represented by an attorney in this matter, please have your attorney contact me as soon as possible at either (312) 782-4880 or afata@caffertyclobes.com. Alternatively, please provide me with your attorney's name and telephone number as soon as possible so that I can contact him or her.

Although you indicated in your objection that you intend to find a lawyer to represent you at the fairness hearing, we have not been contacted by an attorney representing you, and we have not been served with any notice that an attorney is representing you. Accordingly, we issued a subpoena to the address listed in your objection. It is my understanding that the subpoena was served on you on December 18, 2013. Copies of the subpoena and the process server's affidavit of service are attached.

I need to schedule the timing of your production of documents, as well as the date and time of your deposition as soon as possible. Your timely response to the document requests attached to the subpoena and your timely appearance at a deposition are necessary for the parties to meet Court deadlines relating to the hearing on the settlement.

If we do not hear from you, we will proceed with the receipt of your documents as well as your deposition at the date and time specified in the subpoena: Monday, December 30, 2013 at 9:00 a.m. at Gramann Reporting Ltd., 14 W. Mifflin St. #311, Madison, WI 53703.  We are willing to proceed with the production of documents and the deposition on a date that is more convenient for you, as long as it allows us to meet the Court's deadlines.

Accordingly, please contact me, or have your attorney contact me, as soon as possible. Again, you can reach me at (312) 782-4880 or afata@caffertyclobes.com.

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f  312.782.4485
m 773.562.8669

www.caffertyclobes.com



# EXHIBIT 12

## Anthony Fata

**From:** Anthony Fata
**Sent:** Thursday, January 02, 2014 11:22 AM
**To:** 'Michael Casey'
**Subject:** RE: In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610
**Attachments:** Casey Deposition Notice and COS.pdf

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

Your Objection states: "Please serve me with copies of all future filings via email. Please only communicate with me via email." Accordingly, I am sending you by email a copy of the attached notice for your deposition on January 7, 2014. Your email from earlier today indicates that you will not appear on the previously requested date, but rather that you may be retaining an attorney and that you will contact me after you speak with him or her. I reiterate my request that you provide your attorney's contact information as soon as possible so that I can communicate with him or her to set a mutually agreeable date for your deposition that allows the parties to meet current Court-ordered deadlines. While we have already extended your deposition date once (from December 30), we will agree that the date will be extended. That said, we do not anticipate being able to extend your deposition date beyond January 7 or 8, 2014. For this reason, it is imperative that you have your attorney (if you retain one) contact me or provide me with his or her contact information as soon as possible so that we can schedule your deposition.


Very Truly Yours,


Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f 312.782.4485
m 773.562.8669

www.caffertyclobes.com



## PRIVILEGE AND CONFIDENTIALITY NOTICE

This electronic mail and the information contained herein are intended for the named recipient only. It may contain confidential and/or attorney privileged matter. If you have received this electronic mail in error, please do not read any text other than the text of this Notice and do not open any attachments. Also, please immediately notify the sender by replying to this electronic mail or by collect call to (312) 782-4880. After notifying the sender as described above, please delete this electronic mail message immediately and purge the item from the deleted items folder (or the equivalent) of your electronic mail system. Thank you.

**From:** Michael Casey [mailto:michael@mickeycasey.com]
**Sent:** Tuesday, December 31, 2013 11:18 AM
**To:** Anthony Fata
**Subject:** RE: In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

I have been unable to reach my attorney of choice this week.  He will be back in the office on 1/6/14.  I will advise after connecting with attorney.


Michael (Mick) Casey
4957 Black Oak Drive
Madison WI 53711
michael@mickeycasey.com
(608) 843-6315 cell
www.linkedin.com/in/michaelcaseymadison


**From:** Anthony Fata [mailto:AFata@CaffertyClobes.com]
**Sent:** Monday, December 30, 2013 8:31 PM
**To:** michael@mickeycasey.com
**Subject:** RE: In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

I am following up on my attempts to contact you by telephone today. To date, no attorney has contacted me on your behalf. If you have retained an attorney, please provide me with contact information as soon as possible so that I may communicate directly with him or her.

On December 18, 2013, you were served with a subpoena calling for the production of documents and your appearance at a deposition on December 30, 2013. Because I did not hear from you (after two email attempts made pursuant to your request to be contacted by email), I contacted you by telephone last Thursday, December 26. During that telephone conversation, you indicated that you would produce the documents called for by the subpoena and sit for the deposition, but indicated for the first time that you could not and would not do so on December 30, 2013.  You did state that you would look at your calendar and provide me with alternative dates over the next several days for your document production and deposition. I asked you to do so promptly so that I can meet Court deadlines in connection with the settlement approval process. I followed up with an email (again, per your request for email communication) asking you to provide the alternative dates. Since that time, however, you have not provided me with alternative dates. Because time is of the essence, I tried to reach you by telephone today and left you a voice message, but still have not heard back from you.

Because I need to plan my schedule and meet Court deadlines, I am forced to select a date for your document production and deposition. As I indicated in my voice message to you today, I will take your deposition and receive your document production pursuant to the subpoena commencing at 9:00 a.m. on Monday, January 6,

2

2014, at Gramann Reporting Ltd., 14 W. Mifflin St. #311, Madison, WI 53703. As a courtesy, I have picked the farthest date out that will allow you the most time to plan while at the same time allowing me to meet current Court deadlines.

If you have any questions or need directions to the court reporting agency, please do not hesitate to contact me on my mobile phone (773-562-8669) or by email (afata@caffertyclobes.com). And, again, if you have retained an attorney, please provide me with their contact information as soon as possible.

Very Truly Yours,

> Anthony F. Fata
> Cafferty Clobes Meriwether & Sprengel LLP
> 30 N. LaSalle, Suite 3200
> Chicago, Illinois 60602
> Office: (312) 782-4880
> Mobile: (773) 562-8669
> Email: afata@caffertyclobes.com

---

**From:** Anthony Fata
**Sent:** Thursday, December 26, 2013 3:52 PM
**To:** michael@mickeycasey.com
**Subject:** RE: In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

I write to confirm our telephone conversation this afternoon. Preliminarily, I called you because I had not received any response to the subpoena or my emails dated December 20 and 24, 2013 regarding your deposition and document production, which was scheduled to take place on December 30, 2013.

I asked you whether you had retained an attorney in connection with this matter. You indicated that you had not yet done so, but that you may be retaining one. If you do retain an attorney, please provide me with the attorney's contact information so that I can communicate directly with him or her.

I asked if you planned on appearing for the document production and deposition in Madison on Monday, December 30, 2013 pursuant to the subpoena. You stated that you would not appear because the date did not work for you, but that you would get back to me regarding alternative dates. I told you that I was planning on driving to Madison for the deposition, but that I did not want to do so if you were not going to be present. You reiterated that you would not be present because the date did not work for you. I then informed you that I would be canceling the court reporting agency for December 30.

You stated that you would look at your calendar and give me some alternative dates for your deposition. I stated that plaintiffs have a brief regarding final approval due on Wednesday, January 8, 2014, and that I would need to take your deposition before that date. You reiterated that you would look at your calendar and provide me with some proposed dates.

I also asked whether you planned on producing the documents called for in the subpoena, and you indicated that you would. We tabled the logistics for when and how you would do so. I did indicate that if I received the documents in advance of your deposition date, it may help the deposition move more quickly.

I look forward to hearing from you or, if you retain an attorney, your attorney, regarding dates for your deposition. To allow us both time to schedule, I would ask that you provide me with dates by the end of the day tomorrow, December 27, 2013. Email would be best.

If you have any questions or if you would like to discuss this matter, please do not hesitate to call me on my cell phone at (773) 562-8669 or email me at afata@caffertyclobes.com.

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f 312.782.4485
m 773.562.8669


www.caffertyclobes.com



PRIVILEGE AND CONFIDENTIALITY NOTICE

This electronic mail and the information contained herein are intended for the named recipient only. It may contain confidential and/or attorney privileged matter. If you have received this electronic mail in error, please do not read any text other than the text of this Notice and do not open any attachments. Also, please immediately notify the sender by replying to this electronic mail or by collect call to (312) 782-4880. After notifying the sender as described above, please delete this electronic mail message immediately and purge the item from the deleted items folder (or the equivalent) of your electronic mail system. Thank you.

---

**From:** Anthony Fata
**Sent:** Tuesday, December 24, 2013 1:01 PM
**To:** michael@mickeycasey.com
**Subject:** In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

If you are represented by counsel, please have them contact me as soon as possible or let me know how to contact them. I am following up on my December 20, 2013 email and in connection with the subpoena requiring your production of documents and appearance at a deposition on Monday, December 30, 2013 in Madison, Wisconsin. As I stated in my prior email, we are willing to proceed with the production of documents and the deposition on a date that is more convenient for you, as long as it

4

allows us to meet the Court's deadlines. Because I have not heard from your counsel or you, I am planning on cutting a family visit short and traveling to Madison on December 30, 2013 for the document production and deposition. The courtesy of a response would be appreciated. But if I do not hear from you, I will plan on seeing you as noticed in the subpoena, at 9:00 a.m. on Monday, December 30, 2013 at Gramann Reporting Ltd., 14 W. Mifflin St. #311, Madison, WI 53703.

Very Truly Yours,

     Anthony F. Fata
     Cafferty Clobes Meriwether & Sprengel LLP
     30 N. LaSalle, Suite 3200
     Chicago, Illinois 60602
     Office: (312) 782-4880
     Mobile: (773) 562-8669
     Email: afata@caffertyclobes.com

---

**From:** Anthony Fata
**Sent:** Friday, December 20, 2013 5:12 PM
**To:** michael@mickeycasey.com
**Subject:** In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

I write in connection with your objection to the settlement in the lawsuit titled, *In re: Apple iPhone/iPod Warranty Litigation*, Case No. 10-01610, pending in the Northern District of California. I am one of the attorneys representing the plaintiffs and the Class. Pursuant to your request, I am contacting you at the email address provided in your objection. If you are represented by an attorney in this matter, please have your attorney contact me as soon as possible at either (312) 782-4880 or afata@caffertyclobes.com. Alternatively, please provide me with your attorney's name and telephone number as soon as possible so that I can contact him or her.

Although you indicated in your objection that you intend to find a lawyer to represent you at the fairness hearing, we have not been contacted by an attorney representing you, and we have not been served with any notice that an attorney is representing you. Accordingly, we issued a subpoena to the address listed in your objection. It is my understanding that the subpoena was served on you on December 18, 2013. Copies of the subpoena and the process server's affidavit of service are attached.

I need to schedule the timing of your production of documents, as well as the date and time of your deposition as soon as possible. Your timely response to the document requests attached to the subpoena and your timely appearance at a deposition are necessary for the parties to meet Court deadlines relating to the hearing on the settlement.

If we do not hear from you, we will proceed with the receipt of your documents as well as your deposition at the date and time specified in the subpoena: Monday, December 30, 2013 at 9:00 a.m. at Gramann Reporting Ltd., 14 W. Mifflin St. #311, Madison, WI 53703. We are willing to proceed with the

production of documents and the deposition on a date that is more convenient for you, as long as it allows us to meet the Court's deadlines.

Accordingly, please contact me, or have your attorney contact me, as soon as possible. Again, you can reach me at (312) 782-4880 or afata@caffertyclobes.com.

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f 312.782.4485
m 773.562.8669

www.caffertyclobes.com



6

# EXHIBIT 13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE APPLE IPHONE/IPOD
WARRANTY LITIGATION,

This Document Relates To:

All Actions

No. CV-10-01610

NOTICE OF DEPOSITION OF
MICHAEL CASEY

To:      By Email (pursuant to Mr. Casey's Request)
         Michael Casey
         michael@mickeycasey.com

PLEASE TAKE NOTICE THAT, pursuant to Federal Rules of Civil Procedure 30 and the Rule 45 subpoena served upon Michael Casey on December 18, 2013 (the "Subpoena"), a copy of which is attached hereto, Plaintiffs, by and through Class Counsel, will take the deposition of Michael A. Casey commencing at 9:00 a.m. on **Tuesday, January 7, 2014** at Gramann Reporting Ltd., 14 W. Mifflin St. #311, Madison, Wisconsin 53703. Mr. Casey shall produce the documents called for in Attachment A to the Subpoena prior to or at the commencement of the deposition. The deposition shall be video recorded and recorded by stenographic means.

Respectfully Submitted,

Dated: January 2, 2014          /s/ Anthony F. Fata
                                Anthony F. Fata (pro hac vice)
                                CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
                                30 N. LaSalle, Suite 3200
                                Chicago, Illinois 60602
                                Phone: (312) 782-4880
                                Fax: (312) 782-4485
                                Email: afata@caffertyclobes.com

1

2<u>CERTIFICATE OF SERVICE</u>

3    I, Anthony F. Fata, an attorney of record in this action, hereby certify that I

4 caused a copy of the foregoing Notice of Deposition of Michael Casey and the

5 Subpoena referred to therein to be served on the following parties by the means

6 indicated below on this 2nd *3rd* day of January, 2014:

7

8 **Michael Casey (Objector/No Attorney Information on File/Provided)**
Michael Casey by email to michael@mickeycasey.com and by Certified United

9 States Mail to: Michael Casey 4957 Black Oak Drive Madison, WI 53711

10 **Counsel for Apple, Inc. (Defendant)**
Penny Preovolos by email to ppreovolos@mofo.com

11 George Harris by email to gharris@mofo.com

12

13                  /s/ Anthony F. Fata
                  Anthony F. Fata (pro hac vice)

14                  CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
                  30 N. LaSalle, Suite 3200

15                  Chicago, Illinois 60602
                  Phone: (312) 782-4880

16                  Fax: (312) 782-4485
                  Email: afata@caffertyclobes.com

17

18

19

20

21

22

23

24

25

26

27

28

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| In Re Apple iPhone/iPod Warranty Litigation | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   10-1610

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Michael Casey

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Gramann Reporting, Ltd., 14 W. Mifflin St. #311, Madison, Wisconsin 53703 | Date and Time: 12/30/2013 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic and video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Documents listed on Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  12/17/13

CLERK OF COURT

                                                                    OR _____
_____                                         *Attorney's Signature*
      *Signature of Clerk or Deputy Clerk*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs Charlene Gallion, Chris Corsi, Raj Johal, Megan White, and Sean Pennington   , who issues or requests this subpoena, are:

Timothy N. Mathews, Esq., Chimicles & Tikellis, LLP, 361 W. Lancaster Ave, Haverford, PA 19041, TNM@chimicles.com, 610-642-8500

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  10-1610

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____45.00_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

MICHAEL CASEY SUBPOENA ATTACHMENT A

## DEFINITIONS

1) "YOU" or "YOUR" means you individually and any and all agents, representatives, contractors, consultants, or any other persons acting or purporting to act on your behalf.

2) "DOCUMENT" shall be synonymous in meaning and usage to the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "DOCUMENT" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e., magnetic or other storage media), electronic mailing lists or automated fax support systems. The term "DOCUMENT" specifically includes electronic mail, text messages, all other forms of electronic correspondence or electronic peer-to-peer messages, and any documents, attachments and files created and/or maintained in electronic form.

3) "CONSIDERATION" means any payment in cash or kind, quid pro quo, promise, or exchange of value, whether monetary or otherwise.

## DOCUMENTS TO BE PRODUCED

1) Produce all DOCUMENTS pertaining to all efforts to obtain warranty coverage for the iPod touch device for which YOU filed a claim in this action, including but not limited to all DOCUMENTS that memorialize or constitute any communications with Apple or any other person regarding efforts to obtain warranty coverage for that iPod touch device.

2) Produce all DOCUMENTS sufficient to establish the acquisition (by purchase or any other means) of each iPhone or iPod touch device for which YOU filed a claim in this action.

3) Produce all non-privileged DOCUMENTS supporting YOUR objection to the settlement of this action, including but not limited to, all non-privileged communications and DOCUMENTS related to the settlement, notice and claims process in this action.

4) Produce all DOCUMENTS relating to agreements between YOU and any other person (including but not limited to any other objector or attorney) in relation to this action, including any agreement to compensate YOU for acting as an objector.

H0031735.2

5) Produce all retention and engagement agreements between YOU and YOUR attorneys in this action that are related to YOU and YOUR attorney's involvement in this action, including without limitation all agreements pertaining to the sharing of fees between YOU and YOUR attorneys in this action and the sharing of fees among YOUR attorneys in this action.

6) Produce all DOCUMENTS sufficient to establish the relief, if any, YOU obtained for settlement class members as a result of the objections filed by YOU in *Fogel v. Farmers Group, Inc.*, Docket No. B238538 (Cal. Ct. App. Feb. 21, 2012)

7) Produce all DOCUMENTS that pertain to any CONSIDERATION that YOU or YOUR attorneys obtained as a direct or indirect result of YOUR agreement to withdraw the objections filed in in *Fogel v. Farmers Group, Inc.*, Docket No. B238538 (Cal. Ct. App. Feb. 21, 2012).

H0031735.2

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 10-1610

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Michael Casey

on *(date)*  12/18/13  .

☑ I served the subpoena by delivering a copy to the named individual as follows:  Michael Casey

at 4957 Black Oak Drive, Madison, WI

on *(date)* 12/18/13 ; or

☐ I returned the subpoena unexecuted because: 

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 45.00 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 12-20-13

_____
*Server's signature*

Josh Curry
*Printed name and title*

212 S. Henry St. #1, Madison, WI 53703
*Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT 14



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

7004 2890 0004 2316 9579

Sent To _Michael Casey_
Street, Apt. No.; or PO Box No. _4957 Black Oak Drive_
City, State, ZIP+4 _Madison, WI  53711 - 4373_

PS Form 3800, June 2002          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

_Michael Casey_
_4957 Black Oak Drive_
_Madison, WI  53711 - 4373_

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
_____    _6 · 6 ·_

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

_Apple I Phone_
_# 2183_

3. Service Type
☒ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
(Transfer from service label)      7004 2890 0004 2316 9579

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

# EXHIBIT 15

**Anthony Fata**

| | |
|---|---|
| **From:** | Anthony Fata |
| **Sent:** | Monday, January 06, 2014 9:12 PM |
| **To:** | 'Michael Casey' |
| **Subject:** | In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610 |

Dear Mr. Casey:

If you have retained an attorney, please have him or her contact me or provide me with his or her contact information as soon as possible.

On December 26, 2013, you represented that you would provide me with alternative dates for your deposition because you could not make December 30, 2013 work. Based on your representation that you would get me alternative dates, I agreed to postpone the deposition. You did not provide me with alternative dates. On December 30, 2013, I followed up and proposed an alternative date. You responded that: "I have been unable to reach my attorney of choice this week. He will be back in the office on 1/6/14. I will advise after connecting with [the] attorney." It is now the end of the day on January 6, 2014. As of this email, I have not heard from you. Nor have I heard from an attorney representing you. I assume (from your December 30 email and subsequent silence) that you do not intend to appear for the deposition tomorrow. Accordingly, I will not be traveling to Madison for the deposition. The Court granted a short extension of the deadline for our brief concerning final approval. For us to meet the revised briefing deadline, however, your deposition and document production must occur on or before January 17, 2014. It remains imperative that you or your attorney (if you retain one) contact me regarding your deposition date. If I do not hear from you or your attorney by the close of business on Tuesday, January 7, 2014, I will be forced to file a motion asking the Court to compel you to appear for a deposition and produce documents.

I hope we can reach agreement on a mutually acceptable date. Please contact me or have your attorney (if you have retained one) contact me by the close of business on Tuesday, January 7, 2014 by phone at (312) 782-4880 or email at afata@caffertyclobes.com. Again, if I do not hear from you or an attorney representing you by the close of business, I will be forced to seek relief from the Court.

Very Truly Yours,


Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f 312.782.4485
m 773.562.8669


www.caffertyclobes.com



PRIVILEGE AND CONFIDENTIALITY NOTICE

This electronic mail and the information contained herein are intended for the named recipient only.  It may contain confidential and/or attorney privileged matter.  If you have received this electronic mail in error, please do not read any text other than the text of this Notice and do not open any attachments.  Also, please immediately notify the sender by

replying to this electronic mail or by collect call to (312) 782-4880. After notifying the sender as described above, please delete this electronic mail message immediately and purge the item from the deleted items folder (or the equivalent) of your electronic mail system. Thank you.

---

**From:** Anthony Fata
**Sent:** Thursday, January 02, 2014 11:22 AM
**To:** 'Michael Casey'
**Subject:** RE: In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

Your Objection states: "Please serve me with copies of all future filings via email. Please only communicate with me via email." Accordingly, I am sending you by email a copy of the attached notice for your deposition on January 7, 2014. Your email from earlier today indicates that you will not appear on the previously requested date, but rather that you may be retaining an attorney and that you will contact me after you speak with him or her. I reiterate my request that you provide your attorney's contact information as soon as possible so that I can communicate with him or her to set a mutually agreeable date for your deposition that allows the parties to meet current Court-ordered deadlines. While we have already extended your deposition date once (from December 30), we will agree that the date will be extended. That said, we do not anticipate being able to extend your deposition date beyond January 7 or 8, 2014. For this reason, it is imperative that you have your attorney (if you retain one) contact me or provide me with his or her contact information as soon as possible so that we can schedule your deposition.

Very Truly Yours,


Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f 312.782.4485
m 773.562.8669

www.caffertyclobes.com



PRIVILEGE AND CONFIDENTIALITY NOTICE

This electronic mail and the information contained herein are intended for the named recipient only. It may contain confidential and/or attorney privileged matter. If you have received this electronic mail in error, please do not read any text other than the text of this Notice and do not open any attachments. Also, please immediately notify the sender by replying to this electronic mail or by collect call to (312) 782-4880. After notifying the sender

as described above, please delete this electronic mail message immediately and purge the item from the deleted items folder (or the equivalent) of your electronic mail system.  Thank you.

---

**From:** Michael Casey [mailto:michael@mickeycasey.com]
**Sent:** Tuesday, December 31, 2013 11:18 AM
**To:** Anthony Fata
**Subject:** RE: In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

I have been unable to reach my attorney of choice this week.  He will be back in the office on 1/6/14.  I will advise after connecting with attorney.


## Michael (Mick) Casey

4957 Black Oak Drive
Madison WI 53711
michael@mickeycasey.com
(608) 843-6315 cell
www.linkedin.com/in/michaelcaseymadison

---

**From:** Anthony Fata [mailto:AFata@CaffertyClobes.com]
**Sent:** Monday, December 30, 2013 8:31 PM
**To:** michael@mickeycasey.com
**Subject:** RE: In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

I am following up on my attempts to contact you by telephone today. To date, no attorney has contacted me on your behalf. If you have retained an attorney, please provide me with contact information as soon as possible so that I may communicate directly with him or her.

On December 18, 2013, you were served with a subpoena calling for the production of documents and your appearance at a deposition on December 30, 2013. Because I did not hear from you (after two email attempts made pursuant to your request to be contacted by email), I contacted you by telephone last Thursday, December 26. During that telephone conversation, you indicated that you would produce the documents called for by the subpoena and sit for the deposition, but indicated for the first time that you could not and would not do so on December 30, 2013.  You did state that you would look at your calendar and provide me with alternative dates over the next several days for your document production and deposition. I asked you to do so promptly so that I can meet Court deadlines in connection with the settlement approval process. I followed up with an email (again, per your request for email communication) asking you to provide the alternative dates. Since that time, however, you have not provided me with alternative dates. Because time is of the essence, I tried to reach you by telephone today and left you a voice message, but still have not heard back from you.

3

Because I need to plan my schedule and meet Court deadlines, I am forced to select a date for your document production and deposition. As I indicated in my voice message to you today, I will take your deposition and receive your document production pursuant to the subpoena commencing at 9:00 a.m. on Monday, January 6, 2014, at Gramann Reporting Ltd., 14 W. Mifflin St. #311, Madison, WI 53703. As a courtesy, I have picked the farthest date out that will allow you the most time to plan while at the same time allowing me to meet current Court deadlines.

If you have any questions or need directions to the court reporting agency, please do not hesitate to contact me on my mobile phone (773-562-8669) or by email (afata@caffertyclobes.com). And, again, if you have retained an attorney, please provide me with their contact information as soon as possible.

Very Truly Yours,

> Anthony F. Fata
> Cafferty Clobes Meriwether & Sprengel LLP
> 30 N. LaSalle, Suite 3200
> Chicago, Illinois 60602
> Office: (312) 782-4880
> Mobile: (773) 562-8669
> Email: afata@caffertyclobes.com

---

**From:** Anthony Fata
**Sent:** Thursday, December 26, 2013 3:52 PM
**To:** michael@mickeycasey.com
**Subject:** RE: In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

I write to confirm our telephone conversation this afternoon. Preliminarily, I called you because I had not received any response to the subpoena or my emails dated December 20 and 24, 2013 regarding your deposition and document production, which was scheduled to take place on December 30, 2013.

I asked you whether you had retained an attorney in connection with this matter. You indicated that you had not yet done so, but that you may be retaining one. If you do retain an attorney, please provide me with the attorney's contact information so that I can communicate directly with him or her.

I asked if you planned on appearing for the document production and deposition in Madison on Monday, December 30, 2013 pursuant to the subpoena. You stated that you would not appear because the date did not work for you, but that you would get back to me regarding alternative dates. I told you that I was planning on driving to Madison for the deposition, but that I did not want to do so if you were not going to be present. You reiterated that you would not be present because the date did not work for you. I then informed you that I would be canceling the court reporting agency for December 30.

You stated that you would look at your calendar and give me some alternative dates for your deposition. I stated that plaintiffs have a brief regarding final approval due on Wednesday, January 8, 2014, and that

I would need to take your deposition before that date. You reiterated that you would look at your calendar and provide me with some proposed dates.

I also asked whether you planned on producing the documents called for in the subpoena, and you indicated that you would. We tabled the logistics for when and how you would do so. I did indicate that if I received the documents in advance of your deposition date, it may help the deposition move more quickly.

I look forward to hearing from you or, if you retain an attorney, your attorney, regarding dates for your deposition. To allow us both time to schedule, I would ask that you provide me with dates by the end of the day tomorrow, December 27, 2013. Email would be best.

If you have any questions or if you would like to discuss this matter, please do not hesitate to call me on my cell phone at (773) 562-8669 or email me at afata@caffertyclobes.com.

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f 312.782.4485
m 773.562.8669

www.caffertyclobes.com



PRIVILEGE AND CONFIDENTIALITY NOTICE

This electronic mail and the information contained herein are intended for the named recipient only. It may contain confidential and/or attorney privileged matter. If you have received this electronic mail in error, please do not read any text other than the text of this Notice and do not open any attachments. Also, please immediately notify the sender by replying to this electronic mail or by collect call to (312) 782-4880. After notifying the sender as described above, please delete this electronic mail message immediately and purge the item from the deleted items folder (or the equivalent) of your electronic mail system. Thank you.

---

**From:** Anthony Fata
**Sent:** Tuesday, December 24, 2013 1:01 PM
**To:** michael@mickeycasey.com
**Subject:** In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

5

If you are represented by counsel, please have them contact me as soon as possible or let me know how to contact them. I am following up on my December 20, 2013 email and in connection with the subpoena requiring your production of documents and appearance at a deposition on Monday, December 30, 2013 in Madison, Wisconsin. As I stated in my prior email, we are willing to proceed with the production of documents and the deposition on a date that is more convenient for you, as long as it allows us to meet the Court's deadlines.  Because I have not heard from your counsel or you, I am planning on cutting a family visit short and traveling to Madison on December 30, 2013 for the document production and deposition. The courtesy of a response would be appreciated. But if I do not hear from you, I will plan on seeing you as noticed in the subpoena, at 9:00 a.m. on Monday, December 30, 2013 at Gramann Reporting Ltd., 14 W. Mifflin St. #311, Madison, WI 53703.

Very Truly Yours,

> Anthony F. Fata
> Cafferty Clobes Meriwether & Sprengel LLP
> 30 N. LaSalle, Suite 3200
> Chicago, Illinois 60602
> Office: (312) 782-4880
> Mobile: (773) 562-8669
> Email: afata@caffertyclobes.com

---

**From:** Anthony Fata
**Sent:** Friday, December 20, 2013 5:12 PM
**To:** michael@mickeycasey.com
**Subject:** In re: Apple iPhone/iPod Warranty Litigation, Case No. 10-01610

**By Email Only**
Michael Casey
4957 Black Oak Drive
Madison, WI 53711
Email: michael@mickeycasey.com

Dear Mr. Casey:

I write in connection with your objection to the settlement in the lawsuit titled, *In re: Apple iPhone/iPod Warranty Litigation*, Case No. 10-01610, pending in the Northern District of California. I am one of the attorneys representing the plaintiffs and the Class. Pursuant to your request, I am contacting you at the email address provided in your objection. If you are represented by an attorney in this matter, please have your attorney contact me as soon as possible at either (312) 782-4880 or afata@caffertyclobes.com. Alternatively, please provide me with your attorney's name and telephone number as soon as possible so that I can contact him or her.

Although you indicated in your objection that you intend to find a lawyer to represent you at the fairness hearing, we have not been contacted by an attorney representing you, and we have not been served with any notice that an attorney is representing you. Accordingly, we issued a subpoena to the address listed in your objection. It is my understanding that the subpoena was served on you on December 18, 2013. Copies of the subpoena and the process server's affidavit of service are attached.

I need to schedule the timing of your production of documents, as well as the date and time of your deposition as soon as possible. Your timely response to the document requests attached to the subpoena and your timely appearance at a deposition are necessary for the parties to meet Court deadlines relating to the hearing on the settlement.

If we do not hear from you, we will proceed with the receipt of your documents as well as your deposition at the date and time specified in the subpoena: Monday, December 30, 2013 at 9:00 a.m. at Gramann Reporting Ltd., 14 W. Mifflin St. #311, Madison, WI 53703. We are willing to proceed with the production of documents and the deposition on a date that is more convenient for you, as long as it allows us to meet the Court's deadlines.

Accordingly, please contact me, or have your attorney contact me, as soon as possible. Again, you can reach me at (312) 782-4880 or afata@caffertyclobes.com.

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f  312.782.4485
m 773.562.8669

www.caffertyclobes.com



# EXHIBIT 16

## Anthony Fata

| | |
|---|---|
| **From:** | Dina E. Micheletti [dem@fazmiclaw.com] |
| **Sent:** | Wednesday, January 08, 2014 12:11 AM |
| **To:** | michael@mickeycasey.com |
| **Cc:** | Anthony Fata; Jeffrey L. Fazio; Steven A. Schwartz |
| **Subject:** | In re Apple iPhone/iPod Warranty Litig., No. 10-CV-01610 |
| **Attachments:** | MTC Objector Casey Depo with Ex. A.pdf |

Dear Mr. Casey,

Please see the attached motion to compel, which Plaintiffs filed today.  If you have retained counsel, please provide us with his or her contact information, so we may provide your lawyer with a copy of the letter brief.

Regards,

**Dina E. Micheletti**
Fazio | Micheletti LLP
2410 Camino Ramon, Suite 315
San Ramon, CA 94583
T: 925.543.2555
F: 925.369.0344

1

# EXHIBIT 17

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10
11   IN RE APPLE IPHONE/IPOD WARRANTY       No. C-10-01610 RS (DMR)
     LITIGATION
12                                          **NOTICE AND ORDER SETTING**
                                            **HEARING ON JOINT DISCOVERY**
13                                          **LETTER**
14   _____/
15   TO ALL PARTIES AND COUNSEL OF RECORD:
16         The court is in receipt of the parties' joint letters regarding their discovery disputes. [Docket
17   Nos. 120, 121.]. You are hereby notified that a hearing regarding the disputes is set for **January 13,**
18   **2014 at 2:00 p.m.** at the U.S. District Court, 1301 Clay Street, Oakland, California 94612. For
19   courtroom number and floor information, please check the Court's on-line calendar at
20   http://www.cand.uscourts.gov (click "Calendars - Judges' Weekly Calendars" link, then select Judge
21   Ryu's calendar).
22
23         IT IS SO ORDERED.
24
25   Dated:  January 7, 2014
26                                          
27                                          DONNA M. RYU
                                            United States Magistrate Judge
28

# EXHIBIT 18

1   Jeffrey L. Fazio (146043) (jlf@fazmiclaw.com)
    Dina E. Micheletti (184141) (dem@fazmiclaw.com)
2   FAZIO | MICHELETTI LLP
    2410 Camino Ramon, Suite 315
3   San Ramon, CA  94583
    T:  925-543-2555
4   F:  925-369-0344

5   Steven A. Schwartz (*pro hac vice*) (sas@chimicles.com)
    Timothy N. Mathews (*pro hac vice*) (tnm@chimicles.com)
6   CHIMICLES & TIKELLIS LLP
    361 W. Lancaster Avenue
7   Haverford, PA  19041
    T:  610-642-8500
8   F:  610-649-3633

9   *Co-Lead Class Counsel*

10  Anthony F. Fata (*pro hac vice*)
    CAFFERTY CLOBES MERIWETHER
11  & SPRENGEL LLP
    30 N. LaSalle, Suite 3200
12  Chicago, IL 60602
    T: 312-782-4880
13  F: 312-782-4485

14  *State Plaintiffs Liaison Counsel*
    (Additional Counsel Listed on Signature Page)
15

16                  UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18

19  IN RE APPLE iPHONE/iPOD              No. 10-CV-01610
    WARRANTY LITIGATION
20                                       PROOF OF SERVICE
    This Document Relates to All Actions
21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, the undersigned, hereby declare under penalty of perjury that the following is true and correct:

I am a citizen of the United States; am over the age of 18 years; am employed by THE KRALOWEC LAW GROUP, located at 188 The Embarcadero, Suite 800, San Francisco, California 94105, whose members are members of the State Bar of California and at least one of whose members is a member of the Bar of each Federal District Court within California; am not a party to the within action; and that I caused to be served a true and correct copy of the following documents in the manner indicated below:

1. **NOTICE AND ORDER SETTING HEARING ON DISCOVERY LETTER (Dock. No. 124);**

2. **DISCOVERY LETTER BRIEF RE CASEY SUBPOENA (Dock. No. 123);**

3. **NOTICE OF REFERENCE; ORDER DENYING MOTION TO QUASH WITHOUT PREJUDICE; ORDER RE DISCOVERY PROCEDURES (Dock. No. 116); and**

4. **PROOF OF SERVICE.**

- **By Express Mail:** I placed a true copy of each document listed above in a sealed envelope addressed to each person listed below on this date and affixed a pre-paid air bill, and caused the envelope to be delivered to an express service carrier for overnight delivery.

Michael Casey
4957 Black Oak Drive
Madison, WI 53711

*Objector*

1            Executed this 8th day of January, 2014 in San Francisco, California.

2

3

4                                     Gary M. Gray

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*In re Apple iPhone/iPod Warranty Litigation*, Case No. CV-01610-RS
Proof of Service

# EXHIBIT 19

**Michael Casey**
**4957 Black Oak Drive**
**Madison, WI 53711**
**michael@mickeycasey.com**

The Honorable Donna M. Ryu
United States Magistrate Judge
1301 Clay Street, Courtroom 4
Oakland, California 94612

      Re:    *Subpoena served on Michael Casey;*
              *Motion to Compel Deposition of Michael Casey*
              *In re Apple iPhone/iPod Warranty Litig., No. 10-CV-01610*

Dear Judge Ryu,

      I am an unnamed class member in the above referenced litigation, who responded to the invitation contained in the notice sent to class members regarding the proposed settlement and lodged an objection to that proposed settlement. Rather than attempting to address the issues raised in my objection, class counsel are attempting to harass and intimidate me by serving me with an unauthorized subpoena and requesting the production of documents completely irrelevant to the issues raised my objection or the fairness of the proposed settlement. Compounding this improper conduct, Class Counsel now seeks a court order to compel my deposition by filing a letter motion to compel in the district court in California (the "Motion to Compel"), rather than in the district in which compliance is sought as required by FED. R. CIV. PROC. 45. I request sanctions against Class Counsel for this harassment and improper use of legal process.

### A. *A court order should have been sought before service of a subpoena on unnamed class member*

      The deposition subpoena served on December 18, 2013 was improper and abusive. I am an unnamed class member in this litigation, and Class Counsel violated the federal rules by attempting to take discovery from an unnamed class member prior to obtaining a court order. Cal. Prac. Guide, *Federal Civ. Proc. Before Trial,* 10:749 ("the party seeking discovery from unnamed class members is required to obtain a court order before service of interrogatories, taking of depositions, or other form of discovery is sought." *In re Carbon Dioxide Industry Antitrust Litig.,* 155 F.R.D. 209, 212 (M.D.Fla. 1993)).

      Objecting does not transform my status into a party or a named representative class member: "By virtue of not being chosen as class representatives, the plaintiffs remain as passive class members, on equal footing with all other non-representative class members." *In re Carbon Dioxide, supra,* at 211-12. Allowing discovery from non-representative class members without a prior court order undermines the entire purpose and structure of Rule 23: "It is not intended that

Monday, January 13, 2014
Page 2 of 4

members of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason for the rule would fail." *Fischer v. Wolfinbarger,* 55 F.R.D. 129, 132 (W.D. Ky. 1971). "Absent a showing of particularized need, the Court will not permit general discovery from passive class members. . . . The Court has determined, above, that non-representative class members **shall not be subject to discovery** absent a showing of particularized need for information that cannot be obtained from class representatives." *In re Carbon Dioxide, supra,* 155 F.R.D. at 212.

Despite the protections provided under the Federal Rules, Class Counsel served the unauthorized subpoena, and contacted me several times following service of that subpoena while I have been attempting to retain counsel, in an effort to intimidate and harass me into complying with the unauthorized subpoena. This pattern of behavior is abusive and is only designed to intimidate an objector who raised legitimate concerns regarding the fairness of the proposed settlement.

### B. *The court cannot rule on the Motion to Compel because the motion should have been filed in the district court where compliance is required and has not been properly transferred to the Issuing Court*

Under revised Rule 45 of the Federal Rules of Civil Procedure, subpoenas are issued from the court where the action is pending and can be served nationwide. However, any motion to compel compliance with a subpoena must be filed in the district where compliance is sought. Thus any motion to compel compliance with the subpoena should have been filed in district court in Wisconsin. The advisory committee notes to new Subdivision (f) clarify that subpoena related motions must be filed in the court were compliance is sought. The notes state: "Subdivision (f) is new. Under Rules 45(d)(2)(b), 45(d)(3), and 45(e)(2)(B), *subpoena-related motions and applications are to be made to the court where compliance is required* under Rule 45(c)." Thus under amended Rule 45, the primary forum for resolving subpoena disputes continues to be the court for the district where compliance is required.

In limited circumstances, the amended rule now permits the court where compliance is required to transfer subpoena related motions to the court where the matter is pending. Rule 45(f) states "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court <u>if the person subject to the subpoena consents</u> or <u>if the court finds exceptional circumstances</u>." Both the text of Rule 45(f) and the Advisory Committee Notes make clear that the authority to transfer such motions is limited. Transfers are only allowed if (1) the issuer and recipient consent to a transfer, or (2) if the district court where compliance is required finds "exceptional circumstances." The Advisory Committee's notes indicate that the district court's primary aim should be to avoid imposing compliance burdens on nonparties. The notes state: "In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions."

Monday, January 13, 2014
Page 3 of 4

Thus under the amended rule, the primary forum for resolving motions to compel compliance with a subpoena continues to be the district court for the district where compliance is required. I have not consented to transfer to this court, and Class Counsel failed to request a transfer to this court. This court has no authority to compel compliance with the subpoena. Even had the required request to transfer been filed with the district court, that request should have been denied as the discovery sought here is irrelevant to the pending litigation and is only intended to harass and intimidate.

### C. *The discovery sought is solely intended to harass and irrelevant to any party's claims or defenses*

The discovery sought from does not serve any of the valid purposes for discovery set forth in Fed. R. Civ. Proc. 26(b). The discovery sought is not relevant to "any party's claim or defense" (FRCP 26(b)(1)), because the case has settled. Since the case has settled, there are no pending claims or defenses, mooting any purported assertion of relevance. Further, under Rule 26(b)(2)(C)(iii), the court must limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, . . . the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Because the case is already resolved, there can be no importance attached to the proposed discovery, which can only be described as burdensome and harassing, designed to chill my right to object to the proposed settlement.

Class Counsel cites and relies heavily on *In re Netflix Privacy Litig.*, 5:11-CV-00379-EJD, 2013 WL 6173772, at *2 (N.D. Cal. Nov. 25, 2013) in support of its claim that the discovery at issue here is warranted. The decision in *In re Netflix* followed the filing of a Motion for Additional Discovery, which in turn followed filing of an appeal to the Ninth Circuit by the party from whom the discovery was sought. Neither situation is relevant here, as Class Counsel has not properly filed a motion to request additional discovery or a motion to compel in the district court where compliance is required, and indeed did not follow proper procedures to obtain discovery at all. The court's ruling in *In re Netflix* is not relevant here; I have has not filed an appeal in this case, but has merely objected, which does not change his status in the above referenced litigation.

The reasons Class Counsel seeks to obtain discovery are improper on their face, and clearly indicate a desire to conduct a fishing expedition to uncover improper motive or illegal financial conduct rather than an attempt to obtain information relevant to the objections raised. Class Counsel's letter to the court states:

> "Plaintiffs seek discovery to confirm their belief that Casey lacks standing to object because he is not a Settlement Class Member, and therefore the Court should not entertain his objection.  Moreover, Plaintiffs seek to depose Casey about issues related to his motives, which Plaintiffs believe arise from personal financial gain versus the Class' interests." *Class Counsel's letter motion to*

Monday, January 13, 2014
Page 4 of 4

> *compel, page 3.*

These are improper motives for attempting to obtain discovery, and merely constitute *ad hominem* attacks in an attempt to intimidate and cause me to withdraw his objections. That will never happen. I filed my objections at the invitation of this court. They were made in good faith. I hope the court seriously considers them. I also attached my accepted claim form to the objection; there is no standing issue.

Rather than approving Class Counsel's efforts to harass the objector, I respectfully asks the court consider its duty to protect class members' right to object and respond to the Motion to Compel in a way that reflects the importance of the procedural safeguards provided to non-parties by the Federal Rules. The deposition subpoena was improper, and combined with the harassment that followed, was abusive and retaliatory. Class Counsel's letter to this court is a further attempt at improper use of legal process. The court should reject Class Counsel's request for a court order.

Please be mindful of the important role objectors play in the settlement approval process in class action litigation. Once class counsel and defense counsel enter into a settlement agreement, unnamed class members' right to object to the settlement is an important procedural safeguard against collusion and unfairness. If Class Counsel is allowed to abuse legal process and harass unnamed class members in a way that prevents them from meaningfully participating in the settlement approval process, this will undermine the fairness of class action litigation.

Without consenting to this matter being heard by a Magistrate Judge, I respectfully request the court protect objectors' rights and reject this improper attempt to obtain discovery.

This letter was prepared with the assistance of counsel. I am in the process of looking for someone to represent me in Wisconsin and California as Class Counsel has now turned a simple objection into a blood feud.

Because of my work schedule I am not available for a telephone conference.

Very Truly Yours,

/s/ Michael Casey

# EXHIBIT 20

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE APPLE IPHONE/IPOD WARRANTY LITIGATION

No. C-10-01610 RS (DMR)

**ORDER ON JOINT DISCOVERY LETTERS [DOCKET NOS. 120, 121, 123]**

_____/

Before the court are three discovery letter briefs regarding disputes between Plaintiffs and Objectors Jeffrey Kessinger and Michael Casey. [Docket Nos. 120, 121, 123.] The court conducted a hearing on these matters on January 13, 2014. Mr. Casey did not appear. Due to the press of time and rapidly approaching deadlines in this case, the court set forth its reasoning on the record at the hearing. For the reasons stated at the hearing, the court issues the following orders on the discovery letters.

I.     **Docket No. 120**

Kessinger's motion to quash Plaintiffs' subpoena is denied. Kessinger's deposition will take place on Saturday, January 18, 2014 at 1:00 p.m. in Hawaii at the location set forth on the subpoena. The deposition shall not exceed four hours, exclusive of breaks, and Kessinger's counsel may defend the deposition by telephone. Kessinger is ordered to produce to Plaintiffs documents responsive to the following categories **by no later than 12:00 p.m. PST on Thursday, January 16, 2014:**

**United States District Court**
For the Northern District of California

1      a.    all documents related to or supporting his objection to the settlement of this action;

2      b.    all documents relating to agreements to compensate Kessinger for acting as an

3               objector in this action or discussing attorney fee arrangements for Kessinger's

4               participation in this lawsuit;

5      c.    all documents regarding any consideration that Kessinger obtained as a result of

6               agreeing to withdraw objections filed in the cases listed on the subpoena attachment,

7               limited to cases in which the objection was submitted from 2009 to the present; and

8      d.    to the extent that Kessinger contends he obtained additional relief for the classes in

9               the cases listed on the subpoena attachment (limited to cases in which the objection

10              was submitted from 2009 to the present), he must produce to Plaintiffs all documents

11              supporting that contention.

12   Plaintiffs' counsel may question Kessinger regarding any of the fourteen cases listed at the hearing

13   (ten of which appeared on the subpoena attachment) in which the objection was submitted from

14   2006 to the present.

15       Kessinger shall file a detailed privilege log listing any documents withheld from production

16   on the grounds of privilege by no later than **5:00 p.m. PST on Wednesday, January 15, 2014.**  If

17   Plaintiffs challenge any document listed on Kessinger's privilege log, they must set forth their

18   challenge in a letter filed by no later than **12:00 p.m. PST on Thursday, January 16, 2014.**  In the

19   event of a challenge by Plaintiffs, the parties shall immediately meet and confer and file a joint letter

20   setting forth any dispute(s) by no later than **9:00 a.m. PST on Friday, January 17, 2014,** and

21   Kessinger shall also lodge with the court a copy of any disputed documents for the court's *in camera*

22   review by no later than **9:00 a.m. PST on January 17, 2014.**  If Kessinger contends that a

23   responsive document does not meet the conditions set forth in California Evidence Code section

24   1123 and that it may be withheld from production on that ground, he shall submit the document(s) to

25   Magistrate Judge Ryu for *in camera* review by no later than **12:00 p.m. PST on Thursday,**

26   **January 16, 2014.**

27   **II.    Docket No. 121**

28

1      Kessinger's motion for an order granting him permission to depose class counsel Mark

2   Chavez is denied.

3   **III.    Docket No. 123**

4      Plaintiffs' motion for an order compelling Objector Michael Casey to appear for a deposition

5   and to produce documents is granted.  Casey's deposition shall take place by no later than January

6   20, 2014.  The deposition is limited to four hours, exclusive of breaks, and shall take place at the

7   location listed on the subpoena.  As Casey has requested that he be served by email, Plaintiffs shall

8   serve Casey by email with this Order by January 14, 2014.  As Casey failed to timely object to the

9   subpoena, any objections have been waived.  Casey shall produce all responsive documents by no

10   later than 5:00 p.m. on the day before the date scheduled for the deposition.

11

12      IT IS SO ORDERED.

13

14   Dated:  January 13, 2014



15

16                                        DONNA M. RYU
                                        United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

3

# EXHIBIT 21

**Anthony Fata**

| | |
|---|---|
| **From:** | Dina E. Micheletti [dem@fazmiclaw.com] |
| **Sent:** | Monday, January 13, 2014 8:18 PM |
| **To:** | Mick Casey B2B; Michael Casey |
| **Cc:** | Anthony Fata; Jeffrey L. Fazio; Steven A. Schwartz |
| **Subject:** | Re: Apple Warranty Discovery Motion response |
| **Attachments:** | magistrate Judge Ryu order granting motions to compel kessinger and Casey.pdf |

Dear Mr. Casey,

Magistrate Judge Ryu has directed us to serve you with a copy of the attached order granting Plaintiffs' motion to compel you to sit for deposition in Wisconsin for four hours, and to produce the documents listed in the subpoena Plaintiffs initially served on December 20, 2013.

Pursuant to Her Honor's Order, your deposition must take place no later than January 20, thus you need to tell us immediately when you are available. You must also produce all documents responsive to the subpoena no later than 5:00 p.m. the day before your deposition. If doing so would be more convenient for you, you may produce copies of your documents electronically (via e-mail) to Anthony Fata at AFata@CaffertyClobes.com. If you would prefer to produce paper copies, you may send your documents directly to Mr. Fata at Cafferty Clobes Meriwether & Sprengel, at 30 North La Salle Street, Suite 3200, Chicago, IL 60602. If you elect to produce copies, we will reimburse you for reasonable, out-of-pocket copying expenses. Alternatively, we can send a messenger to retrieve the original documents from your home or office, take them to be copied, and return them to you. The choice is yours, however, that choice must be made quickly, as we are running out of time.

Because Mr. Fata will be deposing you, please contact him directly to discuss deposition dates and document-production logistics.

If you have any questions about the Magistrate's order, you may contact me or Mr. Fata.

If you would prefer that we communicate with you through your counsel, you will have to identify him or her.

**Dina E. Micheletti**
Fazio | Micheletti LLP
2410 Camino Ramon, Suite 315
San Ramon, CA 94583
T: 925.543.2555
F: 925.369.0344

On Jan 13, 2014, at 2:23 PM, Mick Casey B2B wrote:

Dear Judge Ryu,

Enclosed is my response to the captioned Discovery Motion.

Sincerely,

Michael Casey

Michael (Mick) Casey
4957 Black Oak Drive
Madison WI 53711
michael@mickeycasey.com

<Response to Motion Letter for Monday Jan 13 2pm.pdf>

# EXHIBIT 22

**Anthony Fata**

| | |
|---|---|
| **From:** | Anthony Fata |
| **Sent:** | Tuesday, January 14, 2014 5:25 PM |
| **To:** | 'Michael Casey' |
| **Subject:** | Apple iPhone iPod Touch Settlement |

**By Email**

Dear Mr. Casey:

If you have retained counsel, please forward this email to them.

Yesterday, my colleague Dina Micheletti, provided you with notice of Magistrate Judge Ryu's Order requiring you to appear for deposition and produce documents pursuant to the Subpoena. Ms. Micheletti also asked you to contact me regarding scheduling your deposition. It is now almost the close of business. As of this email, I have not heard from you.

Because we are obligated to comply with the Court's Order, and because I need to plan as well as to coordinate with the Court Reporter and its office, I will plan on your deposition and document production taking place as follows:

Your Deposition
Start Time: 10:00 a.m. on Friday, January 17, 2014.
Location: Gramann Reporting, Ltd., 14 W. Mifflin St. #311, Madison, Wisconsin 53703.

Your Document Production
Deadline: 5:00 p.m. on Thursday, January 16, 2014.
Please see Ms. Micheletti's January 13, 2014 email to you concerning different production options to reduce/eliminate any burden on you.

To mitigate any inconvenience for you, I selected the last possible day for your deposition that is consistent with the Court's order (besides weekend days and Monday, January 20, 2014, which is the Martin Luther King Holiday). If Friday at 10:00 a.m. does not work, and there is another date/time that works for you (including this Thursday (Jan. 16th), Friday (Jan. 17th), Saturday (Jan. 18th), Sunday (Jan. 19th) or Monday (Jan. 20th), please contact me at your earliest convenience. I will do my best to accommodate and schedule a Court Reporting facility for the deposition.

As you are aware, however, I do have to plan in advance because I am traveling from Chicago and have a variety of professional and personal commitments over the next several days. Also, I need to schedule with the Court Reporter. Accordingly, if I do not hear from you by 5:00 p.m. (Wednesday, January 15, 2014), I will be unable to change my schedule and will travel to Madison for your deposition on Friday, January 17, 2014.

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f 312.782.4485
m 773.562.8669

www.caffertyclobes.com

1



PRIVILEGE AND CONFIDENTIALITY NOTICE

This electronic mail and the information contained herein are intended for the named recipient only.  It may contain confidential and/or attorney privileged matter.  If you have received this electronic mail in error, please do not read any text other than the text of this Notice and do not open any attachments.  Also, please immediately notify the sender by replying to this electronic mail or by collect call to (312) 782-4880.  After notifying the sender as described above, please delete this electronic mail message immediately and purge the item from the deleted items folder (or the equivalent) of your electronic mail system.  Thank you.

# EXHIBIT 23

**Anthony Fata**

| | |
|---|---|
| **From:** | Anthony Fata |
| **Sent:** | Wednesday, January 15, 2014 5:14 PM |
| **To:** | 'Michael Casey' |
| **Subject:** | Apple iPhone iPod Touch Settlement |
| **Attachments:** | Casey_Receipt.pdf; Casey_Service Record .pdf |

**By Email**

Dear Mr. Casey:

I write in connection with your document production and deposition, which were ordered by Judge Ryu. Please forward this correspondence and the enclosed documents to your attorney, if you have retained one. I have not heard from any attorney representing you, you have not provided me with an attorney's contact information, and I assume that you continue to represent yourself.

**You are not a Class Member**

The documents attached to this email indicate that you are not a Class member. To be a Class member, Apple had to deny warranty coverage for your iPod touch because Apple stated it was damaged by liquid. Apple and the Claims Administrator (KCC) have investigated your claim. According to the attached Apple records, Jill Casey visited the Apple store at the West Towne Mall in Madison, Wisconsin on March 31 and April 1, 2009 concerning the device bearing the same serial number as the device for which you submitted a claim. On April 1, 2009, Apple replaced that device free of charge pursuant to warranty coverage. Accordingly, warranty coverage was not denied and you are not a class member. I intend to address the enclosed documents during your deposition. While I do not anticipate any legitimate explanation for this discrepancy between your claim (that you were denied warranty coverage) and the enclosed documents (indicating that you were not denied warranty coverage), if there is one, please let me know as soon as possible. It may save us some time during your deposition.

**Please Withdraw Your Objection**

Because you are not a class member, please consider promptly filing with the Court a letter withdrawing your objection and serving me with a copy of the withdrawal letter. By way of example, another objector (Mr. Martino) learned that he was not a class member, promptly withdrew his objection, and was not required to produce documents or sit for a deposition. Likewise, if you withdraw your objection, I see no need for you to produce documents tomorrow or to appear for a deposition on Friday.

**Your Deposition and Document Production**

In the meantime, I will assume that you intend to proceed with your objection, and I therefore must proceed with discovery. You have failed to respond to my colleague's (Ms. Micheletti) email on January 13, 2014 enclosing Judge Ryu's Order or my email on January 14, 2014 informing you that I needed to schedule your document production and deposition, and that, if you wished to proceed on a different date or time than that stated in my email, to let me know no later than 5:00 p.m. today. It is now past 5:00 p.m. and you have not communicated with me or proposed a different date or time for your deposition. Because I have blocked out Thursday night to review your documents and Friday for your deposition, I had to move other professional and personal obligations, and I have scheduled the court reporter and room with Gramann Reporting for this Friday. Simply put, the date and time of your deposition can no longer be moved. **Accordingly, unless your objection is withdrawn, I will look forward to receiving your documents by 5:00 p.m. tomorrow, Thursday,**

**January 16, 2014 and to meeting you for your deposition at 10:00 a.m. on Friday, January 17, 2014 at Gramann Reporting, 14 West Mifflin Street, Suite 311, Madison, WI 53703.**

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f 312.782.4485
m 773.562.8669

www.caffertyclobes.com



---

**From:** Anthony Fata
**Sent:** Tuesday, January 14, 2014 5:25 PM
**To:** 'Michael Casey'
**Subject:** Apple iPhone iPod Touch Settlement

**By Email**

Dear Mr. Casey:

If you have retained counsel, please forward this email to them.

Yesterday, my colleague Dina Micheletti, provided you with notice of Magistrate Judge Ryu's Order requiring you to appear for deposition and produce documents pursuant to the Subpoena. Ms. Micheletti also asked you to contact me regarding scheduling your deposition. It is now almost the close of business. As of this email, I have not heard from you.

Because we are obligated to comply with the Court's Order, and because I need to plan as well as to coordinate with the Court Reporter and its office, I will plan on your deposition and document production taking place as follows:

Your Deposition
Start Time: 10:00 a.m. on Friday, January 17, 2014.
Location: Gramann Reporting, Ltd., 14 W. Mifflin St. #311, Madison, Wisconsin 53703.

Your Document Production
Deadline: 5:00 p.m. on Thursday, January 16, 2014.
Please see Ms. Micheletti's January 13, 2014 email to you concerning different production options to reduce/eliminate any burden on you.

To mitigate any inconvenience for you, I selected the last possible day for your deposition that is consistent with the Court's order (besides weekend days and Monday, January 20, 2014, which is the Martin Luther King Holiday). If Friday at 10:00 a.m. does not work, and there is another date/time that works for you (including this

Thursday (Jan. 16th), Friday (Jan. 17th), Saturday (Jan. 18th), Sunday (Jan. 19th) or Monday (Jan. 20th), please contact me at your earliest convenience. I will do my best to accommodate and schedule a Court Reporting facility for the deposition.

As you are aware, however, I do have to plan in advance because I am traveling from Chicago and have a variety of professional and personal commitments over the next several days. Also, I need to schedule with the Court Reporter. Accordingly, if I do not hear from you by 5:00 p.m. (Wednesday, January 15, 2014), I will be unable to change my schedule and will travel to Madison for your deposition on Friday, January 17, 2014.

Very Truly Yours,


Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f 312.782.4485
m 773.562.8669


www.caffertyclobes.com



PRIVILEGE AND CONFIDENTIALITY NOTICE

This electronic mail and the information contained herein are intended for the named recipient only.  It may contain confidential and/or attorney privileged matter.  If you have received this electronic mail in error, please do not read any text other than the text of this Notice and do not open any attachments.  Also, please immediately notify the sender by replying to this electronic mail or by collect call to (312) 782-4880.  After notifying the sender as described above, please delete this electronic mail message immediately and purge the item from the deleted items folder (or the equivalent) of your electronic mail system.  Thank you.

# EXHIBIT 24

New Window | Customize Page

| Information | Repair Statuses |

|  | Service ID | Status | Type | Customer | Contact | Case |
|---|---|---|---|---|---|---|
|  | R22200591 | Closed | Swap Repair | JILL M CASEY |  | 121414056 |

## Store Details

| Store Name: | Apple Store West Towne |
|---|---|

## Retail

| Serial Number: | 9C822T4U14N | | | Link Customer |
|---|---|---|---|---|
| Service Type: | Swap Repair | Service Status: | Closed | |
| POS #: | R2292027744 | Procare Number | | |
| Quote Number: | 0206472198 | Repair Comment: | | |
| Case ID: | 121414056 | | | |

## Customer Information

| Customer: | CASEY JILL M | | Contact: | |
|---|---|---|---|---|
| Contact Phone: | | Alternate Phone: | | Email: |

## Product

| Config Code: | 14N | Model Number: | MA623LL/B | Purchase Date: | 09/11/2008 |
|---|---|---|---|---|---|
| Affected Product: | IPOD TOUCH W JAN SW UPG 8GB | | | Eligible Product: | IPOD TOUCH |
| Reason For Service: | Other | | | Final Resolution: | Repair/Service Complete |
| Component: | | | Display | Issue: | Horizontal/Vertical Lines |
| CompTIA Code: | E46 | Product used with: Mac | PC | CompTIA Modifier: | A. Not Applicable |

## Coverage

| Coverage: | Limited Warranty |
|---|---|
| Coverage Code: | LI |
| SAP Coverage Code: | LI |
| Agreement Code: | |
| Agreement #: | |
| Agreement Template ID: | |

## Override

| Override Warranty | Generate CS Code |
|---|---|
| Override Reason: | |

View Summary of Notes

## Note Details

Find | View 1       First ◄ 1-3 of 3 ► Last

**Note Code**

| Summary | Work Authorization Notes 2009-04-01 13:02:23 CST |
|---|---|
| Problem Description | Did check-current cable / multi-meter test pass: No<br>Was dent inspection tool used to check all cosmetic/physical damage: Yes<br><br>Issue: in the middle of a restore customer had distorted video and it switched to vertical lines |

| Note Type | Retail Service | | Peer Feedback |
|---|---|---|---|

**Note Code**

| Summary | Genius Room Notes 2009-04-01 13:02:23 CST |
|---|---|
| Problem Description | Steps to Reproduce: verified at bar, customer also came in for appointment yesterday<br>Proposed Resolution: replace iPod |

| Note Type | Retail Service | | | Peer Feedback |
|---|---|---|---|---|
| Date Created: | 04/01/09 11:02AM PDT | By: | ▓▓▓▓▓▓▓▓▓▓ | |
| Date Modified: | 04/01/09 11:02AM PDT | By: | ▓▓▓▓▓▓▓▓▓▓ | |

**Note Code**

| Summary | Trigger Notes 2009-04-01 13:02:23 CST |
|---|---|
| Problem Description | CONFIGURATION<br>iPod Touch SW Version (Before Troubleshooting):  2.2.1<br>Platform:  Windows<br>Windows Version:  Windows XP<br><br>PROBING & TROUBLESHOOTING<br>Ran Behavior Scan:  Customer Declined |

| Note Type | Retail Service | | | Peer Feedback |
|---|---|---|---|---|
| Date Created: | 04/01/09 11:02AM PDT | By: | ▓▓▓▓▓▓▓▓▓▓ | |
| Date Modified: | 04/01/09 11:02AM PDT | By: | ▓▓▓▓▓▓▓▓▓▓ | |

**Parts Used Summary**

Customize | Find | 🔲    First ◁ 1 of 1 ▷ Last

Estimated Parts | Details | 🔲

| Part Number | Description | Warranty Status | Print Label |
|---|---|---|---|
| 661-4691 | iPod touch (January 2008 Software Upgrade), 8GB-US/CAN | Limited Warranty | 🎒 |

Add Parts Details

Check Coverage     On - Hand Stock Availability

**Billing Information**

| Quote Number: | 0206472198 🔵 |
|---|---|
| Total Amount: | 0.00 |

Print Final RepairConfirmation

▓▓▓▓▓▓▓▓▓▓

| Language Code | English |
|---|---|

▷ SAP Information

| Date Created: | 04/01/09 11:02AM PDT | By: | ▓▓▓▓▓▓ |
|---|---|---|---|
| Date Modified: | 04/01/09  3:59PM PDT | By: | ▓▓▓ |

Save

Information | Repair Statuses

# EXHIBIT 25

**DUPLICATE RECEIPT**

Date      April 01, 2009 01:11 PM

Apple Store, West Towne

18 West Towne Mall
Madison, WI 53719
westtowne@apple.com
608.827.9840

www.apple.com/retail/westtowne

Receipt ID

```
*R22920277744*
```

Repair ID      R22200591

| Product Description | Return Date | Support Contact | Qty | Unit Price | Total |
|---|---|---|---|---|---|
| IPOD TOUCH(EARLY 2008),8GB - Part Number 661-4691 | No Returns | APPLECARE SUPPORT 1-800-APL-CARE | 1 | $ 0.00 | $ 0.00 |

| | |
|---|---|
| **sub-total** | $ 0.00 |
| | $ 0.00 |
| Total Tender | $ 0.00 |
| Change Due | $ 0.00 |

http://www.apple.com/legal/sales_policies/retail.html
Tell us about your experience at the Apple Store.
Visit www.apple.com/feedback/retail.html

Page#1 of 1

# EXHIBIT 26

## Anthony Fata

| | |
|---|---|
| **From:** | Anthony Fata |
| **Sent:** | Thursday, January 16, 2014 5:22 PM |
| **To:** | 'Michael Casey' |
| **Subject:** | Apple iPhone iPod Touch Settlement |
| **Attachments:** | AIW_MichaelCasey_SummaryOfClaimAndData.pdf; ONeil Declaration.pdf |

By Email

Dear Mr. Casey:

Please forward this correspondence and the enclosed documents to your attorney, if you have retained one. I have not heard from any attorney representing you, you have not provided me with an attorney's contact information, and I assume that you continue to represent yourself.

Your deposition will commence at 10:00 a.m. tomorrow (Friday, January 17, 2014) at the previously-stated location (Gramann Reporting, 14 West Mifflin Street, Suite 311, Madison, WI 53703). To reiterate my email yesterday, the time has passed for you to attempt to reschedule the deposition. I will address your failure to produce documents at your deposition tomorrow.

I am attaching a copy of a document that the Settlement Administrator, KCC, provided to me today. I am also attaching a copy of the Declaration of an Apple employee, Tim O'Neil. I intend to introduce these documents at your deposition. They constitute further proof that you are not a class member. You have not disputed the facts indicating that you are not a class member. If you do not appear for your deposition tomorrow, I will assume that you have decided to abandon your objection.

Very Truly Yours,


Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f 312.782.4485
m 773.562.8669

www.caffertyclobes.com



PRIVILEGE AND CONFIDENTIALITY NOTICE

This electronic mail and the information contained herein are intended for the named recipient only. It may contain confidential and/or attorney privileged matter. If you have received this electronic mail in error, please do not read any text other than the text of this Notice and do not open any attachments. Also, please immediately notify the sender by replying to this electronic mail or by collect call to (312) 782-4880. After notifying the sender as described above, please delete this electronic mail message immediately and purge the item from the deleted items folder (or the equivalent) of your electronic mail system. Thank you.

**From:** Anthony Fata
**Sent:** Wednesday, January 15, 2014 5:14 PM
**To:** 'Michael Casey'
**Subject:** Apple iPhone iPod Touch Settlement

**By Email**

Dear Mr. Casey:

I write in connection with your document production and deposition, which were ordered by Judge Ryu. Please forward this correspondence and the enclosed documents to your attorney, if you have retained one. I have not heard from any attorney representing you, you have not provided me with an attorney's contact information, and I assume that you continue to represent yourself.

**You are not a Class Member**

The documents attached to this email indicate that you are not a Class member. To be a Class member, Apple had to deny warranty coverage for your iPod touch because Apple stated it was damaged by liquid. Apple and the Claims Administrator (KCC) have investigated your claim. According to the attached Apple records, Jill Casey visited the Apple store at the West Towne Mall in Madison, Wisconsin on March 31 and April 1, 2009 concerning the device bearing the same serial number as the device for which you submitted a claim. On April 1, 2009, Apple replaced that device free of charge pursuant to warranty coverage. Accordingly, warranty coverage was not denied and you are not a class member. I intend to address the enclosed documents during your deposition. While I do not anticipate any legitimate explanation for this discrepancy between your claim (that you were denied warranty coverage) and the enclosed documents (indicating that you were not denied warranty coverage), if there is one, please let me know as soon as possible. It may save us some time during your deposition.

**Please Withdraw Your Objection**

Because you are not a class member, please consider promptly filing with the Court a letter withdrawing your objection and serving me with a copy of the withdrawal letter. By way of example, another objector (Mr. Martino) learned that he was not a class member, promptly withdrew his objection, and was not required to produce documents or sit for a deposition. Likewise, if you withdraw your objection, I see no need for you to produce documents tomorrow or to appear for a deposition on Friday.

**Your Deposition and Document Production**

In the meantime, I will assume that you intend to proceed with your objection, and I therefore must proceed with discovery. You have failed to respond to my colleague's (Ms. Micheletti) email on January 13, 2014 enclosing Judge Ryu's Order or my email on January 14, 2014 informing you that I needed to schedule your document production and deposition, and that, if you wished to proceed on a different date or time than that stated in my email, to let me know no later than 5:00 p.m. today. It is now past 5:00 p.m. and you have not communicated with me or proposed a different date or time for your deposition. Because I have blocked out Thursday night to review your documents and Friday for your deposition, I had to move other professional and personal obligations, and I have scheduled the court reporter and room with Gramann Reporting for this Friday. Simply put, the date and time of your deposition can no longer be moved. **Accordingly, unless your objection is withdrawn, I will look forward to receiving your documents by 5:00 p.m. tomorrow, Thursday, January 16, 2014 and to meeting you for your deposition at 10:00 a.m. on Friday, January 17, 2014 at Gramann Reporting, 14 West Mifflin Street, Suite 311, Madison, WI 53703.**

2

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f 312.782.4485
m 773.562.8669

www.caffertyclobes.com



---

**From:** Anthony Fata
**Sent:** Tuesday, January 14, 2014 5:25 PM
**To:** 'Michael Casey'
**Subject:** Apple iPhone iPod Touch Settlement

**By Email**

Dear Mr. Casey:

If you have retained counsel, please forward this email to them.

Yesterday, my colleague Dina Micheletti, provided you with notice of Magistrate Judge Ryu's Order requiring you to appear for deposition and produce documents pursuant to the Subpoena. Ms. Micheletti also asked you to contact me regarding scheduling your deposition. It is now almost the close of business. As of this email, I have not heard from you.

Because we are obligated to comply with the Court's Order, and because I need to plan as well as to coordinate with the Court Reporter and its office, I will plan on your deposition and document production taking place as follows:

Your Deposition
Start Time: 10:00 a.m. on Friday, January 17, 2014.
Location: Gramann Reporting, Ltd., 14 W. Mifflin St. #311, Madison, Wisconsin 53703.

Your Document Production
Deadline: 5:00 p.m. on Thursday, January 16, 2014.
Please see Ms. Micheletti's January 13, 2014 email to you concerning different production options to reduce/eliminate any burden on you.

To mitigate any inconvenience for you, I selected the last possible day for your deposition that is consistent with the Court's order (besides weekend days and Monday, January 20, 2014, which is the Martin Luther King Holiday). If Friday at 10:00 a.m. does not work, and there is another date/time that works for you (including this Thursday (Jan. 16th), Friday (Jan. 17th), Saturday (Jan. 18th), Sunday (Jan.

3

19th) or Monday (Jan. 20th), please contact me at your earliest convenience. I will do my best to accommodate and schedule a Court Reporting facility for the deposition.

As you are aware, however, I do have to plan in advance because I am traveling from Chicago and have a variety of professional and personal commitments over the next several days. Also, I need to schedule with the Court Reporter. Accordingly, if I do not hear from you by 5:00 p.m. (Wednesday, January 15, 2014), I will be unable to change my schedule and will travel to Madison for your deposition on Friday, January 17, 2014.

Very Truly Yours,

Anthony F. Fata
Cafferty Clobes Meriwether & Sprengel LLP
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f 312.782.4485
m 773.562.8669

www.caffertyclobes.com



PRIVILEGE AND CONFIDENTIALITY NOTICE

This electronic mail and the information contained herein are intended for the named recipient only. It may contain confidential and/or attorney privileged matter. If you have received this electronic mail in error, please do not read any text other than the text of this Notice and do not open any attachments. Also, please immediately notify the sender by replying to this electronic mail or by collect call to (312) 782-4880. After notifying the sender as described above, please delete this electronic mail message immediately and purge the item from the deleted items folder (or the equivalent) of your electronic mail system. Thank you.

# EXHIBIT 27



# 14 W. Mifflin St.

| | |
|---|---|
| James Burgess    308 | Nicholson Law Office    314 |
| Certus Legal Group, Ltd. Tom Hoffner, Atty. 304 A | Patina Solutions    304 |
| Customers First! Coalition 310 | The Rifken Group, Ltd. 300 |
| Family Therapy Center of Madison, Inc. 210 | Schaefer Law Office 206 Camp Randall Rowing Club |
| Flow Enterprises    LL-8 | Carol Toussaint    308 |
| Dick Goldberg    307 | United Council of UW Students    212 |
| Government Policy Solutions, LLC    206 | WisPolitics Publishing, Inc. 222 |
| Gramann Reporting, Ltd. 311 Madison Videoconference, LLC | Lenzendorf Winters & Assoc. 207 |
| Law Group, S.C.  206 | WLS, inc.    207 |
| Copy Printing | |

# EXHIBIT 28

1          UNITED STATES DISTRICT COURT

2         NORTHERN DISTRICT OF CALIFORNIA

3    ------------------------------------------------

     IN RE APPLE IPHONE/IPOD
4    WARRANTY LITIGATION,

5

     This Document Relates To:
6                                  Case No. CV-10-01610

     All Actions
7    ------------------------------------------------

8

9

10

11

12

13

14        Scheduled Deposition of MICHAEL A. CASEY

15          Friday, January 17th, 2014

16

17                10:40 a.m.

                     at
18

          MADISON VIDEOCONFERENCE
19          14 West Mifflin Street
             Madison, Wisconsin
20

21             ORIGINAL

22

23

24     Reported by Sandra K. Nelson, RPR

25

```
 1                    Scheduled Deposition of MICHAEL A.

 2        CASEY, a witness in the above-entitled action,

 3        was to be taken at the instance of the

 4        Plaintiffs, pursuant to the Federal Rules of

 5        Civil Procedure, pursuant to Subpoena/Notice,

 6        before Sandra K. Nelson, RPR and Notary Public,

 7        State of Wisconsin, at MADISON VIDEOCONFERENCE,

 8        14 West Mifflin Street, Suite 311, Madison,

 9        Wisconsin, 53703, on the 17th day of January, 2014

10        commencing at 10:40 a.m. and concluding at

11        12:07 p.m.

12

13    A P P E A R A N C E S:

14

                     CAFFERTY CLOBES, by
15                   Mr. Anthony F. Fata
                     30 North LaSalle, Suite 3200
16                   Chicago, Illinois 60602
                     Appeared on behalf of Plaintiffs.
17

18

19

20

21

22

23

24

25
```

```
 1                    E X H I B I T S

 2
     EXHIBIT NO.                          PAGE IDENTIFIED
 3
     No. 1   Class notice                          5
 4   No. 2   Claim form instructions              5
     No. 3   Casey claim information              6
 5   No. 4   Mr. Casey's objection and envelope   6
     No. 5   Subpoena for Mr. Casey, etc.         6
 6   No. 6   Proof of service of the subpoena     7
     No. 7   12/20/13 email from Atty. Fata to Mr. 7
 7           Casey
     No. 8   12/24/13 email from Atty. Fata to Mr. 7
 8           Casey
     No. 9   12/26/13 email from Atty. Fata to Mr. 7
 9           Casey
     No. 10  12/30/13 email from Atty. Fata to Mr. 8
10           Casey
     No. 11  12/31/13 email to Atty. Fata from Mr. 8
11           Casey
     No. 12  1/2/14 email from Atty. Fata to Mr.   8
12           Casey
     No. 13  1/2/14 Notice of Deposition, etc.     9
13   No. 14  Certified mail receipt for Notice of  9
             Deposition
14   No. 15  1/6/14 email from Atty. Fata to Mr.   9
             Casey
15   No. 16  1/8/14 email from Atty. Micheletti to 10
             Mr. Casey
16   No. 17  1/7/14 order for hearing on motion to 10
             compel
17   No. 18  1/8/14 proof of service, etc.        10
     No. 19  Court's order on joint discovery     11
18           letters
     No. 20  1/13/14 letter from Ms. Micheletti to 11
19           Mr. Casey
     No. 21  Mr. Casey's letter, Docket entry 129 11
20   No. 22  1/14/14 email from Atty. Fata to Mr. 12
             Casey
21   No. 23  1/15/14 email from Atty. Fata to Mr. 12
             Casey
22   No. 24  1/15/14, 12:57 p.m. email from Atty. 12
             Fata to Mr. Casey
23   No. 25  Declaration of Tim O'Neil, etc.      13
     No. 26  1/16/14, 5:22 p.m. email from Atty.  13
24           Fata to Mr. Casey

25
```



```
 1              TRANSCRIPT OF PROCEEDINGS
 2              MR. FATA:  Good morning.  My name is
 3     Anthony Fata.  I am one of the class counsel in
 4     the Apple iPhone/iPod Touch litigation, as well
 5     as the court-appointed state plaintiffs' liaison
 6     counsel.
 7                   The time is now 10:40.  I'm here
 8     pursuant to a subpoena issued pursuant to a Rule
 9     45, as well as a deposition notice pursuant to
10     Rule 30, as well as the Court's order compelling
11     Mr. Michael Casey, an objector to the class
12     action settlement, to appear for deposition.
13                   I corresponded or sent emails to
14     Mr. Casey, as did my co-counsel, repeatedly this
15     week trying to schedule the deposition and
16     advising him that we would plan on Friday,
17     ten a.m., if we didn't hear from him, but to let
18     us know if there was a different date or time
19     that worked better for him.
20                   We did not hear from him, and to
21     be sure, I drove up from Chicago this morning to
22     see if Mr. Casey would appear, since we had not
23     heard from him either stating that he would not
24     appear or confirming that he would appear or
25     asking for a different date.
```

1          I waited in the front foyer of

2     this building for 30 minutes, from approximately

3     ten to 10:30, and nobody looking for an office or

4     suite showed up.  So in the event Mr. Casey shows

5     up, we're going to pre-mark exhibits that I will

6     introduce at his deposition to save time in the

7     event that he shows up.

8               The first exhibit that I am

9     handing to the court reporter is the detailed

10    class notice, which I printed from the settlement

11    website in this case, and we will mark this

12    Exhibit 1.

13               (Exhibit 1 was marked for

14    identification.)

15               The next document I'm handing the

16    court reporter is the detailed class notice,

17    which I've also printed from the settlement

18    website -- my apologies, it's the claim form

19    instructions, which I printed from the settlement

20    website, and we'll mark this Exhibit 2.

21               (Exhibit 2 was marked for

22    identification.)

23               The next exhibit that I'm handing

24    Sandy is the Casey claim information that we

25    received from KCC, the settlement administrator

1          in this case, and we'll mark this Exhibit 3.

2                    (Exhibit 3 was marked for

3          identification.)

4                    The next exhibit that we are marking is

5          Mr. Casey's objection and envelope which were

6          printed from the ECF file in this case, Document

7          No. 112.  This document bears a file stamp of

8          December 11, 2013.

9                    And while the beginning of it

10         states that Mr. Casey has attached a copy of his

11         claim form to this, there is no claim form

12         attached in the court file, and we will mark this

13         Exhibit 4.  Thank you.

14                   (Exhibit 4 was marked for

15         identification.)

16                   The next exhibit is the subpoena

17         that we issued upon Mr. Casey in this case on

18         December 17th, 2013.  It also has attached to it

19         as Attachment A a document rider, and we will

20         mark this Exhibit 5, please.  Thank you.

21                   (Exhibit 5 was marked for

22         identification.)

23                   The next document we'll mark as an

24         exhibit is the proof of service of the subpoena

25         on Mr. Casey, signed by a process server named

1    Mr. Josh Curry, C-U-R-R-Y, and it has the service

2    date of 12/18/2013.  And we'll mark this Exhibit

3    6, please.  Thank you.

4              (Exhibit 6 was marked for

5    identification.)

6                   Next I am handing Sandy a copy of

7    my December 20, 2013 email to Mr. Casey at the

8    email address provided on his objection,

9    michael@mickeycasey.com.  And this email, as I

10   mentioned, was dated December 20, 2013, with a

11   time of 5:13 p.m.  And we will mark this Exhibit

12   7.  Thank you.

13             (Exhibit 7 was marked for

14   identification.)

15                  Next, I'm handing Sandy a December

16   24, 2013 1:01 p.m. email from me to Mr. Casey,

17   and we can mark this Exhibit 8.  Thank you.

18             (Exhibit 8 was marked for

19   identification.)

20                  Next I am handing Sandy a copy of

21   my December 26, 2013, 3:52 p.m. email to

22   Mr. Casey, and we can mark this Exhibit 9.  Thank

23   you.

24             (Exhibit 9 was marked for

25   identification.)

1          Next, I am handing Sandy a copy of

2     my December 30, 2013, 8:31 p.m. email to

3     Mr. Casey, and please mark this as Exhibit 10.

4     Thank you.

5          (Exhibit 10 was marked for

6     identification.)

7          Next, I'm handing Sandy a copy of

8     Mr. Casey's December 31, 2013, 11:18 a.m. email

9     to me.  And please mark this Exhibit 11.  Thank

10    you.

11         (Exhibit 11 was marked for

12    identification.)

13         Next, I'm handing a copy of my

14    January 2, 2014, 11:22 a.m. email to Mr. Casey.

15    Please mark this Exhibit 12.  Thank you.

16         (Exhibit 12 was marked for

17    identification.)

18         Next, I'm handing Sandy a Notice

19    of Deposition dated January 2nd, 2014 with the

20    certificate of service for January 3rd, 2014,

21    together with the attached subpoena previously

22    served on Mr. Casey, as well as the document

23    rider attached to that subpoena, and we will mark

24    this, please, Exhibit 13.  Thank you.

25         (Exhibit 13 was marked for

1    identification.)

2            Next, I'm handing Sandy a copy of

3    a certified mail receipt for the Notice of

4    Deposition that had the subpoena and affidavit --

5    I'm sorry -- the subpoena and document rider

6    attached to it.  The certified mail receipt was

7    signed by a Jill Casey.

8            Please mark this Exhibit 14.  I

9    should mention it appears this certified mail

10   receipt was signed by Jill Casey on January 6th,

11   2014.

12           (Exhibit 14 was marked for

13   identification.)

14           I'm handing Sandy a copy of my

15   January 6, 2014, nine p.m. email to Mr. Casey.

16   Please mark this Exhibit 15.

17           (Exhibit 15 was marked for

18   identification.)

19           I'm handing Sandy a copy of my

20   co-counsel, Dine E. Micheletti, an email from her

21   to Mr. Casey, dated January 8, 2014, 12:11 a.m.

22   Please mark this Exhibit 16.  And Exhibit 16

23   contains only the email, not the motion to compel

24   that was attached to the email marked Exhibit 16.

25           (Exhibit 16 was marked for

1          identification.)

2                    Next, Sandy, is a January 8, 2014,

3          order from the Court setting the hearing on the

4          motion to compel Mr. Casey to produce documents

5          and appear for deposition, and -- I'm sorry --

6          that order is dated January 7, 2014.  Please mark

7          that Exhibit 17.  Thank you.

8                    (Exhibit 17 was marked for

9          identification.)

10                    Next, I have a January 8, 2014

11          proof of service with respect to the notice of

12          order -- notice and order setting hearing on

13          discovery letter, Document 124, discovery letter

14          brief for a Casey subpoena, Document No. 123,

15          notice of reference order denying motion to quash

16          without prejudice, order regarding discovery

17          procedures, Document No. 116, and proof of

18          service.

19                    This proof of service indicates

20          that the forgoing were served on Mr. Casey by

21          express mail, and this document was executed

22          January 8, 2014.  This proof of service is

23          Document 125.  Please mark this Exhibit 18.

24                    (Exhibit 18 was marked for

25          identification.)

1           I am handing Sandy the Court's

2    order on the joint discovery letters, docket

3    entry 126, dated January 13, 2014.  Please mark

4    this Exhibit 19.

5           (Exhibit 19 was marked for

6    identification.)

7           Next, I have a January 13, 2014,

8    8:18 p.m. letter from Dina Micheletti to

9    Mr. Casey regarding Judge Ryu's order granting

10   plaintiffs' motion to compel with respect to

11   Mr. Casey.  Please mark this Exhibit 20.

12          (Exhibit 20 was marked for

13   identification.)

14          Next, I have Mr. Casey's letter,

15   docket entry 129, concerning the discovery

16   dispute.  Please mark this Exhibit 21.

17          (Exhibit 21 was marked for

18   identification.)

19          I'm handing Sandy a copy of my

20   January 14, 2014, 5:25 p.m. email to Mr. Casey.

21   Please mark this document Exhibit 22.

22          (Exhibit 22 was marked for

23   identification.)

24          Next I have my January 15, 2014,

25   5:14 p.m. email to Mr. Casey.  It attaches

1    Apple's service records regarding his or Jill

2    Casey's visit to the Apple stores in 2009, as

3    well as an Apple receipt.  The email attached to

4    these documents.  This exhibit does not have the

5    attachments.  We have them later in the exhibits.

6              But please mark the email without

7    the attachments as Exhibit 23.

8              (Exhibit 23 was marked for

9    identification.)

10             Next, I have my January 15,

11   12:57 p.m. email to Mr. Casey.  Please mark this

12   Exhibit 24.

13             (Exhibit 24 was marked for

14   identification.)

15             Next, I have a declaration of Tim

16   O'Neil -- that's O-N-E-I-L -- in support of

17   Apples's response to objections to proposed

18   settlement.

19             The declaration states it was

20   executed on January 14, 2013.  I believe that may

21   be a typo, and it should say January 14, 2014,

22   at -- Sunnyvale, California.  And it attaches as

23   Exhibit A Apples's service records with respect

24   to Jill Casey and an iPod Touch with personal

25   information concerning store employees and Jill

1        Casey's phone and email information redacted.

2        Again, that's attached as Exhibit B to this --

3        I'm sorry, Exhibit A to this document.

4                    And attached as Exhibit D to this

5        document is a receipt -- duplicate receipt

6        showing, or purporting to show that there was no

7        charge for the replacement iPod Touch device, and

8        declaration, together with Exhibits A and B.

9        Let's mark that as Exhibit 25.

10                   (Exhibit 25 was marked for

11       identification.)

12                   And I have my January 16, 2014,

13       5:22 p.m. email to Mr. Casey.  We'll mark that

14       Exhibit 26.

15                   (Exhibit 26 was marked for

16       identification.)

17                   The time is now 10:59 a.m., and we

18       will wait here a while longer, but why don't we

19       take a break and go back on the record in an

20       hour -- at 12 -- and see if Mr. Casey shows up in

21       the meantime; and if not, I'm afraid we're going

22       to have to adjourn.

23                   (A recess was taken from 11 a.m. to

24       12:07 p.m.)

25                   MR. FATA:  We're back on the record.

1    The time is now 12:07 p.m.  We're going to

2    adjourn this deposition.

3                   Mr. Casey has not contacted me to

4    reschedule, he's not emailed me, and we have not

5    received any indication that he plans on showing

6    up today, despite our repeated request that he do

7    so over this week.

8                   And so at this time we will

9    adjourn the deposition and reserve our right to

10   any relief to which we are entitled.

11                  (Deposition concluded at 12:07 p.m.)

12                  (Original exhibits attached to original

13   transcript.  Copy of exhibits attached to copy of

14   transcript.)

15

16

17

18

19

20

21

22

23

24

25

```
 1    STATE OF WISCONSIN )
                        ) SS:
 2    MILWAUKEE COUNTY   )

 3              I, Sandra K. Nelson, RPR and Notary

 4    Public in and for the State of Wisconsin, do

 5    hereby certify that the preceding scheduled

 6    deposition was recorded by me and reduced to

 7    writing under my personal direction.

 8              I further certify that said scheduled

 9    deposition was to be taken at MADISON

10    VIDEOCONFERENCE, 14 West Mifflin Street, Suite

11    311, Madison, Wisconsin 53703, on the 17th day of

12    January, 2014 commencing at 10:40 a.m.

13              I further certify that I am not a

14    relative or employee or attorney or counsel of

15    any of the parties, or a relative or employee of

16    such attorney or counsel, or financially

17    interested, directly or indirectly, in this

18    action.

19              In witness whereof, I have hereunto set

20    my hand and affixed my seal of office on this

21    22nd day of January, 2014.

22

23                         _____

24                         SANDRA K. NELSON, RPR
                           Notary Public
25    My commission expires December 28, 2014.
```



# EXHIBIT 29

1   Darrell Palmer (SBN 125147)
    Email: darrell.palmer@palmerlegalteam.com
2   Janine R. Menhennet (SBN 163501)
    Email: Janine@palmerlegalteam.com
3   Law Offices of Darrell Palmer
    603 North Highway 101, Ste A
4   Solana Beach, California 92075
    Telephone: (858) 792-5600
5   Facsimile: (866) 583-8115

6   Attorney for Objectors James Vallee, James Rudolph
    Lorena Rudolph, Estella Reyes, Melody Varela
7   And Michael Casey

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF LOS ANGELES

10  BENJAMIN FOGEL, on behalf of himself and the )   Case No. BC 300142
11  Class,                                        )
                                                  )
12          Plaintiffs,                           )   OBJECTION OF JAMES VALLEE, JAMES
                                                  )   RUDOLPH, LORENA RUDOLPH, ESTELLA
13  v.                                            )   REYES, MELODY VARELA AND MICHAEL
                                                  )   CASEY TO PROPOSED SETTLEMENT AND
14  FARMERS GROUP, INC.; FIRE                     )   NOTICE OF INTENT TO APPEAR
15  UNDERWRITERS ASSOCIATION; TRUCK              )
16  UNDERWRITERS ASSOCIATION; ZURICH            )
    FINANCIAL SERVICES; and DOES 2 through        )   Date: September 7, 2011
17  100,                                          )   Time: 9:00 a.m.
                                                  )   Dept: CCW 307
18          Defendants.                           )

19

20          COME NOW, class members JAMES VALLEE, JAMES RUDOLPH, LORENA RUDOLPH,

21  ESTELLA REYES, MELODY VARELA AND MICHAEL CASEY (hereinafter known as "VALLEE

22  OBJECTORS"), by and through their undersigned counsel, and hereby file these Objections to the

23  Proposed Class Action Settlement, and give notice of their counsel's intent to appear at the September 7,

24  2011 hearing.  Objectors are members of this class and, upon request by Court or counsel in this action

25  his attorney will provide their current addresses, account numbers, and telephone numbers. Their

26  counsel of record submits this objection on their behalf.   All communications and actions taken with

27  respect to this objection should be directed to their attorney of record.

28          Objectors submit the following in support of their objection:

                                              1

1  factor in calculating the lodestar. While trial courts retain discretion to make an upward adjustment in a

2  fee award, the Supreme Court has counseled them to consider the degree to which the relevant market

3  — and, therefore, the lodestar — already compensates for contingency risk and extraordinary skill.

4  *Ketchum v. Moses*, 24 Cal. 4th 1122 (2001.)

5        No upward enhancement should be utilized in this instance given the results of the case, the

6  already high hourly rate that was used to calculate the lodestar, problems described above, and the

7  reversion of funds to Defendants. The Court must consider these factors when determining whether

8  class counsel is entitled to a 4.15 multiplier. These Objectors contend that it is excessive and should be

9  reduced to a more reasonable multiplier, if any.

### V. THE NUMBER OF OBJECTORS IS LARGE, AND SHOULD ALERT THE COURT TO GIVE HEIGHTENED SCRUTINY TO THE SETTLEMENT

12        Class Counsel admits that at least 126 class members have "voiced" objections to the settlement.

13  While this may be a small percentage of the large class here (12 million), this is not a small number.

14  The Court should consider the fact that 126 people took the time to tell the Court why they believe the

15  settlement is not fair or reasonable, and reweigh its consideration in view of its fiduciary duty to the

16  class.

17        The suggestions included in this objection, regarding doubling the payout, and ensuring that the

18  reverted funds benefit the class, would not "undo" the settlement, but would increase its fairness to the

19  class as a whole.

### VI. JOINDER IN OTHER OBJECTIONS

21  These Objectors adopt and join in all other well-taken, bona fide objections filed by other Class

22  Members in this case, and incorporate them by reference as if they appeared in full herein.

### VII. CONCLUSION

24  For these reasons, Objectors urge the Court to sustain their objections and modify the settlement.

25  WHEREFORE, these Objectors respectfully request that this Court:

26  A.        Upon proper hearing, sustain these Objections;

27

28

OBJECTION OF JAMES VALLEE, JAMES RUDOLPH, LORENA RUDOLPH, ESTELLA REYES, MELODY VARELA
RECEIVED TIME  AUG. 18.   4:00PM  SED SETTLEMENT AND NOTICE OF INTENT TO APPEAR

# EXHIBIT 30

1  PENELOPE A. PREOVOLOS (CA SBN 87607)
   (PPreovolos@mofo.com)
2  GEORGE C. HARRIS (CA SBN 111074)
   (GHarris@mofo.com)
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone:  415.268.7000
5  Facsimile:  415.268.7522

6  *Attorneys for Defendant*
   APPLE INC.

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12 | Case No. CV 10-01610-RS |
| 13  IN RE APPLE IPHONE/IPOD WARRANTY LITIGATION | **DECLARATION OF TIM O'NEIL IN SUPPORT OF APPLE'S RESPONSE TO OBJECTIONS TO PROPOSED SETTLEMENT** |
| 14 | |
| 15 | Date:      January 29, 2014 |
| 16 | Time:      1:30 p.m. |
| | Place:     Courtroom 3 |
| 17 | The Honorable Richard Seeborg |
| 18 | |

19

20      I, Tim O'Neil, declare and state:

21      1.    I am employed by Apple Inc. as a Legal Specialist.  I have personal knowledge of all

22  the matters set forth below and, if called upon to do so, I could and would competently testify

23  thereto.

24      2.    I reviewed Apple service records for Michael Casey, who has filed a claim

25  asserting denial of warranty service or replacement for an iPod touch, serial number

26  9C822T4U14N, in March 2009.  Apple's records show that Jill M. Casey sought service for

27  an iPod touch, serial number 9C822T4U14N, on April 1, 2009, at an Apple retail store in

28  Madison, Wisconsin.  A true and correct copy of that service record (with confidential

                                           1

1   information redacted) is attached to this declaration as Exhibit A.  The notes on that record

2   state that "customer also came in for appointment yesterday," and "Proposed Resolution:

3   replace iPod."  The record shows "Limited Warranty" coverage, "Service Type:  Swap

4   Repair," and "Final Resolution:  Repair/Service Complete."  A receipt dated April 1, 2009,

5   associated with the service record shows that a new iPod touch was provided for no charge.

6   A true and correct copy of that receipt is attached to this declaration as Exhibit B.  Apple

7   records thus establish that Mr. Casey's iPod touch, serial number 9C822T4U14N, was

8   replaced at no charge based on warranty coverage.

9         I declare under penalty of perjury under the laws of the United States that the

10  foregoing is true and correct.

11        Executed on January 14, 2013, at Sunnyvale, California.

13                                            _____
                                                Tim O'Neil

25  sf-3372768

2

# Exhibit A

New Window | Customize Page

| Information | Repair Statuses |

| | Service ID | Status | Type | Customer | Contact | Case |
|---|---|---|---|---|---|---|
| | R22200591 | Closed | Swap Repair | JILL M CASEY | | 121414056 |

**Store Details**

| | Store Name: | Apple Store West Towne |
|---|---|---|

**Retail**

| Serial Number: | 9C822T4U14N | | | Link Customer |
|---|---|---|---|---|
| Service Type: | Swap Repair | Service Status: | Closed | |
| POS #: | R2292027744 | Procare Number | | |
| Quote Number: | 0206472198 | Repair Comment: | | |
| Case ID: | 121414056 | | | |

**Customer Information**

| Customer: | CASEY JILL M | | Contact: | |
|---|---|---|---|---|
| Contact Phone: | | Alternate Phone: | Email: | |

**Product**

| Config Code: | 14N | Model Number: | MA623LL/B | Purchase Date: | 09/11/2008 |
|---|---|---|---|---|---|
| Affected Product: | IPOD TOUCH W JAN SW UPG 8GB | | | Eligible Product: | IPOD TOUCH |
| Reason For Service: | Other | | | Final Resolution: | Repair/Service Complete |
| Component: | | | Display | Issue: | Horizontal/Vertical Lines |
| CompTIA Code: | E46 | Product used with: Mac ○ | PC ○ | CompTIA Modifier: | A. Not Applicable |

**Coverage**

| Coverage: | Limited Warranty |
|---|---|
| Coverage Code: | LI |
| SAP Coverage Code: | LI |
| Agreement Code: | |
| Agreement #: | |
| Agreement Template ID: | |

**Override**

| Override Warranty | Generate CS Code |
|---|---|
| Override Reason: | |

View Summary of Notes

**Note Details**                                    Find | View 1    First ◄ 1-3 of 3 ► Last

| Note Code | |
|---|---|
| Summary | Work Authorization Notes 2009-04-01 13:02:23 CST |
| Problem Description | Did check-current cable / multi-meter test pass: No |
| | Was dent inspection tool used to check all cosmetic/physical damage: Yes |
| | Issue: in the middle of a restore customer had distorted video and it switched to vertical lines |
| Note Type | Retail Service                                    Peer Feedback |

| Note Code | |
|---|---|
| Summary | Genius Room Notes 2009-04-01 13:02:23 CST |
| Problem Description | Steps to Reproduce: verified at bar, customer also came in for appointment yesterday |
| | Proposed Resolution: replace iPod |

████████████████████████████████████

| | | Peer Feedback |
|---|---|---|
| **Note Type** | Retail Service | |
| **Date Created:** | 04/01/09 11:02AM PDT | **By:** ████████████ |
| **Date Modified:** | 04/01/09 11:02AM PDT | **By:** ████████████ |

**Note Code**

**Summary**          Trigger Notes 2009-04-01 13:02:23 CST

**Problem Description**   CONFIGURATION
iPod Touch SW Version (Before Troubleshooting): 2.2.1
Platform: Windows
Windows Version: Windows XP

PROBING & TROUBLESHOOTING
Ran Behavior Scan: Customer Declined

| | | Peer Feedback |
|---|---|---|
| **Note Type** | Retail Service | |
| **Date Created:** | 04/01/09 11:02AM PDT | **By:** ████████████ |
| **Date Modified:** | 04/01/09 11:02AM PDT | **By:** ████████████ |

---

**Parts Used Summary**                         Customize | Find |     First ◄ 1 of 1 ► Last

[ Estimated Parts ] [ Details ] [ 📧 ]

| Part Number | Description | Warranty Status | Print Label |
|---|---|---|---|
| 661-4691 | iPod touch (January 2008 Software Upgrade), 8GB-US/CAN | Limited Warranty | 🖨️ |

[ **Add Parts Details** ]

[ Check Coverage ]   [ On - Hand Stock Availability ]

---

**Billing Information**

**Quote Number:**      0206472198  ⊗

   **Total Amount:**       0.00

[ Print Final RepairConfirmation ]

████████████████

**Language Code**      English

---

▷ SAP Information

| **Date Created:** | 04/01/09 11:02AM PDT | **By:** ██████ |
|---|---|---|
| **Date Modified:** | 04/01/09  3:59PM PDT | **By:** ████ |

[ Save ]

Information | Repair Statuses

# Exhibit
# B

## DUPLICATE RECEIPT

Date      April 01, 2009 01:11 PM

Apple Store, West Towne

18 West Towne Mall
Madison, WI 53719
westtowne@apple.com
608.827.9840

www.apple.com/retail/westtowne

Receipt ID

||||||||||||||||||||||||||||||||||||||||

\* R 2 2 9 2 0 2 7 7 4 4 \*

Repair ID      R22200591

| Product Description | Return Date | Support Contact | Qty | Unit Price | Total |
|---|---|---|---|---|---|
| IPOD TOUCH(EARLY 2008),8GB - Part Number 661-4691 | No Returns | APPLECARE SUPPORT 1-800-APL-CARE | 1 | $ 0.00 | $ 0.00 |

| | |
|---|---|
| sub-total | $ 0.00 |
| | $ 0.00 |

| | |
|---|---|
| Total Tender | $ 0.00 |
| Change Due | $ 0.00 |

http://www.apple.com/legal/sales_policies/retail.html
**Tell us about your experience at the Apple Store.**
Visit www.apple.com/feedback/retail.html

Page#1 of 1

# EXHIBIT 31

## Filters and reporting   Inbox > Options > Filters and reporting

### Choose a junk email filter

Select the filter level you want to apply to incoming messages.

Standard - Most junk email is sent to the junk email folder.

Exclusive - Everything is sent to the junk email folder except messages from your contacts and safe senders, Outlook service announcements, and alerts that you signed up for.

**Note:** You should occasionally check your junk email folder to make sure that good messages don't get put there by mistake.

### Delete junk email

Junk email is automatically moved into the junk email folder, where it is deleted after ten days.

### Report junk messages

Choose whether you'd like to report messages to Microsoft and the companies who help us fight junk email.

Report junk - Help us keep junk out of everyone's inboxes when you use the Junk button.

Don't report - The Junk button will act just like the Delete button. Nothing will be reported to Microsoft or anyone else.

### Block content from unknown senders

Outlook always blocks content from suspicious-looking senders, but you can control what we do for senders that have good reputations but who you haven't marked as safe.

Show attachments, pictures, and links for senders with good reputations

Block attachments, pictures, and links for anyone not in my safe senders list

Save    Cancel