IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE/IPOD WARRANTY LITIGATION _____ / | No. C 10-1610 RS<br><br>**FURTHER ORDER RE DISPOSITION OF FUNDS FROM UNCASHED CHECKS** |

Pursuant to an order entered on June 25, 2015, the parties have submitted a "Joint Status Statement" regarding the disposition of proceeds from uncashed settlement checks as discussed in that order. Apple reports, as supported by a declaration of the claims administrator, that no legal or practical barriers exist to preclude turning over the funds to the authorities in the relevant states in "custodial escheat," consistent with the intent expressed in the June 25th order. While plaintiffs' co-lead counsel do not challenge any of Apple's factual assertions, they argue that the Court lacks legal discretion to order disposition of the funds in such a manner.

As an initial matter, plaintiffs' argument is effectively a request for reconsideration of the June 25th order, which has not been presented in the manner required by the local rules.

1  Additionally, although plaintiffs disagree with the conclusions of the June 25th order, they have not
2  offered any grounds that generally would support reconsideration in any event.
3       More fundamentally, plaintiffs' arguments appear to be based on a misunderstanding of the
4  nature of so-called "custodial escheat." As the Ninth Circuit has explained in connection with
5  California's unclaimed property law, custodial escheat is not the same as "permanent escheat." *See*,
6  *Taylor v. Westly* (*Taylor I*), 402 F.3d 924, 930 (9th Cir. 2005). In a statutory custodial escheat
7  system, the state holds the property in trust for the private owners, even when monies are deposited
8  into the state's general fund. *Id.* at 931.[1]
9       Accordingly, while the June 25th order does address a situation not expressly contemplated
10 by the parties' settlement agreement, it does not represent a "modification" of the parties' agreement
11 to "add an escheatment provision." Custodial escheat systems are provisions of general law that
12 govern the holding of funds for their rightful owners. The parties' settlement agreement here
13 provided for a mechanism to identify class members and the amount to which each was entitled
14 even without the necessity of class members submitting claims, in many instances. Checks were
15 then issued, at which time the funds can be deemed effectively to have become the property of those
16 persons. The June 25th order does not materially alter the parties' agreement. The settlement fund
17 has still been apportioned among the plaintiff class as envisioned by the parties—the order merely
18 directs that the property of class members that remains in the administrator's hands be handled
19 pursuant to existing provisions of state law.
20      The decision of the Texas Supreme Court in *Highland Homes Ltd. v. State*, 448 S.W.3d 403,
21 (Tex. 2013) does not compel a different analysis or result. There the issue was whether parties
22 could validly agree that checks that went uncashed for ninety days were void, with the funds then
23 going to a designated *cy pres* recipient, rather than to the state's unclaimed property fund. In light
24 of the fact that the class representatives had the authority to control disposition of the settlement
25 funds and bind the class, the court reasoned that the monies could not be considered "unclaimed,"
26 and upheld the agreement. *See* 448 S.W.3d at 411 ("The absent members agreed to the 90–day

---

[1] While the parties have not briefed the details of the unclaimed property statutes in all the affected states, Apple's report supports a conclusion that none of the relevant states lack a custodial escheat system or would otherwise treat the funds as permanently escheated or unavailable to be claimed by the class members to whom the checks were issued.

United States District Court
For the Northern District of California

1  limitation on taking property they claimed, just as the class representatives individually did, and are
2  as fully bound.")  In other words, in *Highland Homes*, the settlement agreement expressly provided
3  that class members would forfeit any ownership in the settlement funds if they failed to negotiate
4  their settlement checks within 90 days, and therefore the funds from the uncashed checks were not
5  the named payees' property, subject to the unclaimed property statutes.

6  Here, in contrast, the settlement agreement explicitly provides that if checks go uncashed
7  after 30 and 90 days, the settlement administrator is required to "take appropriate follow-up steps."
8  This direction, which the administrator has followed to date (with some success) by making a
9  number of additional efforts to ensure the checks get cashed, is consistent with the notion that the
10 checks continue to represent property of the persons to whom they were issued.  The June 25th
11 order does not add to or alter the provisions of the settlement; it merely provides the administrator
12 guidance that it may fulfill its duty to "take appropriate follow-up steps" by complying with state
13 law governing unclaimed property. The June 25th order further explained why the other proposals
14 for disposition of the funds would actually be less consistent with the language and intent of the
15 agreement, and not as equitable.

16 Finally, plaintiffs point to criticisms that have been raised as to the efficacy of state
17 unclaimed property systems in restoring property to its rightful owners, and to charges that states
18 have used funds in custodial escheat for other purposes.  The Court is familiar with these concerns.
19 *See*, *Suever v. Connell* (*Suever I*), 439 F.3d 1142, 1148 (9th Cir. 2006); *Suever v. Connell* (*Suever
20 II*), 579 F.3d 1047 (9th Cir. 2009); *Suever v. Connell* (*Suever III*), 484 Fed.Appx. 187 (9th Cir.
21 2012).  While California's legislature has addressed these issues, *see Taylor v. Westly* (*Taylor III* ),
22 525 F.3d 1288, 1289 (9th Cir. 2008), it may be that not all other relevant states have.  Nevertheless,
23 there is nothing to suggest that class members in any of the states involved in this action will lose
24 the right to claim and obtain their funds from the settlement at any time.  Accordingly, even if
25 plaintiffs had sought leave to file a motion for reconsideration, and could have shown that the
26 prerequisites for reconsideration exist, any such reconsideration would have resulted in reaffirming
27 the conclusions of the June 25th order.  The settlement administrator is authorized to proceed as
28 previously directed.

IT IS SO ORDERED.

Dated: August 28, 2015

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE